**IN UNITED STATES COURT OF FEDERAL CLAIMS**

04-1403C

Judge Robert H. Hodges, Jr.

REGATTA BAY LIMITED

vs.

UNITED STATES OF AMERICA

## MOTION FOR LEAVE OF COURT TO AMEND PLEADING

COMES NOW Regatta Bay Limited ("Regatta Bay" or "Regatta"), by and through its counsel, John Peter Lee, Ltd. and files this Motion for Leave of Court to Amend Pleading. This Motion is made and based upon the following Points and Authorities, all pleadings and papers on file herein and oral argument to be presented at the time of hearing, if permitted.

Regatta Bay requests the Court to enter an order permitting Regatta Bay leave of Court to amend its pleadings by the Second Amended Complaint being filed herein.

## POINTS AND AUTHORITIES

### Statement of Facts

Regatta Bay filed its Complaint in the United States District Court, District of Nevada on August 21, 2003. Regatta Bay filed its Amended Complaint on August 22, 2003. Regatta Bay is filing approximately contemporaneously herewith the Second Amended Complaint pursuant to RCFC 3.1(a)(2), setting forth Regatta Bay's claims transferred by the district court.

Defendant United States of America filed the Federal Defendants' Motion to Dismiss

Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) or for Summary Judgment Pursuant to Rule 56(b) Federal Rules of Civil Procedure on December 22, 2003 in the district court. One of the main arguments of the United States was that the allegations of the Amended Complaint rest upon the breach of a Regulatory Agreement between the predecessor-in-interest of Regatta Bay and the United States Department of Housing and Urban Development ("HUD"), executed on September 1, 1979.

Following briefing by the parties as to the United States' motion to dismiss as well as Regatta's Motion to Transfer Case or, Alternatively, to Allow Leave to Be Sought to Amend Pleadings in Fed.R.Civ.P. 56(f) Motion for Continuance to Permit Discovery to Be Obtained, filed March 5, 2004, and following the hearing held in the district court on April 26, 2004, the district court transferred the case to this Court. In transferring the case, the district court stated:

> **THIS MATTER COMES** before the Court on the Federal Defendant's Motion to Dismiss Complaint Pursuant to Rules 12(b)(1) and 12(b)(5) or for Summary Judgment Pursuant to Rule 56(b), Federal Rules of Civil Procedure, filed December 22, 2003, and Plaintiff's Opposition thereto filed March 5, 2004, oral argument heard by the Court on April 26, 2004, and pursuant to 28 U.S.C. § 1631, the Court finds the instant cause of action to involve a claim on an express or implied contract with the United States for more than $10,000, the parties so agreeing, and good cause appearing,
>
> **IT IS HEREBY ORDERED** that the instant cause of action is transferred to the United States Court of Federal Claims for further proceedings.
>
> IT IS SO ORDERED:

(Emphasis added.) This Court Clerk's Office served notice on September 3, 2004 of the transfer of record of the district court to this court.

Regatta Bay and the United States agree that the underlying claims of this dispute relate to the Regulatory Agreement. Briefing before the district court including the citation of numerous legal authorities in support of both parties' position that this Court has jurisdiction over the underlying

contract dispute and related claims, including tortious breach of contract claims and takings claims.

Pursuant to RCFC 5.3(a)(2), Regatta Bay is filing copies of the Second Amended Complaint herein. Regatta seeks leave of Court under RCFC 15(a) to amend its pleadings through the filing of the Second Amended Complaint.

**Statement of the Law**

The Second Amended Complaint sets forth the nature of the underlying claims which caused the district court to transfer this case. The parties have agreed that the underlying claims sound in contract and that Regatta's tortious breach of contract claims relate to the same underlying contract or contracts.

RCFC 15(a) states:

> **Rule 15. Amended an Supplemental Pleadings.**
> **(a) Amendments.** A party may amend the party's pleading once as a matter or course at any time before a responsive pleading si served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it si served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(Emphasis added.) Regatta Bay was unable to determine which counsel would represent the United States upon transfer and so was unable to obtain the consent of the United States.

Regatta Bay respectfully submits that justice requires such amendment of the pleadings to

establish this Court's jurisdiction and that the amendment will not result in any unfair prejudice to any party. Further, this Motion is not interposed for undue delay or for any improper purpose.

## CONCLUSION

Regatta Bay requests the Court to enter an order permitting Regatta Bay leave of Court to amend its pleadings by the Second Amended Complaint being filed herein.

DATED this 30th day of September, 2004.

JOHN PETER LEE, LTD.

/s/ Paul C. Ray, Esq.

PAUL C. RAY, ESQ.
Nevada Bar No. 4365
830 Las Vegas Boulevard South
Las Vegas, NV 89101
(702) 382-4044
Attorney for Plaintiff