No. 04-1403C
(Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REGATTA BAY LTD.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# APPENDIX, VOLUME NO. ONE, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

MARK A. MELNICK
Assistant Director

GEOFFREY L. PATTON
LUC ODABASHIAN
Department of Housing
& Urban Development

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

January 14, 2005

Attorneys for Defendant

# Index to Appendix


| | Page |
|---|---|
| Deed of Trust dated September 1, 1979 | 1 |
| Deed of Trust Note dated September 1, 1979 | 8 |
| Security Agreement dated September 30, 1979 | 10 |
| May 9, 2000, response by Regatta to notice of violation | 17 |
| July 19, 2000 instruction to accelerate mortgage | 20 |
| July 26, 2000 letter to Regatta from Reilly | 22 |
| August 2, 2000 letter to Reilly from HUD confirming HUD's July 19, 2000 notice | 23 |
| September 8, 2000 Regatta voluntary bankruptcy petition | 24 |
| September 11, 2000, email regarding Reilly election to assign the mortgage in exchange for insurance benefits | 28 |
| October 18, 2000, letter from Reilly to HUD acknowledging assignment of the mortgage | 32 |
| December 5, 2000 appraisal report (selected portions) | 33 |
| February 21, 2001 Regatta bankruptcy proof of claim | 48 |
| April 4, 2001 stipulation of facts | 51 |

Index to Appendix (Cont.)


| | Page |
|---|---|
| April 25, 2001 order granting relief from automatic stay | 53 |
| May 7, 2001 final settlement of insurance benefits | 55 |
| May 17, 2001 Regatta motion to dismiss bankruptcy case | 57 |
| May 22, 2001 notice of intent to foreclosure | 58 |
| June 12, 2001, Regatta's written response to proposed foreclosure | 60 |
| June 20, 2001 decision to proceed to foreclosure | 62 |
| July 10, 2001 order granting Regatta's motion to dismiss bankruptcy petition | 63 |
| October 31, 2001 notice of default and foreclosure sale | 65 |
| November 20, 2001 agreement | 69 |
| January 25, 2002 deed | 74 |
| January 31, 2002 memorandum regarding statement of expenses and amount due Regatta | 78 |
| November 4, 2003 MDDR report | 82 |
| December 18, 2003 Declaration of Janet L. Browder | 85 |

(CORPORATE)
Revised June 1966

EXHIBIT E

Weyerhaeuser Mortgage Co.
10639 Santa Monica Blvd.
Los Angeles, Ca. 90025
Attn: Project Loans

# DEED OF TRUST

THIS DEED OF TRUST, made and entered into this 1st day of September, in the year 19 79, by and between REGATTA APARTMENTS, a Nevada limited partnership, a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at Las Vegas, Nevada, party hereto of the first part, hereinafter sometimes referred to as the "Grantor," and WESTWOOD ASSOCIATES, a California corporation, of Los Angeles, California, as Trustee, party of the second part, hereinafter sometimes referred to as the "Trustee," and ~~WEYERHAEUSER MORTGAGE COMPANY~~, a corporation organized and existing under the laws of the State of California, with its principal office in the City of Los Angeles, State of California, party hereto of the third part and hereinafter sometimes referred to as the "Beneficiary" (which designations shall include the respective successors and assigns and the successors in the interest of the several parties).

WHEREAS, the party of the first part is justly indebted to the party of the third part in full sum of Three Million Six Hundred Eighty-Five Thousand One Hundred and No/100 - - - - - - - - - - - - Dollars ($ 3,685,100.00), evidenced by its Note of even date herewith, bearing interest from date on outstanding balance at *seven and one-half per cent per annum, payable in monthly installments beginning on the first day of the month following the date hereof with a final maturity of March 1, 2021, which Note is identified as being secured hereby by a certificate thereon. Said Note and all of its terms are incorporated herein by reference; however evidenced.

AND WHEREAS, the Grantor desires to secure to the Beneficiary the full and punctual payment of said debt and interest thereon, and to secure the performance of the covenants herein contained; as well as any and all renewals or extensions of said Note, or of any part thereof, with interest thereon; and also to secure the reimbursement to the holder or holders of said Note and to the Trustee or substitute trustee, for all money which may hereafter be advanced for any purpose provided for by the terms of this Deed of Trust or the covenants hereof adopted by reference, and for any and all costs and expenses (including reasonable attorney's fees) incurred or paid on account of any litigation at law or in equity which may arise in respect to this trust, or to the indebtedness or to the property herein mentioned, or in obtaining possession of the premises after any sale which may be made as hereinafter provided for;

NOW, THEREFORE, THIS DEED OF TRUST WITNESSETH: That the said Grantor, in consideration of the premises and of One Dollar ($1), to it in hand paid by the Trustee (the receipt of which, before the sealing and delivery of these presents, is hereby acknowledged), has granted, bargained, sold, conveyed, and confirmed, and does hereby grant, bargain, sell, convey, and confirm unto the Trustee, his successors and assigns in trust forever, the following-described land and premises with the improvements thereon, together with all privileges, hereditaments, water rights, mineral rights, easements, rights, ways and appurtenances thereunto belonging, situated and lying in, in the County of Clark, State of Nevada, more particularly described as follows:

See Exhibit "A" attached hereto and made a part hereof.

See Exhibit "B" attached hereto and made a part hereof.

*From initial through final endorsement, the interest rate shall be at the rate of nine and one-half per centum (9½) per annum



E13

BOOK 1124 1083580

7-2

TOGETHER with all of the rents, issues, and profits which may arise or be had therefrom; and all building materials and equipment now or hereafter delivered to said premises and intended to be installed therein;

TOGETHER with all buildings and improvements of every kind and description now or hereafter erected or placed thereon, and all fixtures, including but not limited to all gas and electric fixtures, engines and machinery, radiators, heaters, furnaces, heating equipment, steam and hot water boilers, stoves, ranges, elevators and motors, bathtubs, sinks, water closets, basins, pipes, faucets and other plumbing and heating equipment, cabinets, mantels, refrigerating plant and refrigerators, whether mechanical or otherwise, cooking apparatus and appurtenances, furniture, shades, awnings, screens, venetian blinds and other furnishings; and

All articles of personal property owned by the party of the first part and now or hereafter attached to or used in and about the building or buildings now erected or hereafter to be erected on the lands herein described which are necessary to the complete and comfortable use and occupancy of such building or buildings for the purposes for which they were or are to be erected, including all goods and chattels and personal property as are ever used or furnished in operating a building or the activities conducted therein similar to the one herein described and referred to, and all renewals or replacements thereof or articles in substitution therefor, whether or not the same are, or shall be attached to said building or buildings in any manner. It is hereby agreed that to the extent permitted by law all of the foregoing property and fixtures are to be deemed and held to be a part of and affixed to the realty.

TO HAVE AND TO HOLD the above granted and bargained premises, together with all the privileges and appurtenances, unto said Trustee, its successors in this trust, and assigns, forever, to its and their proper use and behoof.

AND the said Grantor does hereby covenant for itself, its successors and assigns, that it is seized of said land and premises in fee simple and has the right to convey the same to the said Trustee, that the said Trustee shall have quiet possession thereof, free from all encumbrances, and that it, the said Grantor, will execute such further assurances thereof as may be requisite.

IN AND UPON THE USES AND TRUSTS FOLLOWING, that is to say:

Until any default in payment of any matter of indebtedness hereby secured as herein provided for, or until breach of any of the covenants herein contained, to permit the said Grantor, its successors and assigns, to possess and enjoy said land and premises, and to receive the rents, issues, and profits thereof; and on full payment of said Note, and of any extensions or renewals thereof, and interest thereon, and all sums advanced or expended as herein provided, and all other proper costs, charges, expenses, commissions, and half-commissions, at any time before the sale hereinafter provided for, to release and reconvey unto and at the cost of the said Grantor, or the party or parties then claiming under it, the aforesaid land and premises.

Upon any default being made in the payment of any installment of principal and/or interest under said Note or payment of any monthly sum as hereafter provided in paragraph 9 *(a)* or *(b)* hereof, not made good prior to the due date of the next such payment, or in payment of any ground rent, tax or assessment or water rate, or hazard insurance premium (it being hereby agreed that in default thereof, the Beneficiary may pay same and that any sum so paid or paid by Beneficiary for mortgage insurance premiums not otherwise provided for, or for repairs or for any proper cost or expense of this trust, shall be secured hereby, shall bear interest at the rate specified in the Note and shall be payable on demand), or upon failure to keep or perform any covenant agreement or condition hereunder, the entire unpaid balance of the principal sum and all advances with unpaid interest to date shall immediately become due at the option of the Beneficiary and thereupon the Trustee, or his successor in this trust, shall have power and it shall be his duty, after (1) the lapse of 15 days during which the Grantor shall have failed to make good such default, (2) after due recording in the office of the recorder in the county where the property lies of notice of such default and election by the Beneficiary to cause the trust property to be sold in payment of the debt after (3) the elapse of at least 3 months and (4) after the Trustee shall have given notice by publication and/or otherwise as of the time and place of such sale, all as required by law, to sell and in case of any default of any purchaser, to resell at public auction for cash in one or more parcels, the mortgaged premises and property herein described and to convey the same in fee simple upon compliance with the terms of the sale to and at the cost of the purchaser or purchasers thereof, who shall not be required to see to the application of the purchase money; and to apply the proceeds of said sale or sales: Firstly, to pay all proper costs, charges and expenses, including all attorneys' and other fees, herein provided for, and all moneys advanced for costs or expenses of litigation as aforesaid, or taxes or assessments, water rates, or insurance or mortgage insurance with interest thereon as aforesaid, and all taxes, general and special, and assessments, due upon said land and premises at time of sale; Secondly, to retain as compensation a commission of one percentum (1%) on the gross amount of the said sale or sales; Thirdly, to pay whatever may then remain unpaid of the principal of the said Note whether same shall be due or not, and the interest thereon to date of payment; and, Lastly, to pay the remainder of said proceeds, if any, to said Grantor, or assigns, upon the delivery of and surrender to the purchaser, his, her, or their heirs or assigns, of possession of the premises as aforesaid sold and conveyed, less the expense, if any, of obtaining possession.

