No. 04-1403C
(Judge Hodges)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REGATTA BAY LTD.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX, VOLUME NO. THREE,
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

MARK A. MELNICK
Assistant Director

GEOFFREY L. PATTON
LUC ODABASHIAN
Department of Housing
& Urban Development

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St..
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

January 14, 2005

Attorneys for Defendant

## Index to Appendix


| | Page |
|---|---|
| Deed of Trust dated September 1, 1979 | 1 |
| Deed of Trust Note dated September 1, 1979 | 8 |
| Security Agreement dated September 30, 1979 | 10 |
| May 9, 2000, response by Regatta to notice of violation | 17 |
| July 19, 2000 instruction to accelerate mortgage | 20 |
| July 26, 2000 letter to Regatta from Reilly | 22 |
| August 2, 2000 letter to Reilly from HUD confirming HUD's July 19, 2000 notice | 23 |
| September 8, 2000 Regatta voluntary bankruptcy petition | 24 |
| September 11, 2000, email regarding Reilly election to assign the mortgage in exchange for insurance benefits | 28 |
| October 18, 2000, letter from Reilly to HUD acknowledging assignment of the mortgage | 32 |
| December 5, 2000 appraisal report (selected portions) | 33 |
| February 21, 2001 Regatta bankruptcy proof of claim | 48 |
| April 4, 2001 stipulation of facts | 51 |

Index to Appendix (Cont.)


| | Page |
|---|---|
| April 25, 2001 order granting relief from automatic stay | 53 |
| May 7, 2001 final settlement of insurance benefits | 55 |
| May 17, 2001 Regatta motion to dismiss bankruptcy case | 57 |
| May 22, 2001 notice of intent to foreclosure | 58 |
| June 12, 2001, Regatta's written response to proposed foreclosure | 60 |
| June 20, 2001 decision to proceed to foreclosure | 62 |
| July 10, 2001 order granting Regatta's motion to dismiss bankruptcy petition | 63 |
| October 31, 2001 notice of default and foreclosure sale | 65 |
| November 20, 2001 agreement | 69 |
| January 25, 2002 deed | 74 |
| January 31, 2002 memorandum regarding statement of expenses and amount due Regatta | 78 |
| November 4, 2003 MDDR report | 82 |
| December 18, 2003 Declaration of Janet L. Browder | 85 |

...return receipt, a USPS postmark on your Certified Mail receipt is required.
For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
If a postmark on the Certified...

U.S. Department of Housing Urban Development
Texas State Office
Fort Worth Multifamily PD Center
801 Cherry Street
Burnett Plaza
Fort Worth, Texas 76102

June 20, 2001

Mr. Phil R. Rosequist
General Partner
Regatta Bay, Ltd.,
3401 W. Charleston Blvd.
Las Vegas, NV 89102

Dear Mr. Rosequist:

Subject: Decision to Proceed to Foreclosure
Project No. 125-35073
Regatta Apartments
Las Vegas, NV 89102

In a letter dated May 22, 2001, you were offered the opportunity to present legal reasons why the Department of Housing and Urban Development (HUD) should not proceed with foreclosure on Regatta Apartments.

You requested no hearing; additionally your letter dated June 12, 2001, did not show any legal reasons why HUD should not foreclose. Therefore, HUD will proceed with foreclosure action on this property.

If you have any questions on this matter, please contact Becky Al-Rubaiie at (817) 978-5815.

Sincerely,
Alvin E. Braggs
Director
Ft. Worth Multifamily PD Center

cc:
6AHMR alrubaiie
6AHMR pompa
6AHMR stark
6AHMR braggs
6AHMR:ba 6-15-01

| 6AHMR | 6AHMR | 6G |
|---|---|---|
| alrubaiie | pompa | stark |
| 6/20/01 | RED 6/21/01 | |

JUL-03-2001 09:52 DOJ-CORP FIN LIT 202 307 0494 P.01/02

JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 4365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
Attorneys for the Debtor

RECEIVED AND FILED
2001 JUL -9 PM 4:22
UNITED STATES BANKRUPTCY COURT
PATRICIA GRAY, CLERK

ENTERED JUL 10 2001

JUL 05 2001

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>REGATTA BAY, LTD., a Nevada limited partnership,<br><br>Debtor | Case No.: BK-S-00-16865-LBR<br>Chapter 11<br><br>Date of Hearing: June 19, 2001<br>Time of Hearing: 9:30 a.m. |

604.021513 dp

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

**ORDER GRANTING REGATTA BAY LIMITED'S MOTION TO DISMISS**

Upon consideration of the Debtor's Motion to Dismiss Case filed on May 17, 2001; upon consideration of all papers filed pertaining thereto; upon consideration of the statements of counsel appearing at the hearing on June 19, 2001 at 9:30 a.m. and for good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Regatta Bay Limited's Motion to Dismiss Case with prejudice to any refiling bankruptcy by Debtor, Regatta Bay, Ltd. ("Debtor") is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the [last quarter's] U.S. Trustee's fees [for the period ending 6/30/01] can be paid out of ~~the~~ [the United States of America's] cash collateral on two conditions:

1. That there is sufficient cash available after reasonable operating expenses.
2. That this case be dismissed with prejudice to any refiling.

