JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
Attorneys for Plaintiff

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| REGATTA BAY LIMITED,<br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-1403C<br>(Judge Hodges) |

**<u>AFFIDAVIT OF PAUL C. RAY, ESQ.</u>**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

Upon being duly sworn, Affiant deposes and says:

1. That he makes the statements contained herein of his own personal knowledge except as to those matters stated upon information and belief and as to such matters, he is informed and reasonably believes them to be true and is competent to testify to the same.

2. He is an attorney with the law firm of JOHN PETER LEE, LTD., which represents Regatta Bay Limited in the above captioned case.

3. The Federal Defendant filed a Motion for Summary Judgment on or about January 14, 2005, prior to filing an Answer or the parties conducting discovery. Plaintiff is in need of discovery in order to adequately oppose the Federal Defendant's Motion for Summary Judgment. Affiant and opposing counsel for the Federal Defendant, David Stinson, Esq., discussed discovery requests of Plaintiff on or about March 23, 2005, March 25, 2005, April 13, 2005, and April 25, 2005.

4. Plaintiff requested certain documents which may be in the possession of the Federal Defendant, which are identified in two letters which Affiant sent to Mr. Stinson, true and correct copies of which are attached hereto as Exhibits "1" and "2".

5. Plaintiff requested to depose certain individuals with information regarding the facts and circumstances of this case, in order to provide a complete opposition to the Federal Defendant's Motion for Summary Judgment. These individuals are:

a. Janet Browder and/or the Person Most Knowledgeable at HUD regarding HUD's March 24, 2000, August 29, 2000, May 22, 2001 and June 20, 2000 letters to Regatta.

b. Reilly Mortgage's Person Most Knowledgeable regarding HUD's letters to Reilly dated July 19, 2000, August 2, 2000 and September 22, 2000 and Reilly's letters to Regatta dated July 26, 2000 and August 8, 2000 (regarding the "duplicate" June 1

4. Plaintiff requested certain documents which may be in the possession of the Federal Defendant, which are identified in two letters which Affiant sent to Mr. Stinson, true and correct copies of which are attached hereto as Exhibits "1" and "2".

5. Plaintiff requested to depose certain individuals with information regarding the facts and circumstances of this case, in order to provide a complete opposition to the Federal Defendant's Motion for Summary Judgment. These individuals are:

a. Janet Browder and/or the Person Most Knowledgeable at HUD regarding HUD's March 24, 2000, August 29, 2000, May 22, 2001 and June 20, 2000 letters to Regatta.

b. Reilly Mortgage's Person Most Knowledgeable regarding HUD's letters to Reilly dated July 19, 2000, August 2, 2000 and September 22, 2000 and Reilly's letters to Regatta dated July 26, 2000 and August 8, 2000 (regarding the "duplicate" June 1 check), as well as Reilly's correspondence with HUD regarding the subject acceleration and mortgage insurance.

c. HUD's Person Most Knowledgeable regarding such correspondence.

d. David Ewing, former employee of HUD in the Las Vegas office.

e. Ali Mogadam, purchaser of the subject property at foreclosure.

f. Any witness(es) HUD would designate as having knowledge of relevant facts such as the intent of HUD and Reilly concerning the correspondence discussed and thus far identified for support of Regatta's position in Regatta's Response to Requested Findings being filed herein.

g. HUD's Person Most Knowledgeable (if anyone other than those named above) concerning the language of the subject Trust Deed, its default and acceleration provisions and the intent of the language tracking the Nevada statutes on notice of breach and the requirements for an opportunity to cure prior to acceleration, which HUD and Reilly ignored, apparently at HUD's direction, when it gave Regatta notice of acceleration.

6. Counsel for the Federal Defendant agreed to provide, generally, the documentation



JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

requested by Plaintiff within approximately four weeks from today, but did not agree with Plaintiff to permit depositions to be taken of these certain individuals prior to Plaintiff responding to the Federal Defendant's Motion for Summary Judgment. Counsel for the parties agreed that Plaintiff has been diligent in requesting the discovery requested, that the request was not for the purpose of delay, and that the communications amongst counsel were done in good faith to resolve a discovery issue.

7. Upon information and belief, the depositions of the certain individuals requested is necessary in order for Plaintiff: to prove and authenticate relevant documentation that will establish that the Federal Defendant anticipatorily repudiated the subject Regulatory Agreement and Deed of Trust pertaining to the property which is the subject of this litigation; to prove that Regatta was not in material breach of any covenant, term or condition regarding any contract or contractual provision of any document pertaining to the property which is the subject of this litigation; and to establish that certain employees or agents of the Federal Defendant engaged in a specific intent to injure Plaintiff.

8. Regatta Bay Limited has moved for a continuance to allow discovery to be had, which request is in good faith and not for purposes of delay.

FURTHER, Affiant sayeth naught.

PAUL C. RAY, ESQ.

SUBSCRIBED and SWORN to before
me this 28th day of April, 2004.

NOTARY PUBLIC in and for said
County and State

JUDITH L. REILLY
Notary Public State of Nevada
No. 94-1984-1
My appt. exp. Aug. 14, 2006

# EXHIBIT "1"

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 382-4044
FACSIMILE (702) 383-9950
E-MAIL: info@johnpeterlee.com

March 31, 2005

**Via Facsimile 202-514-8624**
**and First Class Mail**

David B. Stinson, Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street
Washington, D.C. 20530

Re: Regatta v. United States
Case No. 04-1403C

Dear Mr. Stinson:

This letter is to follow up on our phone calls of March 23 and March 25. As you know, the purpose of our call was to discuss discovery which we believe we need to respond to your Motion for Summary Judgment.

The following are the items of discovery we have requested:

1. Inspector General's Audit, #SF-212-1002, issued on or about December 20, 1993.
2. All files and correspondence regarding Regatta Bay Apartments and Regatta Bay Limited, including accounting documentation, work papers and analysis of this property, the subject loan and any communications between the lenders or assignees of the lenders and HUD.
3. All files and correspondence regarding the Trustees and beneficiaries of the subject Trust Deed, including Riley Mortgage, and regarding HUD's insurance of the Regatta Bay Apartments and any claims under the insurance, including correspondence, accounting documentation, work papers and analysis of this property, the subject loan, insurance, and any communications between the Trustees, beneficiaries or assignees of the Trustees or beneficiaries and HUD.
4. Annual Certified Audits for the property.
5. Monthly HUD Operating Statements for the property.

6. Backup documentation and analysis for the letter from Janet Browder and Scott Hunley to Phil Rosequist dated March 24, 2000, the letter from Frank Malone to Sheldon Shreiberg dated August 29, 2000, and the letter from Luc-Andre Odabashian to Paul C. Ray, dated May 3, 2001.
7. All memos and papers related to HUD's letter to Riley Mortgage of approximately July 19, 2000 and related to Riley's letter to Regatta of approximately July 26, 2000.
8. All memos, notes, papers or analyses related to HUD's position and the letter from Paul C. Ray to Alvin Braggs dated June 12, 2001.
9. All e-mails regarding any of the above topics or documentation.

We do not believe this documentation should be excessively voluminous, but please let us know how extensive are the documents. If necessary, perhaps we can make arrangements to get certain categories of documents that are easiest produced first, like the e-mails, correspondence and memo files, financial analysis, work papers, etc. and the larger items like the certified audits and the operating statements produced shortly thereafter, if production of those documents is easier for you.

We also want to depose the witnesses in this case. Presently, the witnesses we know of besides Bob Rosequist, are the following:

1. Janet Browder and/or the Person Most Knowledgeable at HUD regarding HUD's March 24, 2000 letter to Phil R. Rosequist.
2. Scott Hunley and/or the Person Most Knowledgeable at HUD regarding HUD's March 24, 2000 letter to Phil R. Rosequist.
3. Riley Mortgage's Person Most Knowledgeable regarding HUD's letter to Riley dated July 19, 2000 and Riley's letter to Regatta dated July 26, 2000.
4. HUD's Person Most Knowledgeable regarding HUD's letter to Riley dated July 19, 2000 and Riley's letter to Regatta dated July 26, 2000.
5. David Ewing, former employee of HUD in the Las Vegas office.
6. Ali Mogadam.
7. Any witness(es) HUD would designate.
8. HUD's Person Most Knowledgeable (if anyone other than those named above) concerning the language of the subject Trust Deed, its default and acceleration provisions and the intent of the language tracking the Nevada statutes on notice of breach and the requirements for an opportunity to cure prior to acceleration, which HUD and Reilly ignored, apparently at HUD's direction, when it gave Regatta notice of acceleration.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW



As we discussed, this is the discovery Regatta will request in the early meeting of counsel when it is held, which I understand you believe should be deferred. In deferring that meeting, we have agreed that no issue exists as to the propriety of Regatta's diligence in discovery under the interpretation you have indicated to prevail in U.S. claims practice that no early meeting of counsel is intended by the court's order so long as your dispositive motion remains pending. The purpose of this discussion about discovery is for you to determine whether or not you want to allow us to take any discovery or whether you will require that we file a Rule 56(f) motion for the opportunity to take discovery to allow us to respond to your motion for summary judgment.

All of the discovery would appear to be necessary if you are challenging Regatta's ability to prove all of the elements of its claims. On the other hand, as you discussed, more limited discovery may relate to the more narrow issues you raise in your motion if you determine that you are not actually challenging Regatta's ability to prove all of the elements of its claims, but rather, for example, only a few of the elements are challenged by your motion.

As you requested, I am forwarding a copy of this letter to Luc-Andre Odabashian, your "agency counsel" so that he can be aware of the discovery we are requesting. As we discussed, I will not contact Mr. Odabashian directly without your consent, but I am sending him a copy of this letter at your request.

I understand you will be unavailable during the week of March 28, and you will just be returning the week of April 4. If I do not hear from you before then, I will call you during the week of April 11 to find out if HUD is willing to provide any of this discovery without necessitating a Rule 56(f) motion by Regatta.

Very truly yours,

JOHN PETER LEE, LTD.

PAUL C. RAY, ESQ.

PCR/dp
604.022029
cc: Luc-Andre Odabashian (via fax 213-894-4377)
Bob Rosequist

# EXHIBIT "2"

responded to those document requests, the following items would be included, but I am specifying them further at your request. As we discussed, neither party is waiving any rights through this process, but we are trying to streamline the discovery exchange process in the possible event of avoiding unnecessary motion practice.

We need the files pertaining to HUD's acquisition of the subject promissory note, including lien rights and everything associated with the assignment. We need those files along with all correspondence between HUD and Reilly Mortgage and any other lenders or servicing agents who may have been involved. We also need all documentation related to HUD's decision to acquire the note, including any proposals received or made by HUD in advance, and any instructions about how to effectuate the assignment. In particular, of course, we would need any correspondence, memos, papers, etc., showing how and why HUD reached its decision to acquire the subject note and/or how HUD intended to handle the acquisition by assignment or by any other means. We regard this category of documents about the assignment as including HUD's insurance claim file for the note. We also need to know if HUD had any documentation concerning its stated position to Reilly of Regatta's "continuing material breach" to support HUD's statements to Reilly in its July 19, 2000 letter. In our conversation, Luc seemed to be

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 382-4044
FACSIMILE (702) 383-9950
E-MAIL: info@johnpeterlee.com

April 13, 2005

**Via Facsimile 202-514-8624**
**and First Class Mail**

David B. Stinson, Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street
Washington, D.C. 20530

Re: Regatta v. United States
Case No. 04-1403C

Dear Mr. Stinson:

This letter is to follow up on our telephone conference of April 13, 2005 with Trevor Hatfield, Luc Odabashian, you and me. At your request I am providing herein another description of a document category or file that we are looking for which otherwise might have involved overlapping descriptions between numbers 2 and 3 of my March 31 letter. I believe that letter was clear and that if HUD responded to those document requests, the following items would be included, but I am specifying them further at your request. As we discussed, neither party is waiving any rights through this process, but we are trying to streamline the discovery exchange process in the possible event of avoiding unnecessary motion practice.

We need the files pertaining to HUD's acquisition of the subject promissory note, including lien rights and everything associated with the assignment. We need those files along with all correspondence between HUD and Reilly Mortgage and any other lenders or servicing agents who may have been involved. We also need all documentation related to HUD's decision to acquire the note, including any proposals received or made by HUD in advance, and any instructions about how to effectuate the assignment. In particular, of course, we would need any correspondence, memos, papers, etc., showing how and why HUD reached its decision to acquire the subject note and/or how HUD intended to handle the acquisition by assignment or by any other means. We regard this category of documents about the assignment as including HUD's insurance claim file for the note. We also need to know if HUD had any documentation concerning its stated position to Reilly of Regatta's "continuing material breach" to support HUD's statements to Reilly in its July 19, 2000 letter. In our conversation, Luc seemed to be

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW



saying that there was no insurance claim issue, but it is our understanding that Reilly assigned the subject note because of HUD's asserted position that Reilly's failure to assign the note would jeopardize the insurance or that the insurance was already defaulted or canceled or in the process of being defaulted or canceled.

To recap our conversation of April 13, I understand you and Luc will go back and look at HUD's files to give us an idea of whether HUD actually has documents falling within each of the nine categories of my March 31, 2005 letter and the type of documents described above. We might have some theoretical arguments between us about some of those documents, but we agreed that some of those arguments might be avoided by simply determining whether or not HUD has any such documents. If HUD does have such documents, we would like a description of how voluminous the documents are, and what is the general nature, organization and location of the documents. For example, we have agreed that the Annual Certified Audits and the monthly HUD Operating Statements which HUD has may possibly be duplicates of the same documents we have. If so, we can simply stipulate that they are identical or determine whether either of us is missing any particular documents and agree to exchange those. On the other hand, we need to know what type of documents HUD has which are responsive to document requests numbers 2, 3 and 8, for example.

We look forward to discussing these items with you again as scheduled at our next telephone conference on April 15 at 2:00 o'clock, p.m., Pacific Time. We agree that it is premature to discuss the scheduling of depositions without knowing which responsive documents exist and whether or not HUD will voluntarily give us an opportunity to review them.

Very truly yours,

JOHN PETER LEE, LTD.

PAUL C. RAY, ESQ.

PCR/dp
604.022029
cc: Luc-Andre Odabashian (via fax 213-894-4377)
Bob Rosequist