JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
Attorneys for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

REGATTA BAY LIMITED,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

No. 04-1403C
(Judge Hodges)

604.022029 dp

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . i

I. NATURE OF THE CASE . . . . . 1

II. ISSUES PRESENTED . . . . . 1

III. STATEMENT OF FACTS . . . . . 2

IV. ARGUMENT . . . . . 6

A. THE FEDERAL DEFENDANT IS NOT ENTITLED TO AN ORDER GRANTING SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 . . . . . 6

B. SUMMARY JUDGMENT IS PRECLUDED AS REGATTA BAY PRESENTS A PRIMA FACIE CASE OF THE FEDERAL DEFENDANT'S BREACH OF THE REGULATORY AGREEMENT . . . . . 9

C. THE FEDERAL DEFENDANT'S WRONGFUL ACCELERATION CAUSED AN IMPROPER DEFAULT AND FORECLOSURE UPON REGATTA BAY . . . . . 10

D. THE FEDERAL DEFENDANT REPUDIATED THE REGULATORY AGREEMENT AND THE DEED OF TRUST . . . . . 10

E. THE FEDERAL DEFENDANT WRONGFULLY FORECLOSED ON THE SUBJECT PROPERTY . . . . . 14

F. THE FEDERAL DEFENDANT WAS NOT ENTITLED TO DEFAULT REGATTA WITHOUT ALLOWING REGATTA ITS GRACE PERIOD, THE OPPORTUNITY TO CURE, AND THE RIGHT TO WRITTEN NOTICE OF THE RIGHT TO CURE . . . . . 15

G. THE FEDERAL DEFENDANT'S ARGUMENTS FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION ARE MERITLESS . . . . . 16

H. REGATTA BAY'S ACTION IS NOT BARRED BECAUSE REGATTA BAY REQUESTS DECLARATORY JUDGMENT FROM THE COURT . . . . . 19

I. THIS COURT HAS JURISDICTION TO REVIEW REGATTA BAY'S TORTIOUS BREACH OF CONTRACT CLAIMS . . . . . 20

J. REGATTA BAY HAS SUFFICIENTLY PLEAD ALLEGATIONS WHEREBY IT MAY PREVAIL UPON A CLAIM OF BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING . . . . . 23

K. THIS COURT HAS JURISDICTION TO REVIEW REGATTA BAY'S CLAIMS FOR DAMAGES PURSUANT TO VIOLATION OF STATUTORY DUTIES REQUIRED IN THE MULTI-FAMILY MORTGAGE FORECLOSURE ACT . . . . . 25

////

L. DISCOVERY SHOULD PROVIDE ADDITIONAL SUPPORT FOR THIS COURT'S JURISDICTION TO UPHOLD AND REVIEW REGATTA BAY'S CLAIMS FOR DAMAGES PURSUANT TO A TAKING BY THE FEDERAL DEFENDANT . . . . . 26

V. CONCLUSION . . . . . 27

TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) . . . . . 6

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) . . . . . 7

Anderson v. United States, 344 F.3d 1343 (Fed. Cir. 2003) . . . . . 18

Arrowhead Metals, Ltd. v United States,8 Cl Ct 703, 33 CCF P 74026 (1985) . . . . . 19

Asco-Falcon II Shipping Co. v. United States, 32 Fed. Cl. 595, 604 (1994) . . . . . 23

Awad v. United States, 301 F.3d 1367 (U.S. App., 2002) . . . . . 20

Beauchamp v United States, 6 Cl Ct 400 (1984) . . . . . 24

Bird & Sons, Inc. v United States, 190 Ct. Cl 426, 420 F2d 1051 (1970) . . . . . 23

Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351 (5th Cir. 1965) . . . . . 20

Carabetta Enters. v. United States, 58 Fed. Cl. 563, 567 (Ct. Cl., 2003) . . . . . 15

Carlow v United States, 40 Fed Cl 773, 42 CCF P 77288 (1998) . . . . . 21

Carlyle Gardens Co. v Delaware State Housing Authority, 659 F Supp 1300, (1987, DC Del) . . . . . 22

Celotex Corp. v Cattrett, 477 U.S. 317, 327, 106 S.Ct. 2248, 2554, 91 L.Ed. 2d 265 (1986) . . . . . 6

Central Ill. Publ. Serv. Co. v. Atlas Minerals, 965 F.Supp. 1162, 1173 (C.D. Ill. 1997) . . . . . 11

Cienega Gardens v United States 162 F.3d 1231(1998) . . . . . 18

Cities Serv. Helex, Inc. v. United States, 211 Ct. Cl. 222, 234-35, 543 F.2d 1306, 1313 (1976) . . . . . 13

City Line Joint Venture v. United States, 48 Fed. Cl. 837, 841 (U.S. Claims, 2001) . . . . . 11

City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) . . . . . 18

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Collins v. Union Federal Savings and Loan Association, 99 Nev. 284, 303, 662 P.2d 610, 623 (1983) . . . . . 15

Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) . . . . . 6

Cooke v. United States, 91 U.S. 389, 23 L. Ed. 237, 1 Otto 389 (1875) . . . . . 10

Department of Commerce v. U.S. House of Representatives, 525 U.S. 316, 327, 119 S.Ct. 765, 722, 142 L.Ed. 2d 797 (1999) . . . . . 6

De Roo v United States, 12 Cl Ct 356 (1987) . . . . . 22

D.F.K. Enters. v United States, 45 Fed Cl. 280 (1999) . . . . . 20

E.H. Ladum v. United States, 5 Cl. Ct. 219, 223 (1984) . . . . . 15

Fountain v United States, 192 Ct. Cl 495, 427 F2d 759, (1970) . . . . . 23

Franconia Assocs. v. United States, 536 U.S. at 139 (2002) . . . . . 10

Grass Valley Terrace v. United States, 46 Fed. Cl. 629, 634 (U.S. Claims , 2000) . . . . . 11

Gregory Lumber Co. v United States, 9 Cl. Ct. 503 (1986) . . . . . 23

H.H.O., Inc. v United States,) 7 Cl Ct 703, 32 CCF P 73393(1985) . . . . . 23

Hercules Inc. v United States, 516 U.S. 417, 134 L. Ed. 2d 47, 116 S.Ct. 981, (1996) . . . . . 17

Hubbard v. United States, 52 Fed. Cl. 192, 196 (2002) . . . . . 24

Information Handling Servs. Inc. v. Defense Automated Printing Servs., 338 F.3d 1024, 1032 (D.C.Cir.2003) . . . . . 7

Kinsey v. United States, 852 F.2d 556, 558 (Fed. Cir. 1988) . . . . . 11

Liberty Lobby, Inc., 477 U.S. at 248-249 . . . . . 6

Lynch v. United States, 292 U.S. 571, 579, 78 L. Ed. 1434, 54 S. Ct. 840 (1934) . . . . . 11

Maher v. United States, 314 F.3d 600, 603 n.1 (Fed.Cir. 2002) . . . . . 18

Malone v. United States, 849 F.2d 1441, 1445-46 (Fed. Cir. 1987) . . . . . 13

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) . . . . . 6

Mendenhall v. Kusicko, 857 F2d 1378 (1988, CA9 Idaho) . . . . . 22

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303-04 (2d Cir.2003) . . . . . 7

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Millmaster Int'l, Inc. v. United States, 427 F.2d 811 (C.C.P.A. 1970) . . . . . 16

Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987) . . . . . 6

Mobil Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604, 607, 147 L. Ed. 2d 528, 120 S. Ct. 2423 (2000) . . . . . 10

Morris v. United States, 33 Fed. Cl. 733, 752 (1995) . . . . . 24

Nebraska v. Wyoming, 507 U.S. 584, 589, 113 S.Ct. 1689, 1694, 123 L.Ed. 2d 317 (1993) . . . . . 7

Nematollahi v United States, 38 Fed Cl 224 (1997) . . . . . 21

Northwest Paper Corp. v. Thompson, 421 F.2d 137 (9th Cir. 1977) . . . . . 7

Old Stone Corp. v. United States, 63 Fed. Cl. 65, 83 (Ct. Cl., 2004) . . . . . 13

Palazzolo v. Rhode Island, 121 S. Ct. 2448, 2457 (2001) . . . . . 26

Patton v. General Signal Corp., 984 F.Supp. 666, 670 (W.D.N.Y.1997) . . . . . 7

Paxon Electric Company, Inc. v. United States, 14 Cl. Ct. 634, 642 (1988) . . . . . 6

Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415 (1922) . . . . . 26

Pinkston v United States 6 Cl Ct 263, 32 CCF P 72886 (1984) . . . . . 22

Priebe & Sons, Inc. v. United States, 332 U.S. 407, 411, 92 L. Ed. 32, 68 S. Ct. 123, 109 Ct. Cl. 870 (1947) . . . . . 10

Ralcon, Inc. v United States, 13 Cl Ct 294, 34 CCF P 75377 (1987) . . . . . 19

Refining Associates, Inc. v. United States, 124 Ct. Cl. 115, 120 (1953) . . . . . 10

Reg'l Rail Reorganization Act Cases, 419 U.S. 102, 42 L. Ed. 2d 320, 95 S. Ct. 335 (1974) . . . . . 26

Russell Corp. v. United States, 210 Ct. Cl. 596, 537 F.2d 474, 481-82 (Ct. Cl. 1976) . . . . . 18

Ruttenburg v. United States, 2005 U.S. Claims LEXIS 91, 12-13 (Ct. Cl., 2005) . . . . . 6

S. Cal. Edison v. United States, 58 Fed. Cl. 313, 325 (Ct. Cl., 2003) . . . . . 23

Schweiger Constr. Co. v United States, 49 Fed Cl 188 (2001) . . . . . 20

SEC v. Seabord Corp., 677 F.2d 1301, 1306. (9th Cir. 1982) . . . . . 7

Soeken v. United States, 47 Fed. Cl. 430, 433 (2000) . . . . . 25

Solar Turbines, Inc. v. United States, 23 Cl. Ct. 142, 156 (1991) . . . . . 23

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Somali Development Bank v United States, 205 Ct Cl 741, 508 F2d 817 (1974) . . . . . 22

Torncello v. United States, 681 F.2d 756, 762, 231 Ct. Cl. 20 (1982) . . . . . 10

Travelers Indem. Co. v. United States, 16 Cl. Ct. 142, 149 (1988) . . . . . 23

Understanding Federal Government Contracts, 6870 (1993) . . . . . 24

United States v. Diebold, Inc., 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962) . . . . . 6

United States v. First National Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981) . . . . . 7

United States v. Wennick, 645 F. Supp. 103 (D. De. 1986) . . . . . 8

United States v. Winstar, 518 U.S. at 895 . . . . . 11

Vaughn v. United States Small Bus. Admin., 65 F.3d 1322, 1325 n. (6th Cir.1995) . . . . . 7

Wade v. Ford Motor Credit Co., 455 F. Supp. 147, 150 (E.D.Mo.1978) . . . . . 12

Westinghouse Credit Corp. v. Shelton, 645 F.2d 869, 874 (10th Cir., 1981) . . . . . 12

Wood v. United States, 961 F.2d 195, 198 (Fed. Cir. 1992) . . . . . 20

Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963) . . . . . 20

OTHER AUTHORITIES

12 U.S.C. § 1715z-4a . . . . . 12

NRS §107.080 . . . . . 3

28 USCS § 1491 . . . . . 17

APPENDIX

12 U.S.C. § 1715z-4a(b) . . . . . 1

NRS §107.080 . . . . . 4

24 C.F.R. 207.257 . . . . . 7

Grant, Bargain, Sale Deed recorded November 2, 1983 . . . . . 9

Deed of Trust recorded September 27, 1979 . . . . . 12

Letter from Benjamin F. Davis dated June 29, 1994 . . . . . 20

Letter from Luc-Andre Odabashian dated May 3, 2001 . . . . . 22

Letter from Arlene Wiggins dated August 8, 2000 . . . . . 26

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Composite of letters from Reilly Mortgage Group, Inc. dated from 1992 through 2000 . . . . . . 29

Notice of Hearing on approval of Debtor's Disclosure Statement to accompany Plan of Reorganization filed December 8, 2000 . . . . . . . . . . . . . . . . . . 56

Debtor's Disclosure Statement to accompany Plan of Reorganization, excerpt, filed December 7, 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

Letter from Senator Harry Reid dated March 12, 1999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Regatta Bay, Ltd. ("Regatta" or "Regatta Bay"), by and through its counsel, John Peter Lee, Ltd. and files this Opposition to Defendant's Motion for Summary Judgment. This Opposition is made and based upon the following brief, Regatta'S RCFC 56(f) Cross-Motion being filed, all pleadings and papers on file herein and being filed herein and oral argument to be presented at the time of hearing, if permitted.

Regatta requests the Court to enter an order denying Defendant's Motion for Summary Judgment.

### Statement of the Case

### I. NATURE OF THE CASE.

In addition to the statements provided by the Federal Defendant, Regatta advises that it filed its Second Amended Complaint herein on October 1, 2004 for claims for breach of contract and tortious breach of contract, including wrongful foreclosure, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contractual relationship and/or prospective business advantage and for claims of declaratory judgment, breach of statutory duties under the Multifamily Mortgage Foreclosure Act and inverse condemnation/taking.

### II. ISSUES PRESENTED.

1. Whether the Federal Defendant is barred from summary judgment where genuine issues of nearly every material fact in the case exist.

2. Whether the Court has jurisdiction to consider Regatta's tortious breach of contract claims which are based upon the Federal Defendant's breaches of the subject Regulatory Agreement and related Deed of Trust.

3. Whether the Court has jurisdiction to grant declaratory relief related to Regatta's claims under the Federal Defendant's breaches of contract.

4. Whether the Court has jurisdiction to remedy Regatta's claims for the Federal Defendant's breaches of contract related to violations of the Multifamily Mortgage Foreclosure Act and the Federal Defendant's taking of Regatta's right to sell the subject property.

////

## III. STATEMENT OF FACTS

On or about September 1, 1979, HUD insured a secured loan by Weyerhaeuser Mortgage Company to Regatta Apartments, a Nevada limited partnership, which secured loan was later assumed by Regatta Bay and assigned to Reilly Mortgage Group, Inc. ("Reilly"). Regatta's assumption included the assumption of a Regulatory Agreement which provides in the first paragraph that its purpose is:

> [i]n consideration of the endorsement for insurance by the Secretary [of the Department of Housing and Urban Development ("HUD")].

(Comp. Ex. 1.)[1] Without such endorsement for insurance, investors would have little incentive to seek financing for multifamily housing projects because the lending market for these projects relies heavily upon HUD's agreement to insure the projects.

The subject Deed of Trust provides the following conditions for acceleration of the Note and foreclosure of the Deed of Trust:

> Upon any default . . . not made good prior to the due date of the next such payment [on the first of the month] . . . at the option of the Beneficiary and thereupon the Trustee . . . shall have power [of sale] . . .
>
> * * * *
>
> . . . [a]fter (1) the elapse of 15 days during which the Grantor shall have failed to make good such default, (2) after due recording in the office of the recorder in the county where the property lies of notice of such default and election by the Beneficiary to cause the trust property to be sold in payment of the debt after (3) the elapse of at least 3 months and (4) after the Trustee shall have given notice by publication and/or otherwise has of the time and place of such sale, <u>all as required by law</u>, to sell and in case of any default of any purchaser, to resell at public auction for cash in one or more parcels the mortgaged premises and property herein described and to convey the same in fee simply upon compliance with the terms of the sale to and at the cost of the purchaser or purchasers thereof, who shall not be required to see the application of the purchase money; and to apply the proceeds of said sale or sales; . . . .

---

[1] "Comp. ¶ ___" refers to plaintiff's Second Amended Complaint filed October 1, 2994. "Comp. Ex. ___" refers to exhibits attached to plaintiff's complaint. "A ___" refers to the appendix accompanying Defendant's Motion for Summary Judgment. Unless otherwise indicated, "Ex.__" refers to exhibits attached hereto. "RRF ___" refers to Regatta's Response to Requested Findings. "Rosequist Aff. ¶___" refers to the Affidavit of Phil R. Rosequist dated March 5, 2004, being refiled herein.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

(Ex. 2, p. 2, emphasis added.) The Deed of Trust requires that the mortgagor be entitled to receive written notice of the right to cure any default before any acceleration be allowed, "all as required by law."

The statute which provides for the mortgagor's right to written notice of the right to cure prior to acceleration is NRS 107.080(2) & (3), which provide as follows:

> 2. The power of sale must not be exercised, however, until:
>
> (a) In the case of any trust agreement coming into force:
>
> (1) On or after July 1, 1949, and before July 1, 1957, the grantor, or his successor in interest, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property, has for a period of 15 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment; or
>
> (2) On or after July 1, 1957, the grantor, or his successor in interest, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property, has for a period of 35 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment;
>
> (b) The beneficiary, the successor in interest or the beneficiary or the Trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation; and
>
> (c) Not less than 3 months have elapsed after the recording of the notice.
>
> 3. The 15- or 35-day period provided in paragraph (a) of subsection 2 commences on the first day following the date upon which the notice of default and election to sell is recorded in the office of the county recorder of the county in which the property is located and a copy of the notice of default and election to sell is mailed by registered or certified mail, return receipt requested and with postage prepaid to the grantor, and to the person who holds the title of record on the date the notice of default and election to sell is recorded, at their respective addresses, if known, otherwise to the address of the trust property. The notice of default and election to sell must describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the Deed of Trust, <u>but acceleration must not occur if the deficiency in performance of payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2.</u>

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

(RRF 8, underscoring added.)

During the course of Regatta's assumption of the loan between 1983 and 2000, Regatta borrowed working capital loans from its general partner, Phil Rosequist, to meet current obligations such as operating expenses and repairs as authorized by the limited partnership agreement, which Regatta provided to HUD for approval of Regatta's assumption of the loan in accordance with HUD's policies. (Comp. Ex. 2, ¶ 10.) The working capital loan arrangement in the limited partnership agreement which HUD approved as part of the assumption requires Rosequist to limit his interest charges to the prime rate. (RRF 11.)

On March 24, 2000, HUD's Director, Multifamily Hub in San Francisco, Janet Browder, and HUD's Director, DEC, Los Angeles, satellite office for HUD, Scott Hunley, demanded that Regatta pay back $1,327,420.00 in working capital loan repayments to Rosequist, plus a reversal of accrued interest of $152,665.00 totaling some $1.48 million dollars. (Comp. Ex. 4.) Regatta's General Partner, Rosequist reviewed the March 24, 2000 letter with David Ewing for HUD in the Las Vegas office, which HUD had given full authority to make decisions "as a partner to build better, stronger, communities . . . transforming HUD into an activist, enabling agency that is customer oriented . . . working with [Regatta] in full partnership . . . ." (Ex. 3; RRF 12.) Mr. Ewing recommended that Regatta not waste any more money on the project because HUD intended to enforce the $1.48 million dollar demand by foreclosing on the property regardless of the lack of merit to the demand. (Rosequist Aff. ¶ 7; RRF 12.) HUD thereby repudiated its obligation to Regatta under the Regulatory Agreement to provide an endorsement of insurance on the property. (Comp. Ex. 1.)

From Regatta's assumption of the loan in 1983 through June 2000, Regatta made numerous late payments, which the lender and HUD had always accepted by course of performance, including Regatta's payment of any required late charges throughout the sixteen (16) plus years of this fully performing loan. (Ex. 6; RFF 19.) No dispute exists that Regatta made its June 1, 2000 payment. (RFF 14.) However, Reilly returned Regatta's payment dated July 28, 2000 at HUD's instruction that Reilly accelerate the Note. (A 22.) HUD's instruction and Reilly's acceleration violated the Deed of Trust provisions for Regatta's 30-day grace period and Regatta's right to cure, as well as its right to receive written notice of the right to cure, all to which Regatta was entitled prior to

acceleration. (RRF 14.)

Regatta learned after sending its July 28, 2000 payment to Reilly that Reilly was following the instructions in HUD letters dated July 19, 2000 and August 2, 2000 through taking the position of acceleration of the Note as stated in Reilly's July 26, 2000 letter to Regatta. (RRF 16, 18, 20.) Next, on August 29, 2000, HUD followed through with its repudiation of the Regulatory Agreement in its March 24, 2000 letter by wrongfully declaring Regatta to be in breach of the Regulatory Agreement. HUD thereby wrongfully canceled Reilly's insurance in violation of HUD's duty to Regatta under the Regulatory Agreement. (RRF 21; Comp. Ex. 1.) HUD went on from the repudiation in the March 24, 2000 letter and the cancellation of Regatta's insurance through the August 29, 2000 letter to fulfill its purpose of taking the property back by encouraging Reilly's expeditious submittal of a mortgage insurance claim and assignment over to HUD of the subject Note and Deed of Trust. (RRF 23, 24.)

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

After the lender refused to accept any payments either under the grace period or the right to cure provided by the Deed of Trust and by statute, Regatta no longer had an incentive to invest in the property and to meet the property's needs, which at that time included capital improvements for security fences, and redesign of the property's driveway configurations to address severe crime problems. Some of the results of the lack of investment incentive caused by HUD's wrongful declaration of default were drastically reduced occupancy rates and deteriorated conditions for the tenants in the face of the severe crime and drug trafficking problems at the property, even while HUD elected to leave Regatta in management until HUD could foreclose on the property. (RRF 32.)

On May 22, 2001, HUD formally stated its intent to commence foreclosure proceedings. (RRF 35.) Regatta objected by letter dated June 12, 2001. (RRF 36.) Regatta specifically objected to HUD's violation of its own economic and legal policies and to HUD's vindictive purpose. (RRF 36, 37.) On July 10, 2001, HUD rejected Regatta's request that HUD not foreclose. (RRF 39.) HUD eventually sold the property at foreclosure for $3.6 million dollars at a forced sale below fair market value. (RRF 42, 43.)

Regatta seeks damages for the loss of its property resulting from HUD's breaches and wrongful conduct described herein. For a full statement of the disputed material facts, see RRF 1

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

through 42.

## IV. ARGUMENT

### A. THE FEDERAL DEFENDANT IS NOT ENTITLED TO AN ORDER GRANTING SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56.

**Standard for Review**

Under Rule 56(c) of the Rules of the Court of Federal Claims ("RCFC"), summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ruttenburg v. United States, 2005 U.S. Claims LEXIS 91, 12-13 (Ct. Cl., 2005); *See also,* Paxon Electric Company, Inc. v. United States, 14 Cl. Ct. 634, 642 (1988) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)); *accord* Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987).

In ruling on a motion for summary judgment, a court does not weigh the evidence to determine the truth of the matter, but rather assesses whether there is a genuine issue for trial. Liberty Lobby, Inc., 477 U.S. at 248-249; Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002). Further, "'the inferences to be drawn from the underlying facts...must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)(quoting United States v. Diebold, Inc., 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)).

Summary judgment motions must be resolved not only with an appropriate regard for the rights of those asserting claims and defenses to have their positions heard by a fact finder, but also with due regard for the rights of persons opposing such claims defenses to demonstrate, under Rule 56 and *before* trial, that the claims and defenses have no factual basis *only* after the nonmoving party has had an "adequate time for discovery". *See*, Celotex Corp. v Cattrett, 477 U.S. 317, 327, 106 S.Ct. 2248, 2554, 91 L.Ed. 2d 265 (1986).

Summary judgment is to be rendered when, after an *adequate* period of discovery, one party is unable to show a genuine issue as to a material fact on which that party will bear the burden of proof at trial, as long as judgment is appropriate as a matter of law. *See*, Department of Commerce v. U.S. House of Representatives, 525 U.S. 316, 327, 119 S.Ct. 765, 722, 142 L.Ed. 2d 797 (1999);

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Nebraska v. Wyoming, 507 U.S. 584, 589, 113 S.Ct. 1689, 1694, 123 L.Ed. 2d 317 (1993); Celotex Corp. Cattrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed. 2d 265 (1986).

Summary judgment before discovery is highly disfavored and should more appropriately be the exception, rather than the rule. *See*, Patton v. General Signal Corp., 984 F.Supp. 666, 670 (W.D.N.Y.1997) (commenting that "pre-discovery summary judgment remains the exception rather than the rule, and will be 'granted in only the clearest of cases.'" *See also*, Information Handling Servs. Inc. V. Defense Automated Printing Servs., 338 F.3d 1024, 1032 (D.C.Cir.2003), (commenting that summary judgment is ordinarily proper only when plaintiff has had adequate time for discovery); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303-04 (2d Cir.2003); *cert den.*, __U.S. __, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003), (pre-discovery summary judgment granted in only the rarest cases); Vaughn v. United States Small Bus. Admin., 65 F.3d 1322, 1325 n. (6th Cir.1995), (defendant's summary judgment motion cannot ordinarily be considered until the plaintiff has had the opportunity to conduct discovery).

As stated in Regatta's accompanying Motion pursuant to RCFC 56(f), the parties have not yet exchanged discovery, and genuine issues of material fact exist in this case. A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See*, SEC v. Seabord Corp., 677 F.2d 1301, 1306. (9th Cir. 1982) citing United States v. First National Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). "[Materiality] is whether the existence or nonexistence of the fact in question is a matter which a reasonable man would attach importance in determining his choice of action. Id. at 1306, citing Northwest Paper Corp. v. Thompson, 421 F.2d 137 (9th Cir. 1977).

The substantive law at issue identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Disputes over facts which might affect the outcome of a suit under the governing law will preclude the entry of summary judgment. Id. 106 S. Ct. 2510. Factual disputes which are irrelevant or unnecessary will not be counted by the court in determining whether or not a material issue of fact exists. *Id.* 106 S. Ct. 2510.

> [T]he materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Id.

The Federal Defendant's version differs greatly from Regatta's statement of the facts. The Federal Defendant states that the basis of the subject foreclosure was the July 2000 acceleration by HUD because Regatta failed to make a payment by July 1. (Federal Defendant's Motion, p. 11-13, and DPFUF 8. The Federal Defendant says that it had all authority from federal statutes and the "four corners of the deed of trust" to proceed with foreclosure and divest Regatta Bay from its interest in the property.

As is put forth below, the Federal Defendant did not have the authority from federal statutes and the "four corners of the deed of trust" to proceed with foreclosure and divest Regatta Bay of its interest in the property. The Federal Defendant wrongfully claimed or declared Regatta Bay in breach of the Regulatory Agreement, Deed of Trust Note and Deed of Trust pertaining to the property, and wrongfully accelerated the demand for payment of the HUD insured loan, by requiring assignment of the Deed of Trust from the mortgagor, Reilly, as a result of HUD's wrongful cancellation of the mortgage insurance in breach of the Regulatory Agreement. As a result of these breaches of contract, Regatta Bay was compelled into bankruptcy and ultimately lost its property rights.

Pursuant to the holding of SEC v. Seabord Corp., 677 F.2d 1301, 1306. (9th Cir. 1982), Regatta argues that there are material and disparate facts in question in this case regarding the substantive law providing the procedure for proceeding with foreclosure in the Multi-Family Mortgage Act at 12 U.S.C. 3701, and United States v. Wennick, 645 F. Supp. 103 (D. De. 1986). The holding of Wennick states that the basis for a motion for summary judgment is when "(1) default on the mortgage covering default has occurred; (2) under the mortgage, the plaintiff (lender) is entitled to foreclosure; and (3) the defendant (owner) has no valid or meritorious defense as a matter of law." United States v. Wennick, 645 F. Supp. 103 (D. De. 1986). In this case, Regatta Bay can prove at the time of trial that default was improper pursuant to the plain, clear language in the Deed of Trust, that HUD was not entitled to foreclosure because it cut-off Regatta Bay's grace period and right to cure any deficiencies or non-payment of mortgage installment payments, and that Regatta has valid and meritorious defenses to foreclosure as a matter of law, including the Federal

Defendant's anticipatory repudiation in breach of the Regulatory Agreement, Deed of Trust and Deed of Trust Note.

As there are material, factual disputes in this case which might affect the outcome of the suit under the governing law, the entry of summary judgment is precluded. Anderson v. Liberty Lobby, Inc., 106 S.Ct. at 2510.

**B. SUMMARY JUDGMENT IS PRECLUDED AS REGATTA BAY PRESENTS A PRIMA FACIE CASE OF THE FEDERAL DEFENDANT'S BREACH OF THE REGULATORY AGREEMENT.**

The Federal Defendant and Regatta Bay had a customary course of conduct whereby Regatta Bay paid the lender any required late charges whenever Regatta paid its mortgage installments after the date that these installments were due.

The Deed of Trust states the procedure for commencement of default and foreclosure as follows:

> Upon any default being made in the payment of any installment of principal and/or interest ... not made good prior to the due date of the next such payment ... the entire unpaid balance of the principal sum and all advances with unpaid interest to date shall immediately become due at the option of the Beneficiary and thereupon the Trustee, ... .

Regatta's grace period for the July 1 payment was through July 31 before the lender could even give written notice of the 35-day period for the right to cure prior to acceleration under NRS 107.080.

The Deed of Trust further states that exercise of the power of sale can only occur:

> "...(a)fter (1) the lapse of 15 days during which the Grantor shall have failed to make good such default, (2) after due recording in the office of the recorder in the county where the property lies of notice of such default and election by the Beneficiary to cause the trust property to be sold in payment of the debt after (3) the elapse of at least 3 months and (4) after the Trustee shall have given notice by publication and/or otherwise as of the time and place of such sale, all as required by law, to sell and in case of any default ..."

(Emphasis added.)

The Federal Defendant did not allow the lender to follow this procedure for acceleration of the Note. At the time that HUD required the Note holder to accelerate Regatta's Note for lateness of the July payment, Regata was still in the grace period for July. HUD wrongfully declared the lateness of the July payment to be a "continuing material breach."

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

This demand and acceleration was wrongful and undeniable. As there was no possible way that Regatta Bay could pay the accelerated loan, Regatta Bay was forced into bankruptcy and lost its interest in the property.

**C. THE FEDERAL DEFENDANT'S WRONGFUL ACCELERATION CAUSED AN IMPROPER DEFAULT AND FORECLOSURE UPON REGATTA BAY.**

The Federal Defendant states that HUD served Regatta with the Notice of Intent to Foreclose on May 22, 2001, reflecting that, "the mortgage on the Regatta Apartments is in default because payment due for the months of July 1, 2000 through May 1, 2001 have not been made... ." The Federal Defendant ignores the fact that Reilly would not accept the July 1 payment after HUD required Reilly to accelerate the Note and assign it to HUD to be eligible to recover on its insurance from HUD. (Ex. 5.) HUD's cancellation of the insurance, which ultimately required Reilly to assign the Note, was based upon HUD's unreasonable demand for payment of more that one million dollars in 30 days which Regatta did now owe. Reilly's only choice was to assign the Note to HUD or hold an unmarketable, uninsured Note.

**D. THE FEDERAL DEFENDANT REPUDIATED THE REGULATORY AGREEMENT AND THE DEED OF TRUST.**

As a threshold matter, the principles of general contract law apply to government contracts, so "when the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." Torncello v. United States, 681 F.2d 756, 762, 231 Ct. Cl. 20 (1982).

In Franconia Assocs. v. United States, 536 U.S. 129; 122 S. Ct. 1993; 153 L. Ed. 2d 132 (2002) the United States Supreme Court stated, "When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *citing,* Mobil Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604, 607, 147 L. Ed. 2d 528, 120 S. Ct. 2423 (2000) (internal quotation marks omitted); Refining Associates, Inc. v. United States, 124 Ct. Cl. 115, 120 (1953); Cooke v. United States, 91 U.S. 389, 23 L. Ed. 237, 1 Otto 389 (1875). Courts in such cases apply "principles of general contract law," Priebe & Sons, Inc. v. United States, 332 U.S. 407, 411, 92 L. Ed. 32, 68 S.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Ct. 123, 109 Ct. Cl. 870 (1947); *See also,* City Line Joint Venture v. United States, 48 Fed. Cl. 837, 841 (U.S. Claims , 2001), *stating,* "Allowing the Government to avoid contractual liability merely by passing any 'regulatory statute' would flout the general principle that, 'when the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals.'" United States v. Winstar, 518 U.S. at 895 (quoting Lynch v. United States, 292 U.S. 571, 579, 78 L. Ed. 1434, 54 S. Ct. 840 (1934)).

In this case, the general contract principles of "anticipatory repudiation" apply. An anticipatory repudiation occurs, when an obligor communicates to an obligee that he will commit a breach in the future. Franconia Assocs. v. United States, 536 U.S. at 139 (2002); Grass Valley Terrace v. United States, 46 Fed. Cl. 629, 634 (U.S. Claims , 2000); Kinsey v. United States, 852 F.2d 556, 558 (Fed. Cir. 1988). The aggrieved party is entitled to sue either when the anticipatory repudiation occurs or at the later time for performance under the contract. Calvin W. Corman, Limitation of Actions §§ 7.2.1 (1991).

In this case, Regatta presents a prima facie case that the Government wrongfully repudiated the deed of trust note, deed of trust and the regulatory agreement from which is central to Regatta's claims for wrongful foreclosure and declaratory judgment based on the facts recited above and summarized as follows.

HUD executed the Regulatory Agreement at Exhibit "1" which insures Regatta's loan. The first full paragraph of the Regulatory Agreement states that the owner's obligation are "[i]n consideration of the endorsement for insurance by the Secretary of the above described note . . . ." HUD did not meet its contractual duty to provide the insurance but instead wrongfully declared Regatta to be in default.

From 1983 through 2000, Regatta was late with numerous monthly payments and always paid any required late fee. Reilly and HUD accepted this arrangement as *not being* a material breach. Regatta provided monthly reports to HUD as required, and HUD never objected to the lateness of any of Regatta's payments. (Rosequist Aff. ¶¶ 11, 12.) Central Ill. Publ. Serv. Co. v. Atlas Minerals, 965 F.Supp. 1162, 1173 (C.D. Ill. 1997) (waiver an intentional relinquishment of a known right, and an anti-waiver clause, like any other term in the contract, is itself subject to

waiver or modification by course of performance; whether such waiver or modification has occurred is a question for the factfinder); Westinghouse Credit Corp. v. Shelton, 645 F.2d 869, 874 (10th Cir., 1981); Wade v. Ford Motor Credit Co., 455 F. Supp. 147, 150 (E.D.Mo.1978).

In 1994, HUD advised Regatta that it had reorganized its way of doing business so that the field office had full decision making authority and acted as the primary point of contact with Regatta Bay for coordination of all HUD programs in the community. (Rosequist Affidavit, ¶3-5.) On March 24, 2000, HUD sent its letter by Janet Browder wrongfully demanding some $1.48 million be paid within thirty (30) days. Regatta's general partner, Phil Rosequist, reviewed the letter with David Ewing, HUD's authorized agent in the Las Vegas office, who recommended that no more money be put into the Regatta Bay project because HUD intended to enforce the $1.48 million demand to the extent of foreclosing on the Regatta Bay property regardless of the lack of merit to the demand, thereby repudiating HUD's promised consideration of insuring Regatta's mortgage. *See,* Franconia Assocs. v. United States, 536 U.S. 129; 122 S. Ct. 1993; 153 L.Ed. 2d 132 (2002); Restatement (Second) of Contracts Section 253; UCC 2-610. HUD showed bad faith in violating its own policies through the threat and follow up on a foreclosure which was not legally justified. (Rosequist Affidavit,¶¶6, 7.)

Mr. Ewing's assessment proved to be correct that HUD was intent on foreclosing on the Regatta Bay property regardless. HUD wrongfully declared Regatta in default of the Regulatory Agreement by the August 29, 2000 letter, which recognized that Regatta had met all of HUD's inspection and maintenance requirements. The basis of the declaration of default was Regatta's "failure" to pay more than one million dollars in 30 days to which HUD was not entitled nor was Regatta legally obligated to pay. (Comp. Ex. 1, 4, 5, 6 (alleged violations more than six years old) and 12 U.S.C. 1715z-4a(b) (six years limitations).) HUD went on to foreclose in the face of Regatta's objection that the foreclosure was not legally justified. (Rosequist Aff. ¶¶14, 22.)

HUD's counsel, Luc Andre Odabashian, sent a letter to Regatta showing HUD's knowledge that the alleged "continuing material breaches" upon which HUD based its foreclosure were more than seven years old and that the most recent alleged breaches followed a history of HUD's acceptance of twelve (12) years previously the exact same practice which Regatta fully disclosed in

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

detail each and every month to HUD in the operating reports. (Comp. Ex. 6.) Mr. Odabashian's letter also showed that HUD knew that more than $1 million of its wrongful demand would have been barred by the statute of limitations at 12 U.S.C. § 1715z-4a(b) even if HUD had identified a legal basis for the demand, which HUD did not. (Comp. Ex. 6.)

HUD waived any arguable rights to such demand by its acquiescence and acceptance of the numerous years of course of performance and conduct between Regatta Bay as borrower, and Reilly and/or its predecessors-in-interest as lender and HUD as insurer. (Rosequist Affidavit, ¶¶15-19 and Exhibits 4-6.) E.g., Atlas Minerals, supra and Smith, supra.

Regatta paid its June, 2000 payment to the loan servicing agent, Reilly. According to HUD's documents, Regatta made its June payment, but HUD wrongfully declared on July 19 that a missed payment of Regatta Bay by July 1, 2000 was a "continuing material breach". Reilly sent Regatta notice of acceleration as HUD instructed on July 26 and refused to accept Regatta's July 28 payment. HUD wrongfully required Reilly's acceleration without regard to Regatta's grace period and its right to cure and right to 35 days written notice prior to acceleration. HUD wrongfully canceled the mortgage insurance on August 29 in breach of the Regulatory Agreement. This left Regatta's Deed of Trust uninsured and in the hands of a lender, Reilly, which could only collect its insurance by honoring HUD's wrongful demand for acceleration without allowing the contractual grace period or rights to cure as instructed by HUD. Upon material breach of a contract, the non-breaching party has the right to discontinue performance of the contract and to seek redress in accordance with law. Old Stone Corp. v. United States, 63 Fed. Cl. 65, 83 (Ct. Cl., 2004); Malone v. United States, 849 F.2d 1441, 1445-46 (Fed. Cir. 1987), modified by 857 F.2d 787 (Fed. Cir. 1988); Cities Serv. Helex, Inc. v. United States, 211 Ct. Cl. 222, 234-35, 543 F.2d 1306, 1313 (1976). The lender was not accepting Regatta's payments, so any further payments were futile to reverse the acceleration or to cure the late July 1 payment, which was tendered within the grace period.

Anticipatory repudiation occurred in March, 2000 when HUD communicated to Regatta that it would, under no circumstances, accept any future payments, again when HUD declared wrongfully on July 19 that a missed payment of Regatta Bay by July 1, 2000 was a "continuing material breach", and again in August 2000 when HUD declared Regatta's non-payment of the more than one million

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

dollars, which Regatta did not owe , to be a default under which HUD canceled the insurance for the loan in breach of HUD's duty under the Regulatory Agreement. *See,* Grass Valley Terrace v. United States, 46 Fed. Cl. 629, 634 (U.S. Court of Claims, 2000).

**E. THE FEDERAL DEFENDANT WRONGFULLY FORECLOSED ON THE SUBJECT PROPERTY.**

Perhaps recognizing the problem that HUD's acceleration was based on a non-existent, alleged "continuing material breach", HUD turned back to its baseless March 24, 2000 demand by declaring Regatta Bay to be in default of the Regulatory Agreement through the August 29, 2000 letter. That August 29, 2000 letter declared Regatta to be in default for its failure to meet the $1.48 million demand required within thirty days of HUD's baseless March 24, 2000 letter. (See also Rosequist Affidavit, ¶¶5, 6, 15, 16, and Exhibits "3" and "6".)

Janet Browder states in her Declaration that HUD notified Regatta on March 24, 2000 of its then newfound theory that it could supposedly reverse a sixteen-year course of performance of Rosequist's revolving line of credit to Regatta Bay, which had facilitated cash flow needs and the maintaining of the HUD-insured mortgage as current for all those years. (Browder Declaration, ¶3, and Rosequist Affidavit ¶¶12-17.) HUD then later abandoned this interpretation as being the basis for foreclosure by turning back again to the invalid July 2000 acceleration as being the reason for foreclosure. (A 58, 65.)

Ms. Browder apparently recognizes the conflict between HUD's own statements in her Declaration at A85-87 as she describes the alleged violations under 12 U.S.C. § 1715z-4a at paragraphs 1 through 5, but then she discounts any relevance of HUD's August 29, 2000 Notice of Default pertaining to these alleged violations by stating at paragraphs 6 through 9 of her Declaration at A87, 88 that the July 2000 acceleration based on the missed July 1 deadline for payment was the reason for foreclosure. She does not suggest any other reasons for the foreclosure.

Regatta shows ample evidence of HUD's anticipatory breach excusing any nonperformance by Regatta, the course of conduct accepted by HUD of Regatta's performance and that "no breach of condition or failure of performance existed on [Regatta Bay's] part which would have authorized the foreclosure or exercise of the power of sale", as required for an action for breach of contract and



JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

wrongful foreclosure under Collins v. Union Federal Savings and Loan Association, 99 Nev. 284, 303, 662 P.2d 610, 623 (1983). Regatta Bay makes a prima facie showing based upon the Rosequist Affidavit and the citations in the Response to Requested Findings to satisfy these elements.

Regatta is entitled to recover its damages for the tortious breach of contract of HUD's wrongful foreclosure and the resulting loss to Regatta Bay of its 120-unit apartment complex. At best, the Federal Defendant states a different version of the facts, but any such difference is a genuine issue of material fact which precludes summary judgment.

**F. THE FEDERAL DEFENDANT WAS NOT ENTITLED TO DEFAULT REGATTA WITHOUT ALLOWING REGATTA ITS GRACE PERIOD, THE OPPORTUNITY TO CURE, AND THE RIGHT TO WRITTEN NOTICE OF THE RIGHT TO CURE.**

The Federal Defendant concludes incorrectly that "(t)here is no legitimate dispute that the United States was entitled to foreclosure...from the Federal statutes and the four corners of the deed of trust and deed of trust note." The Government attempts to recharacterize the facts of this case by arguing that the Federal Defendant merely foreclosed upon Regatta Bay for failing to pay mortgage payments pursuant to the deed of trust note and deed of trust. The Federal Defendant cites as authority for summary judgment that, "(i)n the context of foreclosure proceedings, '(s)ummary judgment is appropriate...if (1) default on the mortgage covering (default) has occurred; (2) under the mortgage the plaintiff (lender) is entitled to foreclosure; and (3) the defendant (owner) has no valid or meritorious defense as a matter of law." United States v. Wennick, 645 F.Supp. 103, 105 (D.E. 1986).

Plaintiff opposes summary judgment as there are issues of fact related to Plaintiff's allegations that HUD wrongfully declared Regatta Bay in default of the regulatory agreement governing the property. The lender had no disagreement with Regatta Bay paying late installments of mortgage payments, rather it was HUD and Regatta that consented to a material modification of the Regulatory Agreement, Deed of Trust and Deed of Trust Note. The parties therefore embarked upon a course of conduct that was consistent with acceptance of the modified procedure. *See, e.g.*, Carabetta Enters. v. United States, 58 Fed. Cl. 563, 567 (Ct. Cl., 2003); E.H. Ladum v. United States, 5 Cl. Ct. 219, 223 (1984) (stating that modification of existing obligations may be inferred from the

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

conduct of the parties after formation of the contract).

In addition, HUD wrongfully ordered that its insured, private holder of the deed of trust accelerate the note without allowing the contractual grace period or time to cure, which led to wrongfully revoking the Federal insurance, and wrongfully foreclosing upon the property, resulting in Regatta Bay losing title to the property. Pursuant to the substantive law and case that the Federal Defendant relies upon primarily, United States v. Wennick, 645 F.Supp. 103, 105 (D.E. 1986). Regatta is entitled to proceed to discovery and to trial.

As stated above, Regatta did not breach the duties of the deed of trust note, deed of trust and regulatory agreement. The Federal Defendant however, has failed to address Regatta's primary argument and claim for relief, in that, pursuant to the terms of these documents governing the contractual relationship between the parties, the Government failed to comply with the terms, which breach led to foreclosure and Regatta losing the property.

Regatta does not allege HUD to have foreclosed under the Regulatory Agreement but to have anticipatorily repudiated the Regulatory Agreement and to have gone on to repudiate the trust deed, wrongfully declare the Regulatory Agreement to be in default, to wrongfully require Reilly to assign the trust deed to HUD with the wrongfully canceled insurance and, finally, to wrongfully foreclose on the trust deed without ever allowing or even acknowledging Regatta's grace period or right to cure. It is HUD who has no evidentiary support for contrary facts.

Similarly, the Federal Defendant's argument that Regatta Bay waived a "known right" pursuant to the holding of Millmaster Int'l, Inc. v. United States, 427 F.2d 811 (C.C.P.A. 1970), by failing to administratively challenge HUD's wrongful acceleration is misplaced. HUD did not share with Regatta copies of HUD's July 19 and August 2, 2000 letters wrongfully instructing Reilly to accelerate, and Regatta has never relinquished its claims for damages for loss of the property.

## G. THE FEDERAL DEFENDANT'S ARGUMENTS FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION ARE MERITLESS.

The Government has argued that this Court lacks the subject matter jurisdiction to review its actions regarding its involvement in the property, due to a lack of privity of contract between

HUD and Regatta Bay. The Federal Defendant argues that because Regatta Bay has alleged that HUD breached the Regulatory Agreement by failing to insure the loan securing the property, and that any such duty only extended to Reilly, such that there is allegedly no privity of contract between HUD and Regatta Bay under the deed of trust.

This argument by the Federal Defendant must be rejected in the entirety. The Regulatory Agreement was made a part of, and fully integrated with, the Deed of Trust.

The Deed of Trust provides as follows:

> 3. That the Regulatory Agreement, if any, executed by the Grantor and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, which is being recorded simultaneously herewith, is incorporated in and made a part of this Deed of Trust. Upon default under the Regulatory Agreement and upon request of the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, the Beneficiary, at is option, may declare the whole of the indebtedness secured hereby to be due and payable.

Any violation of the covenants could have, *arguendo* entitled the Federal Defendant to accelerated the Deed of Trust. However, that is not what the Federal Defendant argues occurred. In a most confusing manner, the Federal Defendant wrongfully declared Regatta Bay in breach of the Regulatory Agreement, but then argues that the acceleration of the mortgage was taken pursuant to the Deed of Trust, and at the direction of HUD upon the lender, Reilly. (A 20.) HUD was either asserting its influence as the insurer upon Reilly to declare a breach for an alleged violation of the Regulatory Agreement by Regatta Bay, which was fully integrated into the Deed of Trust for which the parties have direct privity, or HUD obtained privity by demanding that Reilly benefit it as a third-party by accelerating the Note. Moreover, HUD contracted under the Regulatory Agreement directly with Regatta's predecessor in interest "[i]n consideration of the endorsement for insurance by the Secretary . . . ."

Jurisdiction under 28 USCS § 1491 in this Court applies to contracts either express or implied in fact, not implied in law, where (1) agreement implied in fact is founded upon meeting of minds, which, although not embodied in express contract, is inferred from conduct of parties showing their tacit understanding, while (2) by contrast, agreement implied in law is fiction of law where promise is imputed to perform legal duty. Hercules Inc. v United States, 516 U.S. 417, 134



JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

L. Ed. 2d 47, 116 S.Ct. 981, (1996).

To recover against the government for an alleged breach of contract, there must be, in the first place, a binding agreement. To form an agreement, four basic requirements must be met: (1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract. City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990); Russell Corp. v. United States, 210 Ct. Cl. 596, 537 F.2d 474, 481-82 (Ct. Cl. 1976).

There is at least an implied-in-fact contractual relationship arising from the clear nexus between HUD's breach of the deed of trust, the deed of trust note and the regulatory agreement, and from which led to the foreclosure, Regatta losing the property, and suffering monetary losses, for which this Court has jurisdiction. *See,* Maher v. United States, 314 F.3d 600, 603 n.1 (Fed.Cir. 2002). Nevertheless, the Federal Defendant has argued that this Court lacks jurisdiction to hear Regatta's claims.

In support of its argument, HUD cites the case of Cienega Gardens v. United States, in that privity of contract did not exist between owners of low-income housing and HUD with respect to owners' right to prepay mortgage loans after 20 years without HUD approval, so as to confer jurisdiction on Court of Federal Claims with respect to owners' breach of contract claims. The Regulatory Agreement in that case, under the owners assumed obligations, did not address prepayment, and the court erroneously read prepayment terms contained in a deed of trust note and rider between private lending institutions and relevant owner into a regulatory agreement between HUD and owner. Cienega Gardens v United States 162 F.3d 1231(1998).

In Cienega and Anderson v. United States, 344 F.3d 1343 (Fed. Cir. 2003), the Federal Defendant finds no authority to support its premise that this Court lacks the subject matter jurisdiction to review its actions regarding its involvement in the property, due to a lack of privity of contract between HUD and Regatta Bay. Both cases are inapplicable to this case. In Cienega, the owners of property were found not to have privity with the Federal Defendant for the right to prepay mortgage loans after 20 years. Anderson, is even farther removed. In that case, the Court of Appeals for the Federal Circuit found that neither the Federal Deposit Insurance Corporation nor a bank chief

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

executive officer and his sons could sue the United States as the parties lacked standing, and the private parties were not signatories to any Agreement with the Federal Defendant. Here, Regatta has privity, and the Court has jurisdiction.

**H. REGATTA BAY'S ACTION IS NOT BARRED BECAUSE REGATTA BAY REQUESTS DECLARATORY JUDGMENT FROM THE COURT.**

As stated above, Regatta Bay can establish that at the time of the power of sale was exercised no breach of condition or failure of performance existed on its part which would have authorized the foreclosure. HUD stated that Regatta Bay was in "continuing material breach". Regatta Bay states that it was not in any breach of any covenant or any duty at the time of the declaration of the same, but that HUD wrongfully: 1) demanded $1.48 million, 2) wrongfully "required" acceleration of Regatta's note, and 3) wrongfully declared Regatta to be in default of the Regulatory Agreement. These material facts may be proven by declaratory judgment, in that Regatta respectfully requests the Court to declare that there was no breach of condition or failure of performance on Regatta Bay's part, but rather that the government's breach of contract and tortious action ultimately caused Regatta Bay to lose the property and incur damages. Regatta Bay's claim for declaratory relief is independent, but supporting, and subordinate to its complaint that the Federal Defendant breached the Regulatory Agreement, wrongfully foreclosed upon the property and caused Regatta Bay losses for which it seeks monetary compensatory damages.

It is acknowledged by Regatta Bay that the Declaratory Judgment Act (28 USCS §§ 2201 et seq.) does not give Claims Court general power to issue declaratory judgments on matters involving United States Government; rather, Claims Court's power to grant such relief exists only under limited circumstances of 28 USCS § 1491(a)(3). Arrowhead Metals, Ltd. v United States,8 Cl Ct 703, 33 CCF P 74026 (1985); Ralcon, Inc. v United States, 13 Cl Ct 294, 34 CCF P 75377 (1987).

However, to reiterate Regatta Bay's position, this matter and the declaratory relief requested has nothing to do with equitable contractual remedies, such as reformation, and Regatta Bay does not argue equitable remedies to provide an "extracontractual" jurisdictional basis. Regatta Bay claims that the United States committed the a breach of contract and Regatta suffered tortious breach



JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

of contract for the Federal Defendant's "wrongful foreclosure." Regatta Bay agrees with the Federal Defendant's prior arguments made to the United States District Court for the District of Nevada that the Court of Federal Claims has jurisdiction over all of Regatta's breach of contract and statutory claims upon transfer of this case to this Court from the District Court.

**I. THIS COURT HAS JURISDICTION TO REVIEW REGATTA BAY'S TORTIOUS BREACH OF CONTRACT CLAIMS**

The Government's argument that this Court does not possess the jurisdiction to review Regatta's tortious breach of contract claims, or award damages stemming from HUD's tortious breach of contract with Regatta is unfounded. For this Court to exercise jurisdiction over claims based on tortious breach of government contract, the relevant inquiry is whether there is nexus between alleged tortious conduct and some alleged contractual obligation, and where valid contract is alleged, the fact that alleged breach is also tortious does not foreclose jurisdiction. D.F.K. Enters. v United States, 45 Fed Cl. 280 (1999). Where plaintiff has stated breach of contract claims, fact that alleged breach is also tortious does not foreclose Tucker Act jurisdiction. Schweiger Constr. Co. v United States, 49 Fed Cl 188 (2001).

It is well-settled that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims to the extent that damages exceed $ 10,000. *See,* Awad v. United States, 301 F.3d 1367 (U.S. App., 2002); Wood v. United States, 961 F.2d 195, 198 (Fed. Cir. 1992) (upholding a transfer of the plaintiff's claims from the district court to the United States Claims Court on the ground that negligence and conversion claims could not establish a cause of action in tort independent of the underlying contractual relationship); Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351 (5th Cir. 1965) (holding that the plaintiff's claim against the United States for negligence was not a tort claim within the FTCA where it was founded upon an alleged failure to perform explicit or implicit contractual obligations); Woodbury v. United States, 313 F.2d 291, 295 (9th Cir. 1963) (holding that a developer's claim for breach of fiduciary duty was actually a contract action properly brought in the Court of Claims).

As the Federal Circuit Court of Appeals explained in Awad v. United States, 301 F.3d 1367

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

(Fed.Cir. 2002) *citing* Wood:

> Many breaches of contract can also be treated as torts. But in cases such as this, where the "tort" complained of is based entirely upon breach by the government of a promise made by it in a contract so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to waive the breach and sue in tort brings the case within the Federal Tort Claims Act.

Wood, supra, 961 F.2d at 198 (quoting Woodbury, supra, 313 F.2d at 295), quoted in Awad, 301 F.2d at 1372, the Court finding that, as the claim sounded primarily in tort, jurisdiction did not lie in the Court of Federal Claims). The principal question regarding jurisdiction in this case that triggered transfer is whether Regatta Bay's action primarily sounds in contract, or whether Regatta Bay has stated a purely independent action in tort. Regatta posits that it's action primarily sounds in contract and this Court possesses the jurisdiction to provide complete relief stemming from the Federal Defendant's breach of contract, and tortious breach of contract, to Regatta Bay.

As stated above, this case is primarily one in which Regatta Bay's action sounds in contract, as there would have been no relationship with HUD had Regatta Bay *not* entered into the deed of trust note, deed of trust and Regulatory Agreement insuring the loan. In addition to having direct privity with HUD through the Regulatory Agreement, Regatta Bay was a third-party beneficiary in privity with the Federal Defendant through the Deed of Trust's incorporation of the Regulatory Agreement as a term of the Deed of Trust. *See,* Glass v. United States, 258 F.3d 1349 (Fed. Cir. 2001); Carlow v United States, 40 Fed Cl 773, 42 CCF P 77288 (1998), ("in order to show contractual relationship with defendant/United States as third party beneficiary of government contract, plaintiffs must demonstrate that parties expressly or impliedly intended that contract in question specifically benefit party claiming third party beneficiary status"); Nematollahi v United States, 38 Fed Cl 224 (1997) ("to entitle one who is not party to contract with federal government to sue government for breach of contract pursuant to Court's Tucker Act jurisdiction, a third party must establish that he is intended third party beneficiary of contract; proper test to establish one as intended third party beneficiary is whether parties to contract specifically intended to directly benefit third party"). Incorporation of the Regulatory Agreement into the Deed of Trust added Regatta's right to insurance as a term of the secured transaction.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

The Court of Federal Claims has jurisdiction over "tortious breach of contract" claims, as well as contract actions, and transfer was in the interest of justice to afford Regatta Bay complete relief. *See generally,* Mendenhall v. Kusicko, 857 F2d 1378 (1988, CA9 Idaho) (jurisdiction of timber contractor's claim against Forest Service for alleged breach of contract properly lay with Claims Court rather than District Court, since it was founded on express contract with government); Carlyle Gardens Co. v Delaware State Housing Authority, 659 F Supp 1300, (1987, DC Del), (transfer proper where company participating in HUD program sues to recover housing assistance payments allegedly wrongfully withheld by Delaware State Housing Authority (DSHA) at request of HUD Secretary, because Claims Court has exclusive jurisdiction over claim against United States, and should do so in interest of justice and to promote judicial economy).

In opposition, HUD relies upon caselaw entirely distinguishable from the case at bar, including Pinkston v United States 6 Cl Ct 263, 32 CCF P 72886 (1984). In Pinkston, the plaintiff sought recovery from United States on tort theory for a variety of alleged illegal, tortious, and improper activities resulting in nonrenewal of contract to provide graphic services. The plaintiff could not base Claims Court jurisdiction on Tucker Act (28 USCS § 1491) since that Act expressly excludes jurisdiction over claims sounding in tort. Pinkston v United States 6 Cl Ct 263, 32 CCF P 72886 (1984).

Similarly, HUD misapplies the holding of De Roo v United States, 12 Cl Ct 356 (1987) (claim that Department of Housing and Urban Development officials were negligent in issuing conditional commitment for mortgage insurance was not within jurisdiction of Claims Court under § 1491 since recovery sought was based on tort theory and no contractual recovery theory had been shown). De Roo v United States, 12 Cl Ct 356 (1987); and Somali Development Bank v United States, 205 Ct Cl 741, 508 F2d 817 (1974).

Upon transfer of this case to the Court of Federal Claims, Regatta Bay was permitted to amend its complaint to allege *all* of the tortious breach of contract claims available to Regatta Bay, including those tortious breach of contract claims unavailable to Regatta Bay in the District Court,

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

for which this Court has jurisdiction to review.[2] It is well-settled that this Court has the jurisdiction to adjudicate damages for tortious breach of contract, and Regatta Bay should have an opportunity to present all of its evidence regarding all of its damages at the time of trial of this matter. *See*, H.H.O., Inc. v United States,) 7 Cl Ct 703, 32 CCF P 73393(1985), (the test for Claims Court jurisdiction under 28 USCS § 1491 is whether there has been "tortious" breach of contract, rather than tort independent of contract; there must be direct connection between government's contractual obligations and alleged tortious conduct); *See also,* Gregory Lumber Co. v United States, 9 Cl. Ct. 503 (1986); Bird & Sons, Inc. v United States, 190 Ct. Cl 426, 420 F2d 1051 (1970) (an action may be maintained in Court of Claims which arises primarily from breach of contractually created duty even though damages sustained by plaintiff may have resulted from negligent acts of defendant; *See,* Fountain v United States, 192 Ct. Cl 495, 427 F2d 759, (1970) *cert. den*. 404 U.S. 839, 30 L Ed. 2d 73, 92 S. Ct. 131 (1971) ('if contractual relations exist, the fact that the alleged breach is also tortious does not foreclose jurisdiction" in the Court of Federal Claims.

**J. REGATTA BAY HAS SUFFICIENTLY PLEAD ALLEGATIONS WHEREBY IT MAY PREVAIL UPON A CLAIM OF BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.**

The Federal Defendant does not dispute this Court's jurisdiction over Regatta's claim that the Federal Defendant violated the covenant of good faith and fair dealing. *See,* S. Cal. Edison v. United States, 58 Fed. Cl. 313, 325 (Ct. Cl., 2003) "(In every contract there exists an implied covenant of good faith and fair dealing)." 13 Williston on Contracts § 38:15 at 437; *See also,* Asco-Falcon II Shipping Co. v. United States, 32 Fed. Cl. 595, 604 (1994); Solar Turbines, Inc. v. United States, 23 Cl. Ct. 142, 156 (1991); Travelers Indem. Co. v. United States, 16 Cl. Ct. 142, 149 (1988).

HUD only argues that Regatta has a duty, and had failed in that duty, to state a *prima facie* case. Proving a breach of this covenant in a government contract is frequently difficult because of the presumption that a government employee performs his or her duties in good faith. S. Cal. Edison

---

[2] Many "tortious breach of contract" claims, such as "Intentional Interference with a Contractual Relationship," "Misrepresentation," "Breach of the Covenant of Good Faith and Fair Dealing," and "Breach of Fiduciary Duty," etc., are barred from being brought against the United States in District Courts via the FTCA, while these claims are generally available to a plaintiff in the Court of Federal Claims. *See generally* (citing Morris, 33 Fed. Cl. at 745); at 13; Restatement (Second) of Contracts §§ 164 (1981).