The Grantor, in order more fully to protect the security hereof, covenants and agrees as follows:

1. That Grantor will pay the Note at the times and in the manner provided therein;

2. That Grantor will not permit or suffer the use of any of the property for any purpose other than the use for which the same was intended at the time this Deed of Trust was executed;

3. That the Regulatory Agreement, if any, executed by the Grantor and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, which is being recorded simultaneously herewith, is incorporated in and made a part of this Deed of Trust. Upon default under the Regulatory Agreement and upon the request of the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, the Beneficiary, at its option, may declare the whole of the indebtedness secured hereby to be due and payable;

4. That all rents, profits and income from the property covered by this Deed of Trust are hereby assigned to the Beneficiary for the purpose of discharging the debt hereby secured. Permission is hereby given to Grantor so long as no default exists hereunder, to collect such rents, profits and income for use in accordance with the provisions of the Regulatory Agreement;

5. That upon default hereunder Beneficiary shall be entitled to the appointment of a receiver by any court having jurisdiction, without notice, to take possession and protect the property described herein and operate same and collect the rents, profits and income therefrom;

6. That at the option of the Grantor the principal balance secured hereby may be reamortized on terms acceptable to the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner if a partial prepayment results from an award in condemnation in accordance with provisions of Paragraph 8 herein, or from an insurance payment made in accordance with provisions of Paragraph 7 herein, where there is a resulting loss of project income;

7. That the Grantor will keep the improvements now existing or hereafter erected on the deeded property insured against loss by fire and such other hazards, casualties, and contingencies, as may be stipulated by the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner upon the insurance of the Deed of Trust and other hazards as may be required from time to time by the Beneficiary, and all such insurance shall be evidenced by standard Fire and Extended Coverage Insurance Policy or Policies, in amounts not less than necessary to comply with the applicable Co-Insurance Clause percentage, but in no event shall the amounts of coverage be less than 80% of the Insurable Values or not less than the unpaid balance of the insured Deed of Trust, whichever is the lesser, and in default thereof the Beneficiary shall have the right to effect insurance. Such policies shall be endorsed with standard Mortgagee clause with loss payable to the Beneficiary and the Secretary of Housing and Urban Development as interest may appear, and shall be deposited with the Beneficiary;

That if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinabove provided, the amounts paid by any insurance company in pursuance of the contract of insurance to the extent of the indebtedness then remaining unpaid, shall be paid to the Beneficiary, and, at its option, may be applied to the debt or released for the repairing or rebuilding of the premises;

1083580
7-3

8. That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to the Beneficiary to be applied to the amount due under the Note secured hereby in (1) amounts equal to the next maturing installment or installments of principal and (2) with any balance to be credited to the next payment due under the Note. No amount applied to the reduction of the principal amount due in accordance with (1) shall be considered an optional prepayment as the term is used in this Deed of Trust and the Note secured hereby, nor relieve the Grantor from making regular monthly payments commencing on the first day of the first month following the date of receipt of the award. The Beneficiary is hereby authorized in the name of the Grantor to execute and deliver valid acquittances for such awards and to appeal from such awards.

9. That, together with and in addition to the monthly payments of interest or of principal and interest, payable under the terms of the Note secured hereby, Grantor will pay to the Beneficiary, on the first day of each succeeding month after the date hereof until the Note is fully paid, the following sums:

*(a)* An amount sufficient to provide the Beneficiary with funds to pay the next mortgage insurance premium if this instrument and the Note secured hereby are insured, or a monthly service charge, if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said Note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the Beneficiary one month prior to its due date the annual mortgage insurance premium, in order to provide such Beneficiary with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder, or;

(II) If and so long as said Note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly service charge in an amount equal to 1/12 of ½% of the average outstanding principal balance due on the Note computed for each successive year beginning with the first day of the month following the date of this instrument, if the Secretary of Housing and Urban Development is the Beneficiary named herein or the first day of the month following assignment, if the Note and this instrument are assigned to the Secretary of Housing and Urban Development without taking into account delinquencies or prepayments;

*(b)* A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other property insurance covering the premises covered hereby, plus water rates, taxes and assessments next due on the premises covered hereby (all as estimated by the Beneficiary) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, water rates, taxes and assessments will become delinquent, such sums to be held by Beneficiary in trust to pay said ground rents, premiums, water rates, taxes, and special assessments.

*(c)* All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the Note secured hereby shall be added together and the aggregate amount thereof shall be paid each month in a single payment to be applied by Beneficiary to the following items in the order set forth:

(I) premium charges under the Contract of Insurance with the Secretary of Housing and Urban Development or service charge;
(II) ground rents, taxes, special assessments, water rates, fire and other property insurance premiums;
(III) interest on the Note secured hereby;
(IV) amortization of the principal of said Note;

10. In the event the Grantor fails to pay any sums provided for in this Deed of Trust, the Beneficiary, at its option, may pay the same. Any excess funds accumulated under (b) of the preceding paragraph remaining after payment of the items therein mentioned, shall be credited to subsequent monthly payments of the same nature required thereunder; but if any such item shall exceed the estimate therefor, or if the Grantor shall fail to pay any other governmental or municipal charge, the Grantor shall forthwith make good the deficiency or pay the charge before the same become delinquent or subject to interest or penalties and in default thereof the Beneficiary may pay the same. All sums paid by the Beneficiary and any sums which the Beneficiary may be required to advance to pay mortgage insurance premiums shall be added to the principal of the debt secured hereby and shall bear interest from the date of payment at the rate specified in the Note and shall be due and payable on demand. In case of termination of the Contract of Mortgage Insurance by prepayment of the Deed of Trust in full, or otherwise (except as hereinafter provided), accumulations under (a) of the preceding paragraph hereof not required to meet payments due under the Contract of Mortgage Insurance, shall be credited to the Grantor. If the property is sold under foreclosure or is otherwise acquired by the Beneficiary after default, any remaining balance of the accumulations under (b) of the preceding paragraph shall be credited to the principal of the Deed of Trust as of the date of the commencement of foreclosure proceedings or as of the date the property is otherwise acquired; and accumulations under (a) thereof shall be likewise credited unless required to pay sums due the Secretary of Housing and Urban Development under the Contract of Mortgage Insurance;

11. The Grantor will pay all grounds rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made by payments as hereinbefore provided, and in default thereof the Beneficiary may pay the same. That in pursuance of the provisions of Nevada Revised Statutes 361.250, the parties hereby agree and stipulate that all taxes levied and assessed under the provisions of said act or any amendment or revision thereof which shall be a lien upon the premises and property herein described shall be paid by the owner of the property and not by the Beneficiary hereunder or any subsequent owner of the debt secured hereby;

12. To keep said land and premises and the improvements now or hereafter erected thereon free from all statutory liens and claims of every kind;

13. To keep all buildings, fences, and other improvements now or hereafter erected on said land and premises in good order and repair and not to do or permit waste;

14. The Grantor will not demolish or remove any building now or hereafter erected on said land and premises, without the written consent of the Trustee;

15. That the Beneficiary under this Deed of Trust, in any action to foreclose, shall be entitled to the appointment of a receiver of the rents and profits of the mortgaged premises as a matter of right and without notice, with power to the Trustee to collect the rents, issues, and profits of said mortgaged premises, due and becoming due during the pendency of such foreclosure suit, such rents and profits being hereby expressly assigned and pledged as additional security for the payment of the indebtedness secured by this Deed of Trust, without regard to the value of the mortgaged premises or the solvency of any person or persons liable for the payment of the mortgage indebtedness. The Grantor for itself and any subsequent owner hereby waives any and all defenses to the application for appointment of a receiver as above, and hereby specifically consents to such appointment without notice, but nothing herein contained is to be construed to deprive the Beneficiary of any other right, remedy, or privilege it may now have under the law to have a receiver appointed. The provision for the appointment of a receiver of the rents and profits, and the assignment of such rents and profits, is made an express condition upon which the loan hereby secured is made. The rights and remedies provided for herein shall be deemed to be cumulative and in addition to, and not in limitation of, those provided by law;

16. The Trustee may act hereunder and may sell and convey said land and premises under the power granted by this instrument, although the Trustee has been, may now be, and may hereafter be, attorney or agent of the Beneficiary in respect to the loan made by the Beneficiary evidenced by the Note or this Deed of Trust, or in respect to any matter or business whatsoever. The Beneficiary may bid and become the purchaser at any sale under this Deed of Trust. It is further agreed that, if said property be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable commission not exceeding one-half of the commission provided in case of sale, to be computed on the amount of principal then unpaid.

17. That Grantor will not voluntarily create or permit to be created against the property subject to this Deed of Trust any lien or liens superior or inferior to the lien of this Deed of Trust; and further, that it will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises;

18. Any notice, demand, or request required or permitted hereunder to be given to the Grantor shall be sufficiently given if in writing and either *(a)* sent to the owner of the land and premises last appearing on the records of the Beneficiary by registered first-class mail, postage prepaid, at the address last appearing on said records; or *(b)* delivered to or served upon an officer of the owner or at the site of the mortgaged property upon the superintendent or assistant superintendent of the owner, or upon a person performing the functions of superintendent or assistant superintendent;

BOOK 1124 1083580
7-4

19. The Grantor covenants and agrees that so long as this Deed of Trust and the said Note secured hereby are insured under the provisions of the National Housing Act, it will not execute or file for record any instrument which imposes a restriction upon the sale or occupancy of the mortgaged property on the basis of race, color, or creed;

20. That this Deed of Trust and the Note secured hereby were executed and delivered to secure moneys advanced or to be advanced and to be used in the construction of certain improvements on the lands herein described, in accordance with a Building Loan Agreement between the Grantor and the Beneficiary dated September 1, 1979, which Building Loan Agreement (except such part or parts thereof as may be inconsistent herewith) is incorporated herein by reference to the same extent and effect as if fully set forth and made a part of this Deed of Trust, which said Building Loan Agreement Grantor hereby covenants to perform; and if the construction of the improvements to be made pursuant to said Building Loan Agreement shall not be carried on with reasonable diligence, or shall be discontinued at any time for any reason other than strikes or lock-outs, the Trustee, at the request and on behalf of the Beneficiary after due notice to the Grantor or any subsequent owner, is hereby invested with full and complete authority to enter upon the said premises, employ watchmen to protect such improvements from depredation or injury, and to preserve and protect the personal property therein, and to continue any and all outstanding contracts for the erection and completion of said building or buildings, to make and enter into contracts and obligations wherever necessary, either in its own name or in the name of the Grantor, or other owner, and in the name and for the account of the Beneficiary to pay and discharge all debts, obligations, and liabilities incurred thereby. All such sums so advanced by and for the account of the Beneficiary (exclusive of advances of the principal of the indebtedness secured hereby) shall be added to the principal of the indebtedness secured hereby and shall be secured by this Deed of Trust and shall be due and payable on demand with interest at the rate specified in the Note, per annum, but no such advances shall be insured unless same are specifically approved by the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner prior to the making thereof. The principal sum, with interest and other charges provided for herein shall, at the option of the Beneficiary or holder of this Deed of Trust and the Note secured, hereby, become due and payable on the failure of the Grantor, or owner, to keep and perform any of the covenants, conditions, and agreements of said Building Loan Agreement, anything contained herein to the contrary notwithstanding. This covenant shall be terminated upon the completion of the improvements to the satisfaction of the Beneficiary and the making of the final advances as provided in said Building Loan Agreement;

21. The following covenants, to wit, Nos. 3, 5, 6, 7, 8, and 9 of Section 2 of Nevada Revised Statutes, Section 107.030, as amended, are hereby adopted and made a part of this Deed of Trust. Counsel fees under covenant No. 7 shall be one (1) percent of the amount secured but not to exceed Two Thousand Dollars ($2,000.00);

22. The Grantor shall not permit or suffer (a) the use of any of the mortgaged property for any purpose other than that for which the same is now agreed upon to be used; (b) any alteration of or addition to the buildings or improvements hereafter constructed in or upon said real property without consent of the Beneficiary.

IN TESTIMONY WHEREOF, the said party hereto of the first part has caused these presents to be executed in its XXXX XXXXX name by FRANK M. BLACKBURN, General Partner XX XXXXXXXXXXXXXXX XX XXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXX being thereunto duly authorized, all as of the day, month, and year first hereinabove written.

REGATTA APARTMENTS, a Nevada limited partnership

ATTEST: By [signature]
Frank M. Blackburn, XXXXXXX
General Partner

Secretary

STATE OF } ss:
COUNTY OF }

On this day of , A.D. 19 , personally appeared before me, in and for County, , known to me to be the President of , the corporation that executed the foregoing instrument, and upon oath did depose and say that he is the President of said corporation; that he is acquainted with the seal of said corporation, and that the seal affixed to said instrument is the corporate seal of said corporation; that the signatures to said instrument were made by officers of said corporation as indicated after said signatures; and that the said corporation executed the said instrument freely and voluntarily and for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in the said County of , the day and year in this certificate first above written.

My commission expires ____________, 19____

STATE OF NEVADA

Deed Of Trust

TO

004

FHA-Wash., D. C.

BOOK 1124

1083580
7-5

TI 1040 CA (8-74)

(Partnership)

TITLE INSURANCE AND TRUST

STATE OF XXXXXXXXX NEVADA
COUNTY OF Clark } SS.

On September 21, 1979
before me, the undersigned, a Notary Public in and for said State, personally appeared
FRANK M. BLACKBURN
known to me
to be one of the partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

Signature *Joanna M. Rink*

STAPLE HERE

OFFICIAL SEAL
JOANNA M. RINK
NOTARY PUBLIC - STATE OF NEVADA
COUNTY OF CLARK
My Appt. Expires Mar. 16, 1983

(This area for official notarial seal)

BOOK 1124

U. 0 8 3 5 8 0
7-6

EXHIBIT "A"

Attached to and made part of that certain Deed of Trust, dated September 1, 1979 by and between:

REGATTA APARTMENTS, a Nevada Limited Partnership: GRANTOR

~~WESTWOOD ASSOCIATES, a California corporation: TRUSTEE~~

WEYERHAEUSER MORTGAGE COMPANY, a California corporation: BENEFICIARY

Situate in the County of Clark, State of Nevada, described as follows: A portion of the East Half (E½) of Government Lot 2, Section 19, T.20 S., R. 62 E., M.D.M., Clark County, Nevada, more particularly described as follows:

COMMENCING at the Southeast corner of said Government Lot 2; thence N. 01°03'25" W., along the Easterly line thereof, 425.05 feet to the TRUE POINT OF BEGINNING; thence continuing N. 01°03'25"W., 329.32 feet to a point on the Southerly boundary of Regatta Estates as shown by a plat on file as Book 22 of Plats, Page 98, on file in the Clark County, Nevada Official Records; thence along the said Southerly boundary the following courses: S. 88°56'35" W., 140.00 feet; N. 01°03'25" W., 457.72 feet; N. 89°38'21" W., 529.77 feet to a point on the West line of the aforesaid East Half (E½) of the Government Lot 2; thence along said line, S. 00°52'52" E., 503.92 feet; thence departing said line, S. 89°33'46" E., 314.35 feet; thence S. 00°44'27" E., 278.69 feet; thence S. 89°33'46" E., 358.57 feet to the TRUE POINT OF BEGINNING.

1083580
7-7

EXHIBIT "B"

Attached to and made part of that certain Deed of Trust dated September 1, 1979, by and between REGATTA APARTMENTS, a Nevada limited partnership, Grantor; Westwood Associates, a California corporation, Trustee; and Weyerhaeuser Mortgage Company, a California corporation, Beneficiary.

1. No additional charges will be collected by the beneficiary for any partial prepayment of principal which is made by the Trustor or on its behalf pursuant to a requirement of the Federal Housing Commissioner.

2. No default shall exist by reason of nonpayment of any required installments of principal so long as the amount of optional additional prepayments of principal already made pursuant to the privilege of prepayment set forth in this Deed of Trust exceeds the amount of such required installment of principal; provided, that in determining the amount of optional additional prepayments of principal, the amount of any partial prepayment made by the Trustor or on its behalf pursuant to a requirement of the Federal Housing Commissioner shall be excluded.

3. The covenant of the Trustor to pay principal and interest is included in the Note secured hereby for the purpose of establishing and continuing the existence of the indebtedness. However, it is a condition of said covenant and those contained herein that in the event of default under the terms hereof, the holder shall take no action against the Trustor personally except such as may be necessary to subject to the satisfaction of the indebtedness the property described herein and any chattels appurtenant to the use thereof; PROVIDED, that nothing in this condition and no action so taken shall operate to impair any obligation of the Trustor under the Building Loan Agreement and the Regulatory Agreement herein referred to and made a part hereof.

4. The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld.

CLARK COUNTY NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
SEP 27 11 46 AM '79
FEE 7.00 DEPUTY MN
OFFICIAL RECORDS
BOOK INSTRUMENT

007 1124

1083580

EXHIBIT D

FHA FORM NO. 4146-e (CORPORATE) Revised June 1964

# DEED OF TRUST NOTE

NOTE: This is not the Finally endorsed note.

$ 3,685,100.00

Las Vegas, Nevada. September 1, 1979.

FOR VALUE RECEIVED, the undersigned, REGATTA APARTMENTS, a Nevada limited partnership promises to pay to WEYERHAEUSER MORTGAGE COMPANY, a California corporation a corporation of the State of California, or order, at its principal place of business in the city of Los Angeles, State of California or at such other place as may be designated in writing by the holder of this Note, the principal sum of Three Million Six Hundred Eighty Five Thousand One Hundred and no/100---------Dollars ($ 3,685,100.00), with interest from date at the rate of seven and one-half per centum (7½ %) per annum on the unpaid balance until paid. The principal and interest shall be payable in monthly installments as follows:

Interest alone payable monthly on the first day of October, 1979, and on the first day of each month thereafter to and including March 1, 1981. Thereafter commencing on the first day of April, 1981, installments of interest and principal shall be paid in the sum of Twenty Four Thousand Two Hundred Fifty and 56/100 Dollars ($24,250.56) each, such payments to continue monthly thereafter on the first day of each succeeding month until the entire indebtedness has been paid. In any event, the balance of principal (if any) remaining unpaid, plus accrued interest shall be due and payable on March 1, 2021. The installments of interest and principal shall be applied first to interest at the rate of Seven and one-half per centum (7½%)* per annum upon the principal sum or so much thereof as shall from time to time remain unpaid, and the balance thereof shall be applied on account of principal.

*Notwithstanding the rate of interest specified above, interest will be paid on advances at the rate of nine and one-half per centum (9½%) per annum from initial endorsement to final endorsement of this Note by the Commissioner.

See Exhibit "A" attached hereto and made a part hereof.

Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on principal next due, on the first day of any month prior to maturity upon at least thirty (30) days' prior written notice to the holder. If this debt is paid in full prior to maturity and while insured under the provisions of the National Housing Act, as amended, all parties liable for payment of this debt hereby agree to be jointly and severally bound to pay to the holder hereof such adjusted mortgage insurance premium as may be required by the applicable Regulations.

Notwithstanding any provision herein for a prepayment charge, such charge shall be applicable only to the amount of prepayment in any one calendar year which is in excess of fifteen per centum (15%) of the original principal sum of this Note.

If default be made in the payment of any installment under this Note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice, at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of default in the payment of this Note, and if the same is collected by an attorney at law, the undersigned hereby agree(s) to pay all costs of collection, including a reasonable attorney's fee.

No default shall exist by reason of nonpayment of any required installment of principal so long as the amount of optional additional prepayments of principal already made pursuant to the privilege of prepayment set forth in this Note equals or exceeds the amount of such required installment of principal.

All parties to this Note, whether principal, surety, guarantor or endorser, hereby waive presentment for payment, demand, protest, notice of protest and notice of dishonor.

This Note is secured by Deed of Trust upon real estate in Clark County, Nevada.



Ex 2

Signed ~~and seal~~ the day and year first above written.

REGATTA APARTMENTS, a Nevada limited partnership

~~(CORPORATE SEAL)~~

By [signature]
~~Partner~~
Frank M. Blackburn, General Partner

ATTEST: ______________________
Secretary

THIS IS TO CERTIFY that this is the Note described in and secured by Deed of Trust of even date herewith and in the same principal amount as herein stated and secured by real estate situated in Clark County, Nevada.

Dated September 27, 1979.

[signature]
Notary Public

OFFICIAL SEAL
G. HOSHIYAMA
NOTARY PUBLIC-CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO
MY COMMISSION EXPIRES JUNE 12, 1981

STATE OF NEVADA

LOAN NO.

**Deed Of Trust Note**

TO

No. 125-35073-PM

Insured under 221(d)4 of the National Housing Act and Regulations thereunder of the Federal Housing Commissioner

In effect on September 21, 1979

To the extent of advances approved by the Commissioner

FEDERAL HOUSING COMMISSIONER

By [signature] (Authorized Agent)

Date SEP 27 1979

A total sum of $ ______ has been approved for insurance hereunder by the Commissioner

FEDERAL HOUSING COMMISSIONER

By ______ (Authorized Agent)

Date ______

Reference is made to the Act and to the Regulations thereunder covering assignments of the insurance protection on this note.

008A

EXHIBIT "A"

Attached to and made a part of that certain Deed of Trust Note, dated September 1, 1979, executed by REGATTA APARTMENTS, a Nevada limited partnership, in favor of WEYERHAEUSER MORTGAGE COMPANY.

In the event of prepayment of principal during any one calendar year in an amount in excess of 15 percent of the original principal amount of the Note, all parties liable for payment thereof hereby agree to be jointly and severally bound to pay to the holder hereof for its own account, a premium or charge equal to three percent (3%) of the amount of such excess, less 1/8 of 1% for each 12 month period which has elapsed since the date of the Note. In the event that any payment or portion thereof is not paid within fifteen (15) days from the date the same is due, the undersigned agrees to pay a "late charge" of two cents (2¢) for each dollar so overdue, if charged by payee.

The maker assumes no personal liability for the payment hereof, except as set out in the Deed of Trust of even date, given to secure this indebtedness.

# SECURITY AGREEMENT

THIS AGREEMENT, made this 30th day of September 19 80, by REGATTA APARTMENTS, a Nevada limited Partnership of Las Vegas City, County of Clark, State of Nevada, herein called DEBTOR (whether one or more) in favor of WEYERHAEUSER MORTGAGE COMPANY of Los Angeles city, County of Los Angeles, State of California herein called LENDER:

WITNESSETH: That the DEBTOR hereby grants LENDER a security interest, pursuant to the Nevada Uniform Commercial Code, in all that certain personal property described in the following schedule(s) to wit:

Schedule "A" attached hereto and made part hereof;

AND ALSO any and all replacements thereof and additions thereto hereafter made or acquired by Debtor;

SAID personal property being located in the County of Clark State of Nevada, at or upon the real property described as:

See Schedule "B" attached hereto and made part hereof;

AS ADDITIONAL SECURITY FOR:

(1) The payment to LENDER of:
   (a) That certain Deed of Trust Note presently held by LENDER and further described as follows:
   Note for $ 3,685,100.00, dated September 1,1979 payable monthly and bearing interest at 7½ % per annum, bearing maturity date of March 1, 2021, and any and all extensions and/or renewals of said note, or any amounts owing thereon;
   (b) Any and all sums hereafter advanced and expenditures hereafter made (in addition to any advancements or expenditures necessarily made pursuant to the provisions of the next following paragraph hereof) by LENDER to or for DEBTOR, and any and all indebtedness and obligations now or hereafter owing or due or becoming owing or due from DEBTOR to LENDER.

(2) The repayment of any and all sums and amounts that are necessarily advanced or expended by LENDER or assigns for the maintenance or preservation of the property, or any part thereof, described in this Agreement;

(3) The payment and performance of each and every of the obligations and promises of DEBTOR herein contained.

DEBTOR hereby agrees: To do all acts which may be necessary to maintain, preserve and protect said property and during the continuance hereof to keep said property in good condition and repair, and if worn, damaged or destroyed to at least replace the same by other property of equal value; not to permit any waste thereof; to pay, at least ten (10) days before delinquency, all taxes charges assessments and liens now or hereafter levied or imposed upon the property or income and all taxes and license fees imposed upon DEBTOR's right to do business; not to remove nor permit to be removed any part of said property from the premises where the same is located, as herein stated, without the written consent of LENDER, to provide, maintain, and deliver to LENDER fire and other insurance policies covering said property in amounts and companies satisfactory to LENDER with loss payable to LENDER.

DEBTOR hereby declares and warrants to LENDER that DEBTOR is the absolute owner and in possession of all of said property; that all of said property is now in the possession of DEBTOR at the location above described; that said property is free and clear of all security interests, liens and encumbrances and adverse claims, with the exception of the lien of this Agreement. DEBTOR agrees to keep

this Agreement a first lien upon all of the property and agrees not to sell, lease, encumber or dispose of any of said property without the written consent of LENDER. DEBTOR further covenants and agrees that DEBTOR will, upon demand at any time, make, do, execute and deliver all such further acts, deeds and things as shall be reasonably required to effectuate the intent hereof so as to render all of said property hereinbefore mentioned, or which may be hereafter acquired, available for the security and satisfaction of said indebtedness, according to the intent and purpose herein expressed, and so as to enable the LENDER to sell and/or convey or otherwise to subject the same to the lien hereof. DEBTOR further agrees to appear in and defend any and all actions and proceedings affecting the title to said property or any part thereof or affecting the security interest of the LENDER therein.

If the DEBTOR Fails to make any payment or do any act as herein required, then LENDER may, but without obligation to do so and without notice to or demand upon DEBTOR, make such advancements or expenditures and do such acts as LENDER may deem necessary to protect LENDER's security, LENDER being hereby authorized (without limiting the general nature of the authority hereinbefore conferred) to take possession of said property, to pay,purchase, contest and compromise any encumbrance, charge or lien which in the judgement of the LENDER appears to be prior or superior to the lien of this Agreement. LENDERS determination as to whether or not DEBTOR has failed to make any payment or do any act as herein required shall be final and conclusive. DEBTOR hereby agrees to pay immediately and without demand all sums expended by LENDER pursuant to the provisions of this Agreement, with interest from date of expenditure at the rate of ten per cent per annum.

In the event there shall hereafter be a decrease in the value of said property, DEBTOR agrees to give to LENDER further security or make payments on account to LENDER in an amount and to the extent sufficient to offset said decrease in value.

If DEBTOR shall default in the payment of any of the indebtedness, obligations or liabilities secured hereby or shall default in the performance of any agreement herein contained, or if any breach be made of any obligation, promise, declaration or warranty of DEBTOR herein contained or secured hereby, then LENDER at LENDER's option, without demand upon or notice to DEBTOR, may declare all indebtedness, obligations and liabilities secured hereby, and all other sums owing by DEBTOR to LENDER to be immediately due and payable, and LENDER shall have the remedies of a secured party under the Uniform Commercial Code, including, without limitation, the right to require DEBTOR to assemble the property and make it available to LENDER at a place designated by LENDER and to enter upon the premises where said property may be and take possession thereof, and remove and/or sell and/or dispose of said property, or any part thereof, at public or private sale, upon legal notice to DEBTOR. Said property, or any part thereof, may be sold in one or more sales, which may be held on different days and which need not be held within view of the property being sold. LENDER shall deduct and retain from the proceeds of such sale or sales all costs, expenses and charges paid or incurred in the taking, removal, handling and sale of said property, or otherwise incurred in connection therewith, including any reasonable attorney's fees incurred or paid by LENDER; the balance of the proceeds shall be applied by LENDER upon the indebtedness, obligations and liabilities secured hereby, in such order and manner as LENDER may determine, and the surplus, if any, shall be paid to DEBTOR or to the person or persons lawfully entitled to receive the same. If suit be brought, or any proceedings instituted on this Agreement, there shall be due from DEBTOR to LENDER therein, immediately upon the commencement thereof, a reasonable attorney's fee in said action or proceeding, which sum is hereby secured. In any such action, paintiff shall be entitled to the appointment of a Receiver, without notice, to take possession of all or any part of said property and to exercise such powers as the Court shall confer upon him. At any sale or sales made under this Agreement, or authorized herein, LENDER, or any person may bid for and purchase any property being sold, and, in the event of such purchase,

the purchaser shall hold such property thereafter discharged of all right or redemption,

The term "and/or" as used herein means one or the other or both, or any one or all, of the things or persons in connection with which the words are used.

The right to plead any and all statutes of limitations as a defense to any demand secured by this Agreement is hereby waived to the full extent and longest period allowed by law.

Each married woman who joins in executing this Agreement and any note or notes secured thereby, hereby agrees and expressly assents to the liability of her separate property for all her debts and obligations herein mentioned.

The words "DEBTOR" and "LENDER", as used herein, shall be construed to include the heirs, legatees, devisees, administrators, executors, successors and assigns of DEBTOR and LENDER. This Agreement shall bind and inure to the benefit of said third persons. Whenever the context so requires, the masculine gender includes the feminine and/or neuter, the singular number includes the plural and vice versa. If there be more than one DEBTOR, it is agreed that the provisions of this Agreement in reference to DEBTOR shall be construed to apply jointly and severally to each of the DEBTORS.

IN WITNESS WHEREOF, DEBTOR has executed this Agreement on the day and year first above written.

REGATTA APARTMENTS, a Nevada limited partnership
DEBTOR

BY [signature]
General Partner

August 25, 1980

SCHEDULE "A"

CARPETING

| | |
|---|---|
| Manufacturer: | West Point Pepperell<br>P. O. Box 1208<br>Dalton, Georgia 30720 |
| Type: | Nylon Shag |
| Colors: | Sahara Molten, Prairie Wheat, Tigress and Roasted Chestnut.<br>~~Olympaid Golden Trophy~~ |
| Weight: | 25 ounce |
| Yardage: | 7091 |
| Manufacturer: | Mand Carpet Mills<br>2310 East 52nd Street<br>Vernon, California 90058 |
| Type: | Dover Nylon Shag |
| Color: | Spice |
| Weight: | 26 ounce |
| Yardage: | 1104 |

CARPET PAD

| | |
|---|---|
| Manufacturer: | General Felt Industries<br>6025 East Randolph<br>Los Angeles, California 90040 |
| Quality: | 9/16 rebond Fyre Chief Vanguard |
| Yardage: | 4299 |
| Manufacturer: | Reliance Upholstery Supply Co., Inc.<br>137 East Alondra<br>Gardena, California 90247 |
| Quality: | 9/16 rebond Supreme Carpet Cushion |
| Yardage: | 3896 |

DRAPERIES

346 pairs; "Shanghai" 50% acetate, 40% rayon, 10% flax, Natural color; 120 pairs; "Milan"; 46% rayon, 46% polyester, 8% flax, Natural Color; manufactured by Deco Draperies, 3111 South Valley View Blvd, 101-C, Las Vegas, Nevada 89102

Drapery tracts: 2760 linear feet.

# LISTING OF MOVEABLE ITEMS

REGATTA APARTMENTS
2101 SANDY LANE
LAS VEGAS, NEVADA 89110

PROJECT NO. [illegible] August 25, 1980

| APARTMENT | REFRIGERATOR | STOVE | DISHWASHER | GARBAGE DISPOSAL |
|---|---|---|---|---|
| A-1 | [illegible] | 3910124 | 3857[illegible] | E1290124[illegible] |
| A-2 | GG381057 | 3910153 | 3857604 | E12901357 |
| A-3 | GG381004 | 3910111 | 3857755 | E12901289 |
| A-4 | GG382175 | 3910128 | 3857769 | E12901123 |
| A-5 | GG381213 | 3910134 | 3857729 | E12901155 |
| A-6 | GG381042 | 3910131 | 3857858 | E12901112 |
| A-7 | GG382158 | 3910132 | 3857846 | E12901198 |
| A-8 | GG381115 | 3910143 | 3857799 | E12901233 |
| B-1 | GG381054 | 3910101 | 3857778 | E12901276 |
| B-2 | GG381033 | 3910140 | 3857758 | E12901212 |
| B-3 | GG381057 | 3910113 | 3857725 | E12901178 |
| B-4 | GG381066 | 3910118 | 3857785 | E12901188 |
| B-5 | GG381096 | 3910136 | 3857688 | E12901045 |
| B-6 | GG381047 | 3910145 | 3857780 | E12901018 |
| B-7 | GG381055 | 3910138 | 3857801 | E12901001 |
| B-8 | GG381234 | 3910149 | 3857859 | E12901072 |
| C-1 | GG381165 | 3910114 | 3857847 | E12901023 |
| C-2 | GG381199 | 3910152 | 3857774 | E12901187 |
| C-3 | GG381143 | 3910108 | 3857765 | E12901298 |
| C-4 | GG381112 | 3910123 | 3857776 | E12901225 |
| C-5 | GG381176 | 3910135 | 3857762 | E12901321 |
| C-6 | GG381011 | 3910144 | 3857784 | E12901191 |
| C-7 | GG381094 | 3910151 | 3857690 | E12901228 |
| C-8 | GG381049 | 3910146 | 3857787 | E12901362 |
| D-1 | GG381245 | 3910122 | 3857783 | E12901222 |
| D-2 | GG381257 | 3910113 | 3857775 | E12901295 |
| D-3 | GG381344 | 3910109 | 3857841 | E12901344 |
| D-4 | GG381221 | 3910126 | 3857856 | E12901374 |
| D-5 | GG381232 | 3910134 | 3857844 | E12901381 |
| D-6 | GG381255 | 3910143 | 3857563 | E12901115 |
| D-7 | GG381101 | 3910149 | 3816417 | E12901099 |
| D-8 | GG381438 | 3910121 | 3816420 | E12901131 |
| E-1 | GG381338 | 3910148 | 3816416 | E12901249 |
| E-2 | GG382014 | 3910112 | 3816419 | E12901059 |
| E-3 | GG382302 | 3910130 | 3816225 | E12901421 |
| E-4 | GG382239 | 3910129 | 3814953 | E12901444 |
| E-5 | GG382295 | 3910133 | 3816436 | E12901420 |
| E-6 | GG381260 | 3910129 | 3814957 | E12901360 |
| E-7 | GG381277 | 3910141 | 3857767 | E12901211 |
| E-8 | GG382220 | 3910154 | 3816190 | E12901483 |
| F-1 | GG382278 | 3910195 | 3816286 | E12901472 |
| F-2 | GG382140 | 3910177 | 3814387 | E12901443 |
| F-3 | GG382196 | 3910235 | 3814872 | E12901410 |
| F-4 | GG381365 | 3910244 | 3816523 | E12901436 |
| F-5 | GG381478 | 3910225 | 3816513 | E12901379 |
| F-6 | GG381420 | 3910296 | 3816455 | E12901331 |
| F-7 | GG381392 | 3910292 | 3816412 | E12901303 |
| F-8 | GG381383 | 3910271 | 3816385 | E12901362 |
| G-1 | GG381484 | 3910232 | 3816333 | E12901587 |
| G-2 | GG381461 | 3910259 | 3815203 | E12901540 |
| G-3 | GG381498 | 3910203 | 3815187 | E12901425 |
| G-4 | GG381411 | 3910219 | 3856225 | E12901512 |
| G-5 | GG382201 | 3910220 | 3856287 | E12901567 |
| G-6 | GG382109 | 3910265 | 3856239 | E12090264 |
| G-7 | GG382111 | 3910309 | 3856212 | E12901593 |
| G-8 | GG382136 | 3910355 | 3856305 | E12901522 |

014

| APARTMENT | REFRIGERATOR | STOVE | DISHWASHER | GARBAGE DISPOSAL |
|---|---|---|---|---|
| H-1 | GG382276 | 3910339 | 3856254 | E12901534 |
| H-2 | GG381150 | 3910356 | 3856139 | E12901432 |
| H-3 | GG382078 | 3910387 | 3855173 | E12902385 |
| H-4 | GG382012 | 3910310 | 3855143 | E12901204 |
| H-5 | GG382029 | 3910334 | 3855181 | E12901505 |
| H-6 | GG382294 | 3910396 | 3855124 | E12901301 |
| H-7 | GG382245 | 3910358 | 3855102 | E12901556 |
| H-8 | GG382259 | 3910316 | 3855117 | E12901429 |
| | ********************** | | | |
| I-1 | GG385672 | 3920412 | 3886284 | E12902579 |
| ~~I-2~~ | ~~GG385504~~ | ~~3920435~~ | ~~3886237~~ | ~~E12902503~~ |
| I-3 | GG385614 | 3920429 | 3886251 | E12902518 |
| I-4 | GG385626 | 3920440 | 3886201 | E12902532 |
| I-5 | GG385606 | 3920453 | 3886214 | E12902521 |
| I-6 | GG385592 | 3920325 | 3886222 | E12902555 |
| I-7 | GG385708 | 3920491 | 3886238 | E12092573 |
| I-8 | GG385675 | 3920483 | 3886280 | E12092532 |
| | ********************** | | | |
| J-1 | GG385629 | 3920471 | 3886288 | E12901559 |
| J-2 | GG385601 | 3920422 | 3886255 | E12902562 |
| J-3 | GG385624 | 3920437 | 3886219 | E12902565 |
| J-4 | GG385505 | 3920439 | 3886229 | E12902583 |
| J-4 | GG385516 | 3920445 | 3886233 | E12902581 |
| J-5 | GG385527 | 3920410 | 3886230 | E12901629 |
| J-6 | GG385564 | 3920459 | 3886247 | E12901620 |
| J-7 | GG385579 | 3920462 | 3886282 | E12902615 |
| J-8 | GG385520 | 3920479 | 3886295 | E12902637 |
| | ********************** | | | |
| K-1 | GG385538 | 3902477 | 3886251 | E12902690 |
| K-2 | GG385592 | 3902463 | 3886235 | E12901666 |
| K-3 | GG385558 | 3902452 | 3886239 | E12902655 |
| K-4 | GG385594 | 3902441 | 3886228 | E12902622 |
| K-5 | GG385591 | 3902448 | 3886218 | E12902625 |
| K-6 | GG385589 | 3902450 | 3886210 | E12902552 |
| K-7 | GG385581 | 3902303 | 3885104 | E12902544 |
| K-8 | GG385503 | 3902329 | 3885203 | E12902610 |
| | ********************** | | | |
| L-1 | GG385513 | 3902330 | 3885213 | E12902611 |
| L-2 | GG385501 | 3902340 | 3885294 | E12090264 |
| L-3 | GG385510 | 3902395 | 3885289 | E12902623 |
| L-4 | GG385547 | 3902384 | 3885310 | E12902655 |
| L-5 | GG385574 | 3902383 | 3885315 | E12902645 |
| L-6 | GG385575 | 3902352 | 3885322 | E12902633 |
| L-7 | GG385590 | 3902343 | 3885338 | E12902612 |
| L-8 | GG385557 | 3902375 | 3885329 | E12902632 |
| | ********************** | | | |
| M-1 | GG385560 | 3902381 | 3885311 | E12902649 |
| M-2 | GG385562 | 3902377 | 3885325 | E12902616 |
| M-3 | GG385577 | 3902392 | 3885323 | E12902676 |
| M-4 | GG385533 | 3902347 | 3885336 | E12902688 |
| M-5 | GG385517 | 3902382 | 3885381 | E12902649 |
| M-6 | GG385582 | 3939004 | 3972137 | E12921339 |
| M-7 | GG383478 | 3939015 | 3972193 | E12921305 |
| M-8 | GG383439 | 3939067 | 3972145 | E12921328 |
| | ********************** | | | |
| N-1 | GG383421 | 3939023 | 3972121 | E12921345 |
| N-2 | GG383401 | 3939011 | 3972133 | E12921391 |
| N-3 | GG383419 | 3939012 | 3972185 | E12921386 |
| N-4 | GG383444 | 3939090 | 3972110 | E12921399 |
| N-5 | GG383483 | 3939055 | 3972189 | E12921362 |
| N-6 | GG383458 | 3939061 | 3972152 | E12921320 |
| N-7 | GG383345 | 3969255 | 3972364 | E12710451 |
| N-8 | GG383322 | 3969212 | 3972429 | E12710409 |
| | ********************** | | | |
| O-1 | GG383397 | 3969222 | 3972431 | E12710499 |
| O-2 | GG383313 | 3969248 | 3972495 | E12710444 |
| O-3 | GG332210 | 3969294 | 3972381 | E12710529 |
| O-4 | GG337579 | 3969283 | 3972342 | E12710548 |
| O-5 | GG351082 | 3969210 | 3972355 | E12710536 |
| O-6 | GG351054 | 3969247 | 3972305 | E12710519 |
| O-7 | GG351037 | 3969234 | 3972377 | E12710520 |
| [illegible] | [illegible] | [illegible] | [illegible] | E12710555 |

015

| APARTMENT | FIRE EXTINGUISHER | APARTMENT | FIRE EXTINGUISHER | APARTMENT | FIRE EXTINGUISHER |
|---|---|---|---|---|---|
| | All 2A-10BC | | | | |
| A-1 | [illegible] | F-1 | 358459 | K-1 | 332907 |
| A-2 | [illegible] | F-2 | 357304 | K-2 | 322945 |
| A-3 | [illegible] | F-3 | 347253 | K-3 | 315879 |
| A-4 | [illegible] | F-4 | 347928 | K-4 | 314777 |
| A-5 | [illegible] | F-5 | [illegible] | K-5 | 324444 |
| A-6 | [illegible] | F-6 | 549320 | K-6 | 352214 |
| A-7 | [illegible] | F-7 | 547109 | K-7 | 462285 |
| A-8 | [illegible] | F-8 | [illegible] | K-8 | 465124 |
| | | ********** | | | |
| B-1 | [illegible] | G-1 | 545200 | L-1 | 431045 |
| B-2 | 439673 | G-2 | 566369 | L-2 | 432403 |
| B-3 | 440777 | G-3 | 567249 | L-3 | 430215 |
| B-4 | 576809 | G-4 | 735046 | L-4 | 410811 |
| B-5 | 477304 | G-5 | 734066 | L-5 | 410735 |
| B-6 | 704891 | G-6 | 737216 | L-6 | 411603 |
| B-7 | 732732 | G-7 | 736776 | L-7 | 411795 |
| B-8 | 732645 | G-8 | 736443 | L-8 | 412571 |
| | --- | ********** | | | |
| C-1 | 624870 | H-1 | 733215 | M-1 | 420368 |
| C-2 | 615934 | H-2 | 736541 | M-2 | 421055 |
| C-3 | 612576 | H-3 | 731083 | M-3 | 437599 |
| C-4 | 604957 | H-4 | 766544 | M-4 | 426739 |
| C-5 | 759857 | H-5 | 766218 | M-5 | 428562 |
| C-6 | 575892 | H-6 | 767803 | M-6 | 429501 |
| C-7 | 740357 | H-7 | 765932 | M-7 | 430601 |
| C-8 | 741450 | H-8 | 765849 | M-8 | 496541 |
| | | ********** | | | |
| D-1 | 773559 | I-1 | 769431 | N-1 | 506792 |
| D-2 | 774635 | I-2 | 769312 | N-2 | 506304 |
| D-3 | 773295 | I-3 | 765382 | N-3 | 507429 |
| D-4 | 771453 | I-4 | 782488 | N-4 | 507395 |
| D-5 | 772856 | I-5 | 793580 | N-5 | 508266 |
| D-6 | 772855 | I-6 | 793585 | N-6 | 508104 |
| D-7 | 794679 | I-7 | 799355 | N-7 | 529490 |
| D-8 | 794832 | I-8 | 799421 | N-8 | 529376 |
| | | ********** | | | |
| E-1 | 808350 | J-1 | 815642 | O-1 | 843978 |
| E-2 | 809465 | J-2 | 814539 | O-2 | 844071 |
| E-3 | 828658 | J-3 | 822603 | O-3 | 843024 |
| E-4 | 815493 | J-4 | 824577 | O-4 | 854221 |
| E-5 | 846326 | J-5 | 857351 | O-5 | 852047 |
| E-6 | 854360 | J-6 | 853808 | O-6 | 847239 |
| E-7 | 855213 | J-7 | 852645 | O-7 | 483866 |
| E-8 | 854325 | J-8 | 852479 | O-8 | 481355 |
| | | ********** | | | |

| | | |
|---|---|---|
| OFFICE AND | 31400 | 2A-10BC |
| LAUNDRY ROOM | 31405 | 2A-10BC |

RANGE HOODS:

All Range Hoods are Model T24-66F (No Serial Numbers) - 120

SMOKE DETECTORS:

All Smoke Detectors are Model 907-A2 (No Serial Numbers) - 120

All Refrigerators are manufactured by General Electric, Model TBF14SA, 14.2 cu. ft.

All Stoves, Dishwashers and Range Hoods are Gaffers & Sattler, Models DOP202190R for Dishwashers, Model EHA312 for stoves and Model T24-66F for Range Hoods.

DEPARTMENTAL
ENFORCEMENT CENTER

MAY 1 6 2000

LOS ANGELES

Pepper Hamilton LLP
Attorneys at Law

Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
202.220.1200
Fax 202.220.1665

202.220.1421
schreibs@pepperlaw.com

May 9, 2000

**VIA CERTIFIED MAIL**

Scott Hunley
Director
United States Department of Housing and Urban Development
Department of Enforcement Center
Los Angeles Satellite Office
611 West 6th Street
Suite 3800
Los Angeles, CA 90017

Re: Notice of Violations and Demand for Corrective Action
Project Name: Regatta Apartments
Project No.: 12535152

Dear Mr. Hunley:

We have been engaged to represent Regatta Bay Ltd., owner of the above-referenced property. For the past year, we have attempted to work with the San Francisco field office in refinancing the project. We have a well-documented file which evidences considerable misunderstanding and inconsistent responses by the Department. Notwithstanding this history we are confident that a reasonable solution with respect to the future of this project can be achieved.

Pepper Hamilton has a national affordable housing practice and is pleased to regularly work with HUD and owners of subsidized, assisted and insured housing. We are extremely familiar with the guidelines and regulations by which these projects are governed. I believe you will find our attorneys competent and knowledgeable on the appropriate handling of this serious matter. Indeed, yesterday, two of us are conducting a panel entitled "HUD Enforcement" at the National Housing & Rehabilitation Association's Spring Forum. We have also written extensively and are enclosing a copy of our Housing Update which also discusses



Philadelphia, Pennsylvania Washington, D.C. Detroit, Michigan New York, New York Pittsburgh, Pennsylvania
Wilmington, Delaware Harrisburg, Pennsylvania Berwyn, Pennsylvania Cherry Hill, New Jersey
www.pepperlaw.com

this topic. All of which, we think, demonstrates our serious purpose and commitment to working with HUD in resolving these problems in a practical, rather than, punitive manner.

In particular, we respond to your letter of April 21, 2000 and prior correspondence dated March 24, 2000 and from the California State Office dated April 13, 2000. We appreciate the extension you granted until May 9, 2000, but, you, of course recognize that the demands set forth in your letters could not be fulfilled in the time frame set forth. While we have not reviewed your letter of March 24th in great detail, we reject the allegations set forth in paragraph 1 with respect to the $1,327,424 in withdrawals which have been discussed with the field office over an extended period. The owner cannot waste precious resources in disputing the allegations in enormous detail. Simply, the funds were utilized to address project needs and timing of the withdrawals was, perhaps, not appropriate, even if approved by HUD. While the findings with respect to the conditions of the property have some validity, virtually all of these items have been addressed and are being forwarded directly to you, Janet Browder and me. I will forward an additional copy to be certain you receive this material.

We are fully aware of the dynamic currently at work between HUD field offices, REAC Centers and the Enforcement Center, and the Office of Inspector General, and do not disagree with HUD's overall goals of achieving sound, physical and financial management and responsible ownership.

It has become clear to our client over the past year that retaining ownership is not a viable solution to the range of concerns which the Department has expressed. Recently, with our counsel, the owner initiated action which is both is realistic and consistent with the Department's goals. More positively and more appropriately given the limited resources available to both HUD and the owner, it is our intention to work with the Las Vegas field office and California State Office in achieving a transfer of the property to a responsible community based non-profit organization, which we believe, will be in a position to command additional resources within the community and make possible the consideration and forbearance which the Department is not able or willing to grant this owner. This will assure long-term viability of the project.

You are perhaps aware that the owner has attempted to refinance the property with HUD for some time. We have shifted our approach in recent weeks to that suggested above and our on the verge of entering into a complete Letter of Intent with an extremely responsible, community-based nonprofit in Las Vegas, the Community Development Programs Center of Nevada whose Executive Director is Frank Hawkins. Mr. Hawkins and Mr. Rosequist have met several times and may have already met with Las Vegas field office staff to initiate this process.

Pepper Hamilton LLP
Attorneys at Law

Mr. Scott Hunley
Page 3
May 9, 2000

We will keep you office advised as we move forward with these discussions. I ask that you direct any future correspondence to the undersigned with a copy to Mr. Rosequist. We are confident that your office and this firm will be able to resolve this matter in a timely and equitable manner, resulting in reasonable treatment of the owner, HUD and most importantly, the residents.

If you have any questions regarding our engagement, please feel free to contact me at the above number or Scott Fireison at (202) 220-1572.

With all good wishes,

Sincerely,

Sheldon L. Schreiberg

SLS/rca

cc: Janet Browder
Phil R. Rosequist
Frank Hawkins
Robert Gould
Scott Fireison

DC: #148642 v1 36_Y01!.WPD 0-6010

U.S.Department of Housing and Urban Development

California State Office
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, P.O. Box 36003
San Francisco, California 94102-3448
World Wide Web: www.hud.gov/local/sfc/sfchome.html

DEPARTMENTAL ENFORCEMENT CENTER
JUL 27 2000
LOS ANGELES

JUL 19 2000

Reilly Mortgage Group, Inc.
Attention: Arlene Wiggins
2000 Corporate Ridge, Suite 925
McLean, Virginia 22102

SUBJECT: Instruction to Accelerate Mortgage
Regatta Apartments
125-35073-PM
Las Vegas, Nevada

Dear Ms. Wiggins:

The Department of Housing and Urban Development (HUD) has received Reilly Mortgage Group, Inc.'s (Reilly) notice that the subject Deed of Trust Note is delinquent and owing for the months of June 1, 2000, and July 1, 2000. As a result, Regatta Bay Ltd.,(Mortgagor), as successor to Regatta Apartments, has violated the terms of the HUD-insured Deed of Trust Note and Deed of Trust (the Mortgage), both of which are dated September 1, 1979 and held by Reilly as mortgagee.

To date, Mortgagor has failed to correct this continuing material breach. Therefore, pursuant to 24 CFR Section 207.257 HUD hereby exercises its right to require the Mortgagee to accelerate payment of the outstanding principal balance due on the Mortgage on the basis of the failure of the Mortgagor to pay the installment payments due pursuant to the terms of the Mortgage. You are hereby directed to immediately send a notice of acceleration to the Mortgagor, with a copy to the undersigned.

Reilly's declaration of default and acceleration of the debt pursuant to this letter shall constitute an event of default as provided in section 207.255(a)(1) of the regulations. Upon expiration of the thirty day grace period specified in 207.255(c) of the regulations, Reilly shall be entitled, pursuant to 207.258(a), to give HUD notice of its intention to file an insurance claim and of its election to assign the Mortgage. Because of HUD's interest in this matter, we request that you expedite the filing of this insurance claim.

If you have any questions regarding this matter, please contact Deanna Smith at (415) 436-6443.

Sincerely,

J. Patrick Goray
Director
Operations Division

cc: Scott Hunley
Director, Departmental Enforcement Center

# REILLY MORTGAGE GROUP, INC.

2000 CORPORATE RIDGE, SUITE 925
McLEAN, VIRGINIA 22102
(703) 760-4700
Fax: (703) 760-4760
FINANCIAL SERVICES

July 26, 2000

**Sent Federal Express**

Regatta Apartments
Attention: Mr. Phil Rosequist
3401 W Charleston
Las Vegas, NV 89102

Re: Regatta Apartments
Loan #: 012535073
FHA Project No. 125-35073

Gentlemen:

We have been advised by the US Department of Housing and Urban Development that Regatta Apartments has violated its contractual obligations under the Deed of Trust Note and Deed of Trust. Specifically, the mortgagor has failed to correct the continuing material breach.

HUD has exercised its rights to require the mortgagee to accelerate payment of the outstanding principal balance due on the Mortgage on the basis of this violation. This letter will serve as the mortgagee's notice of such default and acceleration of debt.

Sincerely,

Martha J. Johnson
Vice President, Reilly Mortgage Group, Inc.

cc: J. Patrick Goray, HUD
Director, Operations Division

U.S.Department of Housing and Urban Development

California State Office
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, P.O. Box 36003
San Francisco, California 94102-3448
World Wide Web: www.hud.gov/local/sfc/sfchome.html

AUG 02 2000

Reilly Mortgage Group, Inc.
Attention: Martie Johnson
2000 Corporate Ridge, Suite 925
McLean, Virginia 22102

DEPARTMENTAL
ENFORCEMENT CENTER
AUG 0 8 2000
LOS ANGELES

SUBJECT: Instruction to Accelerate Mortgage
Regatta Apartments
125-35073-PM
Las Vegas, Nevada

Dear Ms. Johnson:

Based on the telephone conversation of this date between yourself, Deanna Smith of the San Francisco HUD office and Luc Odabashian of the HUD Enforcement Center in Los Angeles, this letter will constitute a confirmation of HUD's July 19, 2000 Notice to Reilly Mortgage Group Inc.'s (Reilly) instructing Reilly to immediately send a Notice of Acceleration to Regatta Bay Ltd., the mortgagor in this matter.

This Notice is based on the fact that the Deed of Trust Note in this matter is delinquent and owing for the months of June 1, 2000, and July 1, 2000. As a result, Regatta Bay Ltd., (Mortgagor), as successor to Regatta Apartments, has violated the terms of the HUD-insured Deed of Trust Note and Deed of Trust (the Mortgage), both of which are dated September 1, 1979 and held by Reilly as mortgagee.

Please call Deanna Smith at (415)436-6443 if you have any questions or comments.

Sincerely,

J. Patrick Goray
Director, Operations Division

cc: Scott Hunley
Director, Los Angeles Enforcement Center

# United States Bankruptcy Court
District of Nevada

# VOLUNTARY PETITION

RE: (Name of debtor - If individual, enter: Last, First, Middle)
REGATTA BAY LIMITED

NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle)

ALL OTHER NAMES used by debtor in the last 6 years (inc. married, maiden, and trade names)

ALL OTHER NAMES used by joint debtor in the last 6 years (inc. married, maiden, and trade names)

SOC. SEC./TAX I.D. NO. (If more than one, state all)
88-0195570

SOC. SEC./TAX I.D. NO. (If more than one, state all)

STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)
2101 Sandy Lane
Las Vegas, Nevada 89115

COUNTY OF RESIDENCE/BUSINESS: CLARK

STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code)

COUNTY OF RESIDENCE/BUSINESS:

MAILING ADDRESS OF DEBTOR (If different from street address)
3401 West Charleston
Las Vegas, Nevada 89102

MAILING ADDRESS OF JOINT DEBTOR (If different from street address)

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if other than street address)
2101 SANDY LANE, LAS VEGAS, NEVADA

VENUE (Check one box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

INFORMATION REGARDING DEBTOR (Check applicable boxes)

TYPE OF DEBTOR (Check one box)
[ ] Individual
[ ] Joint (Husband & Wife)
[ ] Partnership
[X] Other LIMITED PARTNERSHIP
[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held
[ ] Municipality

NATURE OF DEBT (Check one box)
[ ] Non-Business/Consumer
[X] Business - Complete A&B below

A. TYPE OF BUSINESS (Check one box)
[ ] Farming
[ ] Professional
[ ] Retail/Wholesale
[ ] Railroad
[ ] Transportation
[ ] Manufacturing/Mining
[ ] Stockbroker
[ ] Commodity Broker
[ ] Construction
[X] Real Estate
[ ] Other Business

CHAPTER OR SECTION OF BANKRUPTCY CODE FOR PETITION (Check one box)
[ ] Chapter 7
[ ] Chapter 9
[X] Chapter 11
[ ] Chapter 12
[ ] Chapter 13
[ ] Sec. 304

SMALL BUSINESS (Chapter 11 only)
[ ] Debtor is a small business as defined in 11 U.S.C. § 101.
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (opt'l)

FILING FEE (Check one box)
[X] Filing fee attached
[ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b): see Official Form No. 3

B. BRIEFLY DESCRIBE NATURE OF BUSINESS
APARTMENT RENTAL

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
John Peter Lee, Ltd.
830 Las Vegas Boulevard, South
Las Vegas, Nevada 89101

Telephone No: (702)382-4044

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
JOHN PETER LEE 001768
PAUL C. RAY 004365

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

[ ] Debtor is not represented by an attorney. Telephone No. of Debtor not represented by an attorney:

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS

| 1-15 | 16-49 | 50-99 | 100-199 | 200-[illegible] |
|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ |

ESTIMATED ASSETS (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-[illegible] |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ |

ESTIMATED LIABILITIES (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-[illegible] |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ |

EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-999 | 1000-[illegible] |
|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ |

EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-999 | 100[illegible] |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ |

THIS SPACE FOR COURT USE ONLY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

RECEIP

Case # 00-16865 lbr
Filed: 03:54 PM, 09/08/00
Chapter 11
Las Vegas
# 000073986 - SH
03:58 PM, September 08, 2000

| Code | Qty | Amoun |
|---|---|---|
| 11 | 1 | $830.0 |

Judge: Linda B. Riegle
Trustee: xxx
Debtor(s):
REGATTA BAY LIMITED

ATTORNEY

**First Meeting of Creditors**
01:00 PM, October 11, 2000
BIBLE BUILDING
600 LAS VEGAS BLVD., SOUTH
ROOM 435
LAS VEGAS, NV 89101

**TOTAL PAID: $830.0**
From: JOHN PETER LEE
830 LAS VEGAS BLVD S
LAS VEGAS, NV 89101-0000

FORM 1. VOLUNTARY PETITION - Page 2 Name of Debtor(s): REGATTA BAY LIMITED

Case Number: ____________

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

[ ] A copy of debtor's proposed plan dated ____________ is attached.

[X] Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

## PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| NONE | | |

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (if more than one, attach additional sheet)

| Name of Debtor | Case Number | Date |
|---|---|---|
| NONE | | |

| Relationship | District | Judge |
|---|---|---|
| | | |

## REQUEST FOR RELIEF

Debtor is eligible for and requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

x [signature] ____________
JOHN PETER LEE

Date ____________

### INDIVIDUAL/JOINT DEBTOR(S)

I declare under penalty of perjury that the information provided in this petition is true and correct.

x Not Applicable
Signature of Debtor

Date ____________

x Not Applicable
Signature of Joint Debtor

Date ____________

### CORPORATE OR PARTNERSHIP DEBTOR

I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

x [signature]
Signature of Authorized Individual

PHIL R. ROSEQUIST
Print or Type Name of Authorized Individual

GENERAL PARTNER
Title of Individual Authorized by Debtor to File this Petition

5/15/00
Date

If the debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.
If I am represented by an attorney, Exhibit "B" has been completed.

x Not Applicable ____________ Date
Signature of Debtor

x Not Applicable ____________ Date
Signature of Joint Debtor

### EXHIBIT "B"

(To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

x Not Applicable ____________ Date
Signature of Attorney

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document

Not Applicable
Printed or Typed Name of Bankruptcy Petition Preparer

Not Applicable
Social Security Number

Address

Telephone

Name and Social Security number of all other individuals who prepared or assisted in preparing this document:
Not Applicable

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

x Not Applicable
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

UNITED STATES BANKRUPTCY COURT

District of Nevada

In re: REGATTA BAY LIMITED
88-0195570

Case No. ________________

Chapter 11

# Statement Regarding Authority To Sign And File Petition

"I, PHIL R. ROSEQUIST, declare under penalty of perjury that I am one of the general partners of REGATTA BAY LIMITED, a NEVADA partnership, that PHIL R. ROSEQUIST are all of the other general partners, and that all general partners have authorized me to file a voluntary petition commencing a chapter 11 voluntary bankruptcy case on behalf of the partnership."

Executed on: 9/18/90

Signed: PHIL R. ROSEQUIST

UNITED STATES BANKRUPTCY COURT

District of Nevada

In re: REGATTA BAY LIMITED
88-0195570

Case No. ____________

Chapter 11

# List Of Creditors Holding 20 Largest Unsecured Claims

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| REILLY MORTGAGE<br>P.O. Box 13276<br>Newark, NJ 07101-3276 | ( ) -<br>REILLY MORTGAGE<br>P.O. Box 13276<br>Newark, NJ 07101-327 | MORTGAGE | | 3,057,712.74<br>SECURED VALUE:<br>0.00 |
| PR DEVELOPMENT/REGATTA<br>MGMT & PHIL R. ROSEQUIST<br>LAS VEGAS, NEVADA 89102<br>3401 WEST CHARLESTON<br>LAS VEGAS,NEVADA 89102 | PR DEVELOPMENT /<br>( ) -<br>REGATTA/MGMT /<br>PHIL R. ROSEQUIST<br>LAS VEGAS, NEVADA 89<br>3401 WEST CHARLESTON | LOANS/MGMT/CONSTRUCT | | 484,203.00 |
| [illegible] VENTURES<br>[illegible]O. BOX 98281<br>LAS VEGAS, NEVADA 89193 | ( ) -<br>S&J VENTURES<br>P.O. BOX 98281<br>LAS VEGAS, NEVADA 89 | CARPET CLEANING | | 7,529.87 |
| ALLIED SPECIAL SERVICES<br>1722 PRIMROSE PATH<br>LAS VEGAS, NEVADA 89108 | ( ) -<br>ALLIED SPECIAL SERVI<br>1722 PRIMROSE PATH<br>LAS VEGAS, NEVADA 89 | CARPET REPAIR/INSTAL | | 5,333.65 |
| SANITATION DISTRICT<br>P.O. BOX 98526<br>LAS VEGAS, NEVADA 89193 | ( ) -<br>SANITATION DISTRICT<br>P.O. BOX 98526<br>LAS VEGAS, NEVADA 89 | 1/4 SEWER SERVICES | | 3,618.07 |
| 21ST CAPITAL CORP.<br>P.O. BOX 982<br>MALIBU, CA 90265 | ( ) -<br>21ST CAPITAL CORP.<br>P.O. BOX 982<br>MALIBU, CA 90265 | SERCURITY | | 3,594.00 |
| CENTURY MAINTAINANCE<br>SUPPLY<br>P.O. BOX 842434<br>DALLAS, TX 75284 | ( ) -<br>CENTURY MAINTAINANCE<br>SUPPLY<br>P.O. BOX 842434<br>DALLAS, TX 75284 | HARDWARE | | 2,680.76 |