JBL

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that counsel's signatures of approval of the form of this order may be accomplished by facsimile signature.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the instant Chapter 11



98

reorganization case is dismissed with prejudice.

DATED this JUL of 9 2001, 2001.

LINDA B. RIEGLE
United States Bankruptcy Judge
United States Bankruptcy Court for
the District of Nevada

Respectfully submitted,

JOHN PETER LEE, LTD.

JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 4365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
*Attorneys for the Debtor*

OFFICE OF THE UNITED STATES TRUSTEE

J. MICHAL BLOOM, ESQ.
600 Las Vegas Boulevard South #430
Las Vegas, NV 89101
(702) 388-6600
*Chapter 11 Trustee*

APPROVED:

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION

J. Christopher Kohn, Esq.
Tracy J. Whitaker, Esq.
SETH B. SHAPIRO, ESQ.
Civil Division, Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
(202) 514-7164
*Attorneys for the United States of America,*
*U.S. Department of Housing and Urban Development*

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

NOTICE OF DEFAULT AND FORECLOSURE SALE

WHEREAS, on September 1, 1979, a certain Deed of Trust was executed by Regatta Apartments, a Nevada Limited Partnership, as grantor in favor of Weyerhaeuser Mortgage Company, a California Corporation, as beneficiary and Westwood Associates, A California Corporation, as trustee, and was recorded on September 27, 1979, in Book 1124, as Instrument No. 1083580 in the Office of the County Recorder of Clark County, Nevada; and

WHEREAS, the Deed of Trust was insured by the United States Secretary of Housing and Urban Development (the Secretary) Pursuant to Section 221 (d) (4) of the National Housing Act, 12 U.S.C. § 17151, for the purpose of providing multifamily housing; and

WHEREAS, the beneficial interest in the Deed of Trust is now owned by the Secretary, pursuant to an assignment dated September 29, 2000 and recorded on October 6, 2000, in Book 20001006, Instrument 00835, in the office of the County Recorder of Clark County; and

WHEREAS, a default has been made in the covenants and conditions of the Deed of Trust in that the payment due on July 1, 2000, was not made and remains wholly unpaid as of the date of this notice, and no payment has been made sufficient to restore the loan to currency; and

WHEREAS, by virtue of this default, the Secretary has declared the entire amount of the indebtedness secured by the Deed of Trust to be immediately due and payable;

NOW THEREFORE, pursuant to powers vested in me by the Multifamily Mortgage Foreclosure Act of 1981, 12 U.S.C. 3701 et seq., by 24 CFR Part 27, and by the Secretary's designation of me as Foreclosure Commissioner, notice is hereby given that on December 4, 2001 at 12:30 p.m. local time, all real and personal property at or used in connection with the following described premises located at 2101 Sandy Lane, Las Vegas, Nevada (the Project), will be sold at

public auction to the highest bidder.

The sale will be held at Clark County Court House 200 S. 3rd St. Las Vegas, Nevada, Front Steps.

The successful bidder (other than the Secretary) will. Pursuant to 12 U.S.C. 3706 (b) (2) (A), be required to operate the Project in accordance with the terms, as appropriate, of Section 221 (d) (4) of the National Housing Act, 12 U.S.C. § 17151. The successful bidder (other than the Secretary) will be required to execute a Use Agreement with the Secretary which contains the terms and conditions under which the Project must be operated. The Commissioner's deed to the successful bidder will contain covenants that obligate the grantee to operate the Project in accordance with the appropriate conditions. Also, the successful bidder (other than the Secretary) must receive previous participation clearance in accordance with procedures set out in 24 C.F.R. 200.210 et seq.

Additional information about this sale, including the terms under which the sale is being conducted, is provided in a bid package which is available from:

U.S. Department of Housing
and Urban Development
801 Cherry Street
Fort Worth, Texas 76102
Telephone No.: 214-905-0877
Fax No.: 214-905-9931
Email: bidkits@swbell.net

All parties who are interested in bidding at the sale must obtain a bid package. The bid package contains sample copies of documents that the purchaser must deliver at the sale and copies of documents that the purchaser must execute at closing. The bid package also describes, among other things, the procedure for prorating real estate taxes, and the purchaser's obligations after the sale. In addition, the bid package describes the specific repairs that the purchaser must perform.

When making their bid, all bidders except the Secretary must submit a deposit totaling

$75,000 in the form of a certified check or cashier's check made out to the Secretary of HUD. A deposit must accompany each oral bid. If the successful bid is oral, a deposit of $75,000 must be presented before the bidding is closed. The deposit is nonrefundable. The remainder of the purchase price must be delivered within 30 days of the sale or at such other time as the Secretary may determine for good cause shown, time being of the essence. This amount, like the bid deposits, must be delivered in the form of a certified or cashier's check. If the Secretary is the high bidder, he need not pay the bid amount in cash. The successful bidder will pay all conveyance fees, all real estate and other taxes that are due on or after the date of closing and all other costs associated with the transfer of title.

Before being accepted as the purchaser, the high bidder must deliver to the Commissioner, at the time of sale, an executed Acknowledgment by Bidder form. In this form, the high bidder acknowledges that he understands the terms of the sale and the obligations to which he will be bound after the sale.

The Secretary may grant an extension of time within which to close. All extensions will be for 30 days, and purchaser must pay a fee which is the greater of 1.5% of the purchase price or HUD's current holding cost. The extension fee shall be paid in the form of a certified or cashier's check made payable to the Secretary of Housing and Urban Development. If the high bidder closes the sale prior to the expiration of any extension period, the unused portion of the extension fee shall be applied toward the amount due at closing.

If the high bidder is unable to close the sale within the required period, or within any extensions of time granted by the Secretary, the high bidder's deposit will be forfeited, and the Commissioner may offer the Project to the second highest bidder for an amount equal to the highest

price offered by that bidder. All other terms of the sale would remain the same. If the second highest bidder rejects the Commissioner's offer, no further offers will be made and the sale will be canceled.

HUD will not provide Section 8 funds with the sale of this project.

Dated: 10-31-01

Michael K. Lewis, Foreclosure Commissioner

The foregoing instrument was acknowledged before me this 31 day of October, 2001, by Michael K. Lewis, Foreclosure Commissioner.

Notary Public

My Commission Expires

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
R. E. GIMPLE
Appt. No. 92-3491-1
My Appt. Expires Aug. 10, 2004

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
TELEPHONE
(702) 382-4044
TELECOPIER
(702) 383-9950

November 20, 2001

**Via Facsimile (202) 307-0494**
**and First Class Mail**

Seth B. Shapiro, Esq.
United States Department of Justice, Civil Division
Commercial Litigation Department
P.O. Box 875, Franklin Station
Washington, D.C. 20044

Re: Regatta Bay, Ltd.

Dear Seth:

Enclosed please find the executed term sheet/settlement letter which you sent dated November 20, 2001. Also please find the billing statements for the attorneys' fees and costs for Regatta in this matter, as we discussed in our telephone conversations. Finally, please find enclosed a copy of the Stipulation and Order which we discussed and which I will be sending to Stephen Myhre for his signature.

Please call to confirm your receipt of these items, and let me know if any questions arise regarding these items.

I hope you and your family have a happy Thanksgiving.

Sincerely,

JOHN PETER LEE, LTD.

PAUL C. RAY, ESQ.

PCR/dp
604 021513
Enclosures
cc: Bob Rosequist

U.S. Department of Justice
Civil Division

Postal Service Address
P.O. Box 875 Ben Franklin Station
Washington, D.C. 20044-0875

Street Address
1100 L Street, N.W.- Room 10002
Washington, D.C. 20005

*Seth B. Shapiro- Trial Attorney*

Phone: (202)514-7164 Fax: (202)307-0494

**PRIVILEGED - SETTLEMENT NEGOTIATIONS**

November 20, 2001

VIA FACSIMILE

Paul C. Ray, Esq.
Law Office of John Peter Lee, Ltd.
830 Las Vegas, Blvd. South
Las Vegas, Nevada 89101

Re: Regatta Bay, Ltd. ("Debtor")

Dear Paul:

I am in receipt of your settlement offer, dated November 2, 2001, As drafted, the offer is unacceptable to the United States of America, acting on behalf of the U.S. Department of Housing & Urban Development ("HUD"). However, I am authorized to make the following recommendation for a counter-offer, subject to the necessary approvals of the U.S. Department of Justice and HUD senior officials.

As you know, HUD currently has a foreclosure sale scheduled for the Debtor's property on December 4, 2001 at 12:30 p.m. HUD will cancel the sale and authorize the Debtor's sale of the property to PacifiCap for $3,062,808.63 in cash or wire-transferred funds paid to HUD, if and only if, all of the following conditions and terms are accepted and satisfied by close of business 5:00 p.m. E.S.T. on Monday, December 3, 2001.

1. HUD must receive into its account all $3,062,808.63 in cash or by wire transfer by 5:00 p.m. E.S.T. on December 3, 2001.

2. If HUD receives $3,062,808.63 in cash or by wire transfer from PacifiCap by 5:00 p.m E.S.T. on December 3, 2001, then HUD will release its note and deed of trust related to the Debtor's property. However, HUD may continue to assert against Regatta Bay, Ltd. and Mr. Rosequist any other claims which HUD may

have against either or both or them, including, without limitation, any claims for breach of the regulatory agreement related to the project, unjust enrichment, violation of the federal priority statute, restitution, statutory and other claims.

3. Regatta Bay will immediately, upon execution by the United States and Regatta Bay, Ltd. of this letter agreement, file in the Bankruptcy Court a notice of withdrawal with prejudice of its motion to alter or amend the dismissal order in its chapter 11 case, presently scheduled to be heard on November 27, 2001 at 1:30 p.m.

4. If HUD does not receive $3,062,808.63 from PacifiCap in cash or by wire transfer by 5:00 p.m. E.S.T. on December 3, 2001, then HUD will proceed with its foreclosure sale on December 4, 2001, as scheduled.

5. HUD will not be required to release any claims it has against Regatta Bay and/or Bob Rosequist under the regulatory agreement or other claims as provided in paragraph 2 above. However, after HUD receives the $3,062,808.63, HUD shall not be permitted to place a lien on the Regatta Apartments project for such liability.

6. If the sale price for the property from PacifiCap exceeds $3,062,808.63, then any surplus proceeds shall be placed into an interest-bearing escrow account.

7. If HUD prevails in its anticipated litigation against Regatta Bay, Ltd. and Mr. Rosequist, then these surplus monies will be paid to HUD as partial satisfaction of its judgment. If Mr. Rosequist and Regatta Bay prevail, then the money shall be paid to Mr. Rosequist on behalf of Regatta Bay, Ltd. If the parties settle, then the proceeds will be distributed pursuant to the settlement.

8. No Section 8 money is promised by HUD to PacifiCap nor will any such Section 8 funds be paid to anyone in connection with this sale, unless HUD consents in writing.

9. PacifiCap must meet all of HUD's eligibility requirements, to be the purchaser of the Regatta Apartments and must agree to sign a use and regulatory agreement with HUD which contains the terms and conditions under which the project must be operated.

10. If the sale price to PacifiCap is $3.45 million, then HUD agrees to the distribution of the proceeds, as follows:

- $3,062,808.63 to be paid to HUD in cash or by wire transfer on or before 5:00 p.m. E.S.T. on December 3, 2001

- Total Real Estate Commissions - 6%
  (3%) Buyer's Agent - Pat Sauter - $103,500
  (3%) Regatta Bay's Agent - Bob Rosequist - $103,500

- Regatta Bay, Ltd.'s Attorneys' Fees
  $50,000 (approx.) subject to HUD's review of bills satisfactory to HUD in HUD's sole discretion

- Non-Insider Unsecured Creditors listed in Regatta Bay, Ltd.'s schedules (not Bob Rosequist nor any creditor related to Mr. Rosequist or Regatta Bay nor any entity in which they hold an interest) - $33,000 (approx.)

- Closing Costs - $12,000 (approx.)

- Neither Regatta Bay, Ltd. nor Bob Rosequist (nor any related person or entity in which they hold an interest) shall receive any portion of the closing costs whatsoever.

- Regatta Bay, Ltd. agrees to provide HUD with documentation for the distribution of the sale proceeds within thirty (30) days before distribution. As you informed me, the difference between the amount payable to HUD on December 3, 2001 and the total sale price may be paid approximately ninety (90) days after December 3rd under the terms of PacifiCap's offer.

  Accordingly, some or all of the above items including commissions, attorneys' fees, etc., excluding the $3,062,808.63 which must be paid to HUD on December 3, 2001 for the agreement to be enforceable, may be distributed from the proceeds of the closing of PacifiCap's bond allocation in the Clark County bond transaction.

Please acknowledge your acceptance of the terms of this letter agreement below on behalf of Regatta Bay, Ltd. and have Mr. Rosequist sign for himself and the partnership.

Thank you for your prompt response and professional courtesy.

Seth B. Shapiro
U.S. Department of Justice
on behalf of the U.S. Department of
Housing & Urban Development

cc: Luc Odabashian

ACCEPTED THIS 20 DAY
OF NOVEMBER 2001

Paul C. Ray, as counsel for
Regatta Bay, Ltd.

Phil R. Rosequist on behalf of
himself and Regatta Bay, Ltd.

Ali Moghadem
1805 Daley Canyon Rd
San Bernardino CA 92404

APN: 140-19-202-001

Deed

This indenture made this 25th day of January, 2002.

WHEREAS, on September 1, 1979, a certain Deed of Trust was executed by Regatta Apartments, a Nevada Limited Partnership, as grantor in favor of Weyerhaeuser mortgage Company, a California corporation, as beneficiary and Westwood Associates, a California corporation, as Trustee, as trustee, and was recorded on September 27, 1979, in Book 1124, as Instrument No. 108350 in the Office of the County Recorder of Clark County, Nevada; and

WHEREAS, on September 29, 2000, the beneficial interest in the Deed of Trust was assigned to the United States Secretary of housing and urban Development (the Secretary); and

WHEREAS, by virtue of a default in the covenants and conditions of the Deed of Trust the Secretary designated me as foreclosure commissioner to conduct a nonjudicial foreclosure of the Deed of Trust under the provision of the Multifamily Mortgage Foreclosure Act of 1981 (the Act) 12 U.S.C. 3701 et seq.; and

WHEREAS, a Notice of Default and Foreclosure Sale was sent by certified or registered mail (1) on November 13, 2001, to Regatta Bay, Ltd., a Nevada Limited Partnership, the owner of the property secured by the Deed of Trust as shown by the public record on October 20, 2001, (2) on November 16, 2001, to Regatta Apartments, a Nevada Limited Partnership, the original borrower, (3) on November 16, 2001 to Web Service Company, Inc., and Riggs National Bank of Washington D.C., and California Public Employees Retirement System, the parties who as of October 20, 2001, had a lien on the property secured by the Deed of Trust; and

WHEREAS, a copy of the notice of Default and Foreclosure sale was published in the Las Vegas Review-Journal on November 15, November 22 and November 29, 2001; and

WHEREAS, pursuant to the Notice of Default and Foreclosure Sale and to the act, a foreclosure sale was held on December 4, 2001, at which Ali Moghadam submitted the highest bid in the amount of $3,600,000.00; and

WHEREAS, the following costs were incurred in conducting the foreclosure sale:

a. $1,362.03 for advertising and postage expenses incurred in mailing, and publishing the Notice of Default and Foreclosure Sale.

b. $611.22 for mileage expenses incurred in posting the notice of Default and Foreclosure Sale, and for the commissioner's attendance at the foreclosure sale.

c. $530.00 for reasonable and necessary costs incurred for title and lien record searches.

d. $33.00 for the commissioner's necessary out-of-pocket expenses incurred for recording documents.

e. $2,500.00 as commission to the foreclosure commissioner.

NOW THEREFORE, for one dollar and other good and valuable considerations, the undersigned hereby grants, bargains, sells and conveys to Ali Moghadam, **a single man the following described property located in Clark County, Nevada:

See Exhibit "A" attached hereto and incorporated herein by reference.

The grantor hereby conveys to the grantee all right, title and interest in the above property held by the grantor herein, the Secretary, the trustee, the grantor under the Deed of Trust or any other party claiming by, through, or under them on the date the Deed of Trust referred to above was recorded and any interest acquired by any of them until the date of the foreclosure sale.

Exhibit "A"

Situate in the County of Clark, State of Nevada, described as follows:

A portion of the East Half (E½) of Government Lot 2, Section 19, T.20 S., R. 62 E., M.D.M., Clark County, Nevada, more particularly described as follows:

COMMENCING at the Southeast corner of said Government Lot 2; thence N. 01°03'25" W., along the Easterly line thereof, 425.05 feet to the TRUE POINT OF BEGINNING; thence continuing N. 01°03'25"W., 329.32 feet to a point on the Southerly boundary of Regatta Estates as shown by a plat on file as Book 22 of Plats, Page 98, on file in the Clark County, Nevada Official Records; thence along the said Southerly boundary the following courses: S. 88°56'35" W., 140.00 feet; N. 01°03'25" W., 457.72 feet; N. 89°38'21" W., 529.77 feet to a point on the West line of the aforesaid East Half (E½) of the Government Lot 2; thence along said line, S. 00°52'52" E., 503.92 feet; thence departing said line, S. 89°33'46" E., 314.35 feet; thence S. 00°44'27" E., 278.69 feet; thence S. 89°33'46" E., 358.57 feet to the TRUE POINT OF BEGINNING.

JAN-29-02 11:01 FROM:NEVADA

The covenants contained the attached Use Agreement are incorporated in to this Deed and shall be enforceable by the parties thereto as covenants running with the land.

Michael Lewis, Foreclosure Commissioner

The foregoing instrument was acknowledged before me this 15 day of January, 2002, by Michael Lewis, Foreclosure Commissioner.

Notary Public

My Commission Expires:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
R E GIMPLE
Appt. No. 92-3491-1
My Appt. Expires Aug. 10, 2004

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
Texas State Office, Southwest
Office of General Counsel
801 Cherry Street
Burnett Plaza
Fort Worth, Texas 76102

January 31, 2002

MEMORANDUM FOR: Al Braggs, Director, PD Center, 6AHMR

FROM: Jack Stark, Associate Field Counsel, 6AC

SUBJECT: Regatta Apts.
Las Vegas, NV
125-35073

The above-mentioned property sold for more than the indebted amount. The following amount is due to the previous owner; please send the check to the address shown below:

Mr. Phil R. Rosequist
General Partner
Regatta Bay, Ltd.
3401 W. Charleston Blvd.
Las Vegas, NV 89102

Enclosed is the Statement of Expenses, with supporting invoice from Data Prompt, which was received by HUD on January 31, 2002.

The total amount approved is $155,091.57.

Payment to Mr. Rosequist is in order and should be sent directly to the address above.

If you have any questions regarding this matter, please call Jack Stark, Associate Field Counsel, at 978-5991.

Attachments

STATEMENT OF INDEBTEDNESS
AS OF 01/25/2002

(Date Run:)
(01/30/2002)

FHA: 125-35073
Mortgagor: REGATTA APARTMENTS PARTNERSHIP

| | |
|---|---|
| Unpaid Principal Balance | 3,057,712.44 |
| Unpaid Accrued Mortgage Interest at 7.50000% per annum | 378,515.16 |
| Unpaid Service Charge | 5,920.52 |
| Unpaid Other Charge | 6,887.94 |
| | ---------------- |
| | 3,449,036.06 |
| ADD: | |
| Advances For Taxes | 37,001.59 |
| Interest on Tax Advances at 7.50000% per annum | 575.88 |
| Advances for Operating Property | 0.00 |
| Interest on Operating Advances at 7.50000% per annum | 0.00 |
| Advances for Foreclosure Cost | 564.78 |
| Interest on Foreclosure Advances at 7.50000% per annum | 6.43 |
| Current Month MIP Operating Advances | 0.00 |
| | ---------------- |
| | 3,487,184.74 |
| LESS Funds Held By FHA: | |
| Tax Escrow | 0.00 |
| Replacement Reserve | 0.00 |
| Hazard Insurance | 0.00 |
| Other Escrow | 75,000.00- |
| Outside Deposits | 0.00 |
| | ---------------- |
| | 3,412,184.74 |

Daily Interest Factor

| RATE | Mortgage | Tax Advance | Operating Advance | Foreclosure Advance |
|---|---|---|---|---|
| | 7.50000% | 7.50000% | 7.50000% | 7.50000% |
| 28 Day Month | 682.52510 | 7.60307 | 0.00000 | 0.11605 |
| 29 Day Month | 658.98975 | 7.60307 | 0.00000 | 0.11605 |
| 30 Day Month | 637.02342 | 7.60307 | 0.00000 | 0.11605 |
| 31 Day Month | 616.47428 | 7.60307 | 0.00000 | 0.11605 |

Monthly Service Charge in the amount of 1,239.22 will be due for each month thru 3/2002 after which the amount will change.

**THE ABOVE FIGURES ARE SUBJECT TO ADJUSTMENTS FOR ANY FUNDS RECEIVED OR DISBURSED PRIOR TO OR AFTER 01/30/2002***

Last payment received on 08/01/00 for 06/00

Becky S. Al-Rubaiie
01/30/02 03:43 PM

To: Carol Dell Horton/OGC/FTW/HUD@HUD
cc: Becky S. Al-Rubaiie/HSNG/FTW/HUD@HUD
Subject: Re: Regatta advertising costs

**Regatta Costs:**

| | |
|---|---|
| 60,017 | $1,103.01 |
| 60,025 | $1,079.49 |
| 60,048 | $664.75 |
| 60,055 | $654.00 |
| 60,060 | $1,184.54 |
| Postage | $1,749.15 |
| Distribution | $5,830.50 |
| Total | **$12,265.44** |

| | |
|---|---|
| Newspaper advertising | 11,356 |
| Printer | 717 |
| VIB Mailing List | 565 |
| Postage | 2,174 |
| TOTAL | 14,812 |

*************************

**Total both bidkits and advertising: $27,077.44**

LAW OFFICES OF

# CROSBY & GLADNER, P.C.

1726 E. Thomas Road
Phoenix, AZ 85016-7604
PHONE:(602)274-9100 FAX:(602)274-8300

G. LEE CROSBY, JR.*
MARC S. GLADNER **
S. MATT COLLINS
MICHAEL K. LEWIS***

*ALSO LICENSED IN WHITE MOUNTAIN APACHE TRIBE
**ALSO LICENSED IN HOPI TRIBE
***ONLY LICENSED IN NEVADA, PARTNER WITH CROSBY & GLADNER, P.C

Additional Office in Las Vegas, Nevada

**Date:** 01/15/2002

U.S. Department Of Housing And
Attn Jack Stark, Associate Field Co
801 Cherry Street, Burnett Plaza

Fort Worth TX 76102

**Your Loan #:** 125-35073
**Current Owner:** Regatta Apartments
**Our File #:** LC-26-01
**Our Tax ID #:** 86-0636941

## INVOICE #: *26-01-20020115*

| | |
|---|---|
| **ATTORNEY FEES:** | |
| Attorney's Fees | $3,000.00 |
| **STATUTORY COSTS:** | |
| Mail (Statutory) | $33.36 |
| Posting | $611.22 |
| Publication | $1,328.67 |
| Recording Fees | $33.00 |
| Secretary of State Search | $140.00 |
| Trustee Sale Guarantee | $0.00 |
| Title Report | $500.00 |
| Standard Owners Policy | $0.00 |
| **TOTAL FEES AND COSTS:** | $5,646.25 |

[illegible]

## MDDR Report as on 11/04/2003

| | |
|---|---|
| Submission Type(s): | [illegible] |
| For FHA Number: 12535073 | |
| Grouped by: | [illegible] |
| Records Found: | [illegible] |

Return to [Report Menu] [MDDR Home]

| FHA No. | Property Name | Submission Type | Submission Date | Servicing Site | Lender | Payment Due Date | Paid Through Date | Last Payment Date | Last Payment Amount | Default Type | Reinstatement Reason | Reinstatement Date | Comment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Default Update** | | | | | | | | | | | | | |
| 12535073 | REGATTA APARTMENTS | Default Update | 07/13/2000 | Las Vegas | REILLY MORTGAGE GROUP | 06/01/2000 | 05/31/2000 | 05/01/2000 | 30831.24 | Fiscal | | | This project should be listed as an update for 05 & 06/01/2000 default period. This incorrect reporting was caused by a misunderstanding between Reilly and the MDDR system. For further clarification, contact Gloria Burton/Rick Mastal at (202) 619- |
| **Delinquency** | | | | | | | | | | | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 08/07/2000 | Las Vegas | REILLY MORTGAGE GROUP | 07/01/2000 | 06/30/2000 | 06/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 06/26/2000 | Las Vegas | REILLY MORTGAGE GROUP | 06/01/2000 | 05/31/2000 | 05/01/2000 | | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 05/23/2000 | Las Vegas | REILLY MORTGAGE GROUP | 05/01/2000 | 04/30/2000 | 04/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 04/20/2000 | Las Vegas | REILLY MORTGAGE GROUP | 04/01/2000 | 03/31/2000 | 03/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 03/24/2000 | Las Vegas | REILLY MORTGAGE GROUP | 03/01/2000 | 02/28/2000 | 02/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 03/24/2000 | Las Vegas | REILLY MORTGAGE GROUP | 03/01/2000 | 02/28/2000 | 02/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 02/29/2000 | Las Vegas | REILLY MORTGAGE GROUP | 02/01/2000 | 01/31/2000 | 01/01/2000 | 30831.42 | Fiscal | | | The project has a cash flow problems. The payment will be in by the end of the |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | month. |
| 12535073 | REGATTA APARTMENTS | Delinquency | 02/29/2000 | Las Vegas | REILLY MORTGAGE GROUP | 02/01/2000 | 01/31/2000 | 01/01/2000 | 30831.42 | Fiscal | | | |
| 12535073 | REGATTA APARTMENTS | Delinquency | 02/29/2000 | Las Vegas | REILLY MORTGAGE GROUP | 02/01/2000 | 01/31/2000 | 01/01/2000 | 30831.42 | Fiscal | | | |
| **Election to Assign** | | | | | | | | | | | | | |
| 12535073 | REGATTA APARTMENTS | Election to Assign | 09/11/2000 | Las Vegas | REILLY MORTGAGE GROUP | 07/01/2000 | 06/30/2000 | 06/01/2000 | 30831.42 | Fiscal | | | The project has a cash flow problem. We informed Mr. Rosequist that the account needed to be current by the end of 8/00 or loan would be assigned. As of 9/7 we have not received payments. |
| **Initial Default** | | | | | | | | | | | | | |
| 12535073 | REGATTA APARTMENTS | Initial Default | 08/07/2000 | Las Vegas | REILLY MORTGAGE GROUP | 07/01/2000 | 06/30/2000 | 06/01/2000 | 30831.42 | Fiscal | | | The project is experiencing cash flow problems. Mr. Rosequist(owner) is aware that the loan must be current by the end of august or it will be assigned. |
| 12535073 | REGATTA APARTMENTS | Initial Default | 07/13/2000 | Las Vegas | REILLY MORTGAGE GROUP | 06/01/2000 | 05/31/2000 | 05/01/2000 | 30831.24 | Fiscal | | | This project should be listed as an update for 05 & 06/01/2000 default period. This incorrect reporting was caused by a misunderstanding between Reilly and the MDDR system. For further clarification, contact Gloria Burton/Rick Mastal at (202) 619- |
| 12535073 | REGATTA APARTMENTS | Initial Default | 06/06/2000 | Las Vegas | REILLY MORTGAGE GROUP | 05/01/2000 | 04/30/2000 | 04/01/2000 | 30831.42 | Fiscal | | | They stated that the project does not have funds to make the mortgage payment. A message was left for the owner concerning the payment. We will continue to follow-up. |
| **Recordation** | | | | | | | | | | | | | |
| | | | | | | | | | | | | | The project has a cash flow problem. We informed Mr. |

083

Multifamily Delinquency and Default Reporting System (MDDR)

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12535073 | REGATTA APARTMENTS | Recordation | 02/27/2001 | Las Vegas | REILLY MORTGAGE GROUP | 07/01/2000 | 06/30/2000 | 06/01/2000 | 30831.42 | Fiscal | | | Rosequist that the account needed to be current by the end of 8/00 or loan would be assigned. As of 9/7 we have not received payments. |
| **Reinstatement** | | | | | | | | | | | | | |
| 12535073 | REGATTA APARTMENTS | Reinstatement | 08/07/2000 | Las Vegas | REILLY MORTGAGE GROUP | 06/01/2000 | 06/30/2000 | 06/01/2000 | 30831.24 | Fiscal | Paid | 07/31/2000 | The June payment was made on 07/31/2000. |

084

DANIEL G. BOGDEN
United States Attorney
Nevada Bar 2137
RIMANTAS A. RUKSTELE
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787

Luc-Andre Odabashian
Counsel, Office of Program Enforcement

Attorneys for Federal Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REGATTA BAY LIMITED,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | CV-S-03-1009-RCJ-(PAL)<br><br>**DECLARATION OF JANET L. BROWDER** |

I, Janet L. Browder, state the following:

1. I am the director of the San Francisco Multifamily Hub, Office of Housing, U.S. Department of Housing and Urban Development. I am responsible for delivery of all Asset Development and Asset Management functions in the San Francisco HUD Hub which includes the jurisdiction of: Northern California, . . .

Nevada, Arizona and Hawaii. I am the official responsible for the issuance of the 21-day Hearing Notification of Foreclosure.

2. I am familiar with the Regatta Bay apartments in Las Vegas and HUD's efforts to enforce the Regulatory Agreement with Plaintiff. I also have knowledge and information regarding the foreclosure proceedings initiated by HUD against the Regatta Bay apartments.

3. On March 24, 2000, Scott Hunley, the Director of HUD Departmental Enforcement Center in Los Angeles, and I, notified Regatta Bay Ltd. of violations of Paragraphs 8 and 10 of the Regulatory Agreement. The letter reflects HUD's long concern for the apartments' fiscal viability and addresses specific issues regarding (1) the withdrawal of project funds while the apartment complex was in a no surplus cash position; and (2) charging of interest to the project. On August 29, 2000, Frank Malone, Director of Multifamily Asset Management, notified Plaintiff that it was in default of the Regulatory Agreement for the violations addressed above.

4. Pursuant to the violations of the Regulatory Agreement, on November 28, 2000, the HUD Office of Chief Counsel, Departmental Enforcement Center, requested the Department of Justice to bring a civil action against Phil Rosequist, the general partner of Regatta Bay Ltd., pursuant to 12 U.S.C. § 1715z-4a and seek double damages for violation(s) of the Regulatory Agreement as referenced above. HUD did not request that a similar action be filed against Regatta . . .

Bay Limited because Regatta Bay filed for Chapter 11 Bankruptcy protection on September 8, 2000.

5. The Department of Justice did not file a civil action as requested.

6. HUD was extremely concerned with cash flow problems at the Regatta apartments and Plaintiff's failure to make its monthly mortgage payments on the Note and Deed of Trust for June 2000 and July 2000, as well as with the deteriorating physical condition as reflected by low physical inspection scores. Based on these failures to make monthly payments on the Note, on July 19, 2000, HUD instructed the Reilly Mortgage Group, the holders of the HUD-insured Note, to notify Plaintiff that HUD had exercised its right to accelerate payment due on the mortgage.

7. The July 19, 2000, letter to Reilly Mortgage initiated HUD's foreclosure and sale proceedings against Plaintiff. The decision to seek foreclosure and sale was based strictly on Plaintiff's breach of the Deed of Trust and Plaintiff's failure to make timely mortgage payments.

8. HUD had the authority to take a number of different avenues to protect HUD's financial investment and interest in the Regatta Bay apartments and protect the rights of Section 8(a) tenants other than initiating foreclosure and sale. Federal statutes authorized HUD to allow the mortgage default to continue, to renegotiate the agreement, obtain further security from Plaintiff, enter into "work out" arrangement, or find a new buyer for the property.

9. HUD concluded that, based on the poor financial posture of the complex, there was a risk that the Plaintiff would continue to default on its monthly payments. Foreclosure was initiated to protect the assets of the project and the HUD insurance funds.

10. The foreclosure and sale were conducted in accordance with the regulatory CFR provisions. Plaintiff did not contest the foreclosure and sale.

11. I, Janet L. Browder, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of December, 2003.

Janet L. Browder