# EXHIBIT "3"

U.S. Department of Housing and Urban Development
Las Vegas Office, Region IX
1500 East Tropicana
Las Vegas, Nevada 89119-6516

RECEIVED
JUL - 1 1994

JUN 29 1994

ROBERT ROSEQUIST
3401 WEST CHARLESTON BOULEVARD
LAS VEGAS , NV 89102

Dear Sir/Madam :

On April 15, Secretary, Henry G. Cisneros, implemented the field reorganization for the U.S. Department of Housing and Urban Development (HUD). From this day forward HUD will be doing business in a new way!

Specifically, this office has full authority to make decisions and work with you as a partner to build better, stronger communities. This office has now been designated the primary point of contact for coordination of all HUD programs for your community.

I have been designated as the Secretary's State Coordinator for your community. We are transforming HUD into an activist, enabling agency that is customer-oriented and results driven. We look forward to working with you, in full partnership, with the people we serve.

In the near future, I would like to have the opportunity to discuss how we may better serve, you, our customer. If you have any questions, please do not hesitate to contact me on (702) 388-6500.

Very sincerely yours,

Benjamin F. Davis
Acting State Coordinator

Exhibit 8

# EXHIBIT "4"

RECEIVED
MAR 27 2000

U.S. Department of Housing and Urban Development
Departmental Enforcement Center
Los Angeles Satellite Office
611 West Sixth Street, Suite 3800
Los Angeles, CA 90017

MAR 24 2000

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Regatta Bay, Ltd., a Nevada Limited Partnership
Attention: Mr. Phil R. Rosequist, General Partner
3401 W. Charleston Boulevard
Las Vegas, NV 89102

SUBJECT: Notice of Violations and Demand for Corrective Action
Project Name: Regatta Apartments
Project Number: 125-35152

Dear Mr. Rosequist:

Pursuant to Paragraph 14 of the Regulatory Agreement for Insured Multi-Family Housing Projects under Section 221(d)(4) of the National Housing Act, this letter constitutes formal notice by the Secretary of the Department of Housing and Urban Development (HUD) that Regatta Bay Ltd., (Owner) is in violation of its obligations under the Regulatory Agreement dated September 1, 1979. Specifically, HUD finds that the Owner is in violation of:

1. Paragraph 8(b) and (e) of the Regulatory Agreement which prohibits Owner, without the prior written approval of the Secretary, from disposing of any personal property of the project or paying out any funds, or making any distributions of assets except from surplus cash, except for reasonable operating expenses and necessary repairs. A review of the project's file by HUD's Departmental Enforcement Center (DEC) indicated that Owner, from 1985 to 1997 and without prior written HUD approval, withdrew $1,327,420 from project funds to reimburse itself for prior advances to the operating fund, when the project was in a cash deficit or no surplus cash position.

2. Paragraph 10 of the Regulatory Agreement which requires Owner to maintain the premises in good repair and condition. An inspection of the property by HUD's Real Estate Assessment Center (REAC) on September 13, 1999, disclosed several physical deficiencies such as missing or inoperable smoke detectors, missing or inoperable fire extinguishers and misplaced security bars, giving the project a score of 42c.

MAR 27 2000

In addition to the above violations, a review by the DEC of the project's file indicated that Owner, from 1985 to 1997 and without prior written HUD approval, charged the project $152,665 in compound interest, ranging from 6% to 11%, on Owner's advances made to the project when the project was in a cash deficit or no surplus cash position. Further, a comprehensive management review conducted by the DEC from September 13 to 17, 1999 also revealed that several other deficiencies exist on the property. These deficiencies are described in detail in Exhibit A, attached.

As a result of the above described violations and findings, HUD hereby requires the Owner to address the above described concerns at the projects and that the following tasks be completed within thirty (30) days from the date of this letter:

1. Owner will reimburse the project $1,327,420 for the unauthorized withdrawal of project funds. Project funds of Regatta Apartments may not be used for this purpose except to the extent that the project has surplus cash as defined in Paragraph 16(f) of the Regulatory Agreement. You will note that the Owner may not make, receive and retain any distribution of income of any kind as long as there are still outstanding requirements for repairs and maintenance on the projects and until the unauthorized withdrawals have been reimbursed.

2. Owner shall take appropriate corrective action on the deficiencies noted in the HUD REAC Physical Inspection Report, and to certify to HUD in writing that those deficiencies, which are listed under "Inspected Items" on pages 3 to 8 of the Inspection Report, have been corrected.

3. Owner will instruct the Realty Management Company to make a reversing journal entry in the project books and records, to eliminate the improperly accrued interest that Owner charged to the project as payable to Owner in the amount of $152,665.

4. Owner will submit a Management Improvement Operating (MIO) Plan showing all the needed repairs, including required corrections to all of the deficiencies noted in the REAC inspection, as well as the deficiencies observed during the DEC's Comprehensive Management Review (see Attachment A, Exhibit 2). The MIO Plan must be submitted in the prescribed format in HUD Handbook 4355.1, Flexible Subsidy, Form HUD-9835 and Form HUD-9835-A.

Each of the submissions should be directed to both the San Francisco Hub at 450 Golden Gate Avenue, San Francisco, California 94102-3448 to the attention of Janet Browder, Director of Housing and the Los Angeles Departmental Enforcement Center at 611 W. 6th Street, Suite 3800, Los Angeles, California 90017 to the attention of Scott Hunley, Director of Operations.

MAR 27 2000

The failure to comply with any or all of the actions required herein could result in the suspension or abatement of any federal assistance, or the imposition of administrative, civil sanction or other corrective action the DEC deems appropriate under the circumstances.

If you have any questions, please contact Roger Balane, Enforcement Analyst at (213) 894-4282, extension 4019.

Janet Browder
Director
SF Multifamily Hub

Scott Hunley
Director
DEC Los Angeles Satellite Office

Enclosure

# EXHIBIT "5"

U. S. Department of Housing and Urban Development
Washington, D.C. 20410-8000

RECEIVED
SEP 05 2000

OFFICE OF THE ASSISTANT SECRETARY
FOR HOUSING-FEDERAL HOUSING COMMISSIONER

AUG 29 2000

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Sheldon L. Schreiberg, Esq.
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004

SUBJECT: Notice of Default
Project Name: Regatta Apartments
Project Numbers: 125-35152

Dear Mr. Schreiberg:

On March 24, 2000, the Department of Housing and Urban Development notified your client Regatta Bay Ltd., (Owner) that it is in violation of its obligations under the Regulatory Agreement in this matter. Specifically, you were notified that Owner is in violation of Paragraph 8(b) and (e) and Paragraph 10 of said Agreement.

A response to the Department's Notice of Violations was required within thirty (30) days from the date of the notice. Your client requested, and was given, a fifteen (15) day extension to respond. Your first response dated May 9, 2000 was received in this office on May 16, 2000. Your second response dated May 15, 2000 was received in this office on May 17, 2000.

After a thorough review of your letters and accompanying documents, HUD finds that, as to the physical issues, your responses adequately addressed the physical deficiencies raised by the REAC inspection dated September 13, 1999 and HUD's request for a MIO Plan. However, as to the financial matters, HUD finds that your responses did not satisfactorily address the financial issues raised in the Department's Notice of Violations. Namely, that HUD required the Owner to reimburse the project $1,327,420 for the unauthorized withdrawal of project funds and to instruct the Realty Management Company to reverse journal entries in the project books and records to eliminate improperly accrued interest due Owner in the amount of $152,665.

With respect to the $1,327,424 in withdrawals, your May 9, 2000 response only stated: "The owner cannot waste precious resources in disputing the allegations in enormous detail. Simply, the funds were utilized to address project needs and timing of the withdrawals was,

SEP 0 5 2000

perhaps, not appropriate, even, if approved by HUD." Please note that, regardless of the timing, HUD did not approve those withdrawals. In any event, a conclusory statement that "the funds were utilized to address the project needs", without more, is insufficient to respond to HUD's request. Your May 15, 2000 response did not address this issue.

With respect to the $152,665 of interest improperly charged to the project, neither your May 9, 2000 letter nor your May 15, 2000 letter addressed this issue.

We appreciate your statements concerning your commitment to work with HUD to resolve problems in a practical, rather than punitive, manner. We also appreciate your stated intentions to work with HUD in achieving a transfer of the property. However, to date, we have not received the required application for HUD's approval of a Transfer of Physical Assets (TPA) or any other evidence that such a transfer is being effected. We request that you submit any TPA application or other correspondence regarding a sale of the project to this office rather than the Las Vegas HUD office. Please also note that a TPA will not be approved by HUD unless plans are in place to address the project's physical and financial needs and such plans have been approved by HUD in writing.

As a result of the above and after due consideration, the Secretary has, pursuant to Paragraph 14 of the Regulatory Agreement, declared the Owner to be in default of said Regulatory Agreement. Such default is based on violations of paragraphs 8(b) and (e) of the Regulatory Agreement. As an immediate effect of the default, the Department intends to take other enforcement actions which may include, but not be limited to, the imposition of other administrative and/or civil sanctions as determined appropriate by the Department.

If you have any questions concerning this matter, please contact Roger Balane, Enforcement Analyst, at (213) 894-4282 x4019.

for Frank M. Malone
Director,
Multifamily Asset Management

# EXHIBIT "6"

U.S. Department of Housing and Urban Development
Departmental Enforcement Center
Los Angeles Satellite Office
611 West Sixth Street, Suite 3800
Los Angeles, CA 90017

*PRIVILEGED - SETTLEMENT NEGOTIATIONS*

*Via U.S. Mail & Facsimile*

May 3, 2001

Paul C. Ray, Esq.
Law Offices of John Peter Lee, Ltd.
830 Las Vegas Boulevard South
Las Vegas, NV 89101

Re: Regatta Bay Limited

Dear Paul:

In furtherance of our settlement discussions, I am attaching copies of the following correspondence in this matter:

- Notice of Violations and Demand for Corrective Action dated March 24, 2000;
- Pepper Hamilton LLP response to the Notice of Violations dated May 9, 2000;
- Notice of Default dated August 29, 2000.

Also pursuant to our settlement discussions, please find below a breakdown of the data as compiled in the financial records of Regatta Bay LTD's general partner's cash advances and withdrawals. This breakdown is organized by dates, with running balances of the net cumulative amount due the general partner and the cumulative interest that was charged to the project. The transactions shown in the records covered the period from May 15, 1985 to December 31, 1997. The data on the Surplus or Cash Deficit (column F) was independently obtained by the DEC from the project's financial records.

*(This space intentionally left blank.)*

| Fiscal | | Total owner's Annual | | | Cumulative | Year End |
|---|---|---|---|---|---|---|
| Year End 12/31 | Beginning Balance A | Cash Advance To The Project B | Repayments Of Advance C | Interest Earned D | Year End Balance E=(A+B+C+D) | Surplus Cash or (Deficit) F |
| 1985 | - | 79,879 | (36,033) | 1,711.89 | 45,557.89 | Unknown. |
| 1986 | 45,557.89 | 281,200 | (263,000) | 1,510.63 | 65,268.52 | (10,473) |
| 1987 | 65,268.52 | 314,500 | (265,600) | 2,218.74 | 116,387.26 | (29,999) |
| 1988 | 116,387.26 | 219,600 | (225,900) | 8,541.41 | 118,628.67 | (44,594) |
| 1989 | 118,628.67 | 291,642 | (275,550) | 14,876.70 | 149,597.37 | (34,609) |
| 1990 | 149,597.37 | 183,250 | (248,150) | 12,202.60 | 96,899.97 | (62,663) |
| 1991 | 96,899.97 | 225,600 | (188,500) | 10,894.49 | 144,894.46 | (28,353) |
| 1992 | 144,894.46 | 192,900 | (156,100) | 9,425.93 | 191,120.39 | (36,374) |
| 1993 | 191,120.39 | 114,600 | (147,500) | 11,196.38 | 169,416.77 | (41,517) |
| 1994 | 169,416.77 | 140,100 | (173,000) | 11,968.32 | 148,485.09 | (63,942) |
| 1995 | 148,485.09 | 33,100 | 0 | 13,052.99 | 194,638.08 | (54,901) |
| 1996 | 194,638.08 | 204,720 | (179,870) | 15,882.53 | 235,370.61 | (52,745) |
| 1997 | 235,370.61 | 84,200 | (96,050) | 19,169.46 | 242,690.07 | (129,070) |
| 1998 | 242,690.07 | 15,046 | 0 | 20,013.00 | 277,749.07 | (120,065) |
| Total | | 2,380,337 | (2,255,253) | 152,665.07 | 277,749.07 | |

From 1985 through 1994, HUD disallowed withdrawals of funds over $10,000 per transaction from the project without HUD approval. However, a further breakdown of the withdrawals above revealed that between 1985 through 1994, the withdrawals by Regatta Bay LTD's general partner of amounts that were in excess of $10,000 per transaction totaled $1,051,500 as follows:

| Fiscal Year | Grand Total | Withdrawals by GP # of times | Dollar Range From | To |
|---|---|---|---|---|
| 1985 | $ 0 | | No repayment of over $10,000. | |
| 1986 | 210,000 | 11 | $ 12,000 | $ 29,000 |
| 1987 | 183,000 | 10 | 13,000 | 25,000 |
| 1988 | 149,000 | 8 | 12,000 | 27,000 |
| 1989 | 153,500 | 9 | 14,000 | 22,500 |
| 1990 | 141,000 | 9 | 13,000 | 20,000 |
| 1991 | 123,000 | 7 | 15,000 | 21,000 |
| 1992 | 52,000 | 3 | 12,000 | 25,000 |
| 1993 | 40,000 | 1 | 40,000 | 0 |
| 1994 | 0 | | No repayment of over $10,000. | |
| Total | $1,051,500 | | | |

Beginning on January 1995, HUD disallowed withdrawals from the project in any amount without HUD approval. However, a review of the project's financial records indicated that from January 1995 to December 1998 the total withdrawals of any amount to the general partner was as follows:

| | | |
|---|---|---|
| 1995 | $ 0 | No withdrawal to GP during the year. |
| 1996 | 179,870 | Fifteen (15) times, at various amounts from $500 to $32,000. |
| 1997 | 96,050 | Nineteen (19) times, at various amounts from $500 to $15,000. |
| Total | $275,920 | |

Thus, the combined total from unauthorized repayments of cash advances from 1985 to 1998 totaled $1,327,420.

We believe this breakdown will provide you with an understanding of the basis on which HUD is demanding the repayment of funds. We look forward to hearing from you concerning a rapid resolution of this matter.

Sincerely,

Luc-Andre Odabashian
Lead Attorney

*Encl.*

*Copy: Seth Shapiro, Esq.*
*USDOJ*

# EXHIBIT "7"

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
TELEPHONE
(702) 382-4044
TELECOPIER
(702) 383-9950
WEBSITE
www.vegasnet.net/~jpl

June 12, 2001

**Via Federal Express and**
**Certified Mail, Return Receipt Requested**

Mr. Alvin Braggs
Director of Property Disposition Center
801 Cherry Street, 27th Floor
P. O. Box 2905
Fort Worth, TX 76113-2905

Re: Regatta Apartments - Project No. FHA 125-35073

Dear Mr. Braggs:

This letter is in response to a letter from Janet Browder, Director, San Francisco Multi-Family Hub, dated May 22, 2001, which this office received on May 24, 2001. Pursuant to the instructions of Ms. Browder, this is to notify you that HUD should not foreclose on the subject property because of a number of miscommunications which have occurred in the instant case involving the inherently difficult task of communication and coordination of multiple offices located in San Francisco, Los Angeles and Washington, D.C. The Department of Justice has been instrumental in helping to coordinate any communications, but U.S. Department of Housing and Urban Development (HUD) has indicated a series of misunderstandings regarding the subject property.

Specifically, I am advised that HUD may incur some $4,800.00 per day in overhead expenses without addressing a proper, facilitated approach to maximizing HUD's recovery from the property such as Regatta Bay has repeatedly suggested. Because of a series of misunderstandings HUD appears to be pursuing, perhaps inadvertently, an ongoing policy of deterioration to this property with an unfortunate, however inadvertent, disregard for the effect upon the property and the tenants thereof through HUD's pursuit of a policy which fails to take into account the practical economic realities of this property. If HUD will reconsider its legal positions asserted to date and apply its policies of promoting the welfare of the tenants and the economic viability of the project consistent with HUD's own programs, rather than take a vindictive approach against Regatta Bay, Ltd. for its past involvement of a U.S. Senator to assist in the implementation of HUD's policies, HUD should find that opportunities abound which will bring a far more satisfactory economic treatment of this property than the present course which HUD has announced to be pursuing.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW



Someone at HUD needs to break the bureaucratic inertia and authorize an economically feasible plan such as Regatta Bay, Ltd. has proposed for maximizing HUD's return on this property. For this reason, HUD should not foreclose, but should pursue its own correct policies of responsibilities to taxpayers and providing responsible management of the economics raised by the legal foreclosure of this property, as well as the legal issues raised by the economic issues of the foreclosure of this property.

Should HUD have an interest in addressing the economic and legal issues surrounding this foreclosure, please respond at your earliest convenience. Your cooperation will be appreciated.

Sincerely,

JOHN PETER LEE, LTD.

PAUL C. RAY, ESQ.

PCR/pp
604.021513
cc: Regatta Bay, Ltd.

 31513

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
TELEPHONE
(702) 382-4044
TELECOPIER
(702) 383-9950
WEBSITE
www.vegasnet.net/~jpl

June 12, 2001

**Via Federal Express and**
**Certified Mail, Return Receipt Requested**

Mr. Alvin Braggs
Director of Property Disposition Center
801 Cherry Street, 27th Floor
P. O. Box 2905
Fort Worth, TX 76113-2905

Re: Regatta Apartments - Project No. FHA 125-35073

Dear Mr. Braggs:

This letter is in response to a letter from Janet Browder, Director, San Francisco Multi-Family Hub, dated May 22, 2001, which this office received on May 24, 2001. Pursuant to the instructions of Ms. Browder, this is to notify you that HUD should not foreclose on the subject property because of a number of miscommunications which have occurred in the instant case involving the inherently difficult task of communication and coordination of multiple offices located in San Francisco, Los Angeles and Washington, D.C. The Department of Justice has been instrumental in helping to coordinate any communications, but U.S. Department of Housing and Urban Development (HUD) has indicated a series of misunderstandings regarding the subject property.

Specifically, I am advised that HUD may incur some $4,800.00 per day in overhead expenses without addressing a proper, facilitated approach to maximizing HUD's recovery from the property such as Regatta Bay has repeatedly suggested. Because of a series of misunderstandings HUD appears to be pursuing, perhaps inadvertently, an ongoing policy of deterioration to this property with an unfortunate, however inadvertent, disregard for the effect upon the property and the tenants thereof through HUD's pursuit of a policy which fails to take into account the practical economic realities of this property. If HUD will reconsider its legal positions asserted to date and apply its policies of promoting the welfare of the tenants and the economic viability of the project consistent with HUD's own programs, rather than take a vindictive approach against Regatta Bay, Ltd. for its past involvement of a U.S. Senator to assist in the implementation of HUD's policies, HUD should find that opportunities abound which will bring a far more satisfactory economic treatment of this property than the present course which HUD has announced to be pursuing.

00939
01000

**FedEx USA Airbill** FedEx Tracking Number 802517373280 Form I.D. No. 0200 SLA11 **Sender's Copy**

RETAIN THIS COPY FOR YOUR RECORDS

**1 From** (please print and press hard)

Date 6-12-01 Sender's FedEx Account Number 0891-0029-1

Sender's Name Paul C. Ray, Esq. Phone (702) 382-4044

Company JOHN PETER LEE LTD

Address 830 LAS VEGAS BLVD S Dept./Floor/Suite/Room

City LAS VEGAS State NV ZIP 89101

**2 Your Internal Billing Reference Information** (Optional) (First 24 characters will appear on invoice) 604.021513

**3 To** (please print and press hard)

Recipient's Name Alvin Braggs Phone (817) 978-5802

Company Director of Property Disposition Center

Address 801 Cherry St. - 27th Floor ☐ Check here if residence (Extra charge applies for FedEx Express Saver)

(To "HOLD" at FedEx location, print FedEx address here) (We Cannot Deliver to P.O. Boxes or P.O. ZIP Codes) Dept./Floor/Suite/Room

City Fort Worth State TX ZIP 76113-2905

**For HOLD at FedEx Location check here**
☐ Hold Weekday (Not available with FedEx First Overnight)
☐ Hold Saturday (Not available at all locations) (Available for FedEx Priority Overnight and FedEx 2Day only)

**For Saturday Delivery check here**
☐ (Extra Charge. Not available to all locations) (Available for FedEx Priority Overnight and FedEx 2Day only)

**Service Conditions, Declared Value, and Limit of Liability** – By using this Airbill, you agree to the service conditions in our current Service Guide or U.S. Government Service Guide. Both are available on request. SEE BACK OF SENDER'S COPY OF THIS AIRBILL FOR INFORMATION AND ADDITIONAL TERMS. We will not be responsible for any claim in excess of $100 per package whether the result of loss, damage, or delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, and document your actual loss in a timely manner. Your right to recover from us for any loss includes intrinsic value of the package, loss of sales, interest, profit, attorney's fees, costs, and other forms of damage, whether direct, incidental, consequential, or special, and is limited to the greater of $100 or the declared value but cannot exceed actual documented loss. The maximum declared value for any FedEx Letter and FedEx Pak is $500. Federal Express may, upon your request, and with some limitations, refund all transportation charges paid. See the FedEx Service Guide for further details.

**Questions?**
**Call 1·800·Go·FedEx** (800)463-3339

*The World On Time*

**4a Express Package Service** *Packages under 150 lbs.* Delivery commitment may be later in some areas.
☒ FedEx Priority Overnight (Next business morning)
☐ FedEx Standard Overnight (Next business afternoon)
☐ FedEx First Overnight (Earliest next business morning delivery to select locations) (Higher rates apply)
☐ FedEx 2Day (Second business day)
☐ FedEx Express Saver (Third business day)
FedEx Letter Rate not available. Minimum charge: One pound rate.

**4b Express Freight Service** *Packages over 150 lbs.* Delivery commitment may be later in some areas.
☐ FedEx Overnight Freight (Next business day)
☐ FedEx 2Day Freight (Second business day)
☐ FedEx Express Saver Freight (Up to 3 business days)
(Call for delivery schedule. See back for detailed descriptions of freight services.)

**5 Packaging** ☒ FedEx Letter (Declared value limit $500) ☐ FedEx Pak ☐ FedEx Box ☐ FedEx Tube ☐ Other Pkg.

**6 Special Handling**
Does this shipment contain dangerous goods?* (One box must be checked) ☐ No ☐ Yes (As per attached Shipper's Declaration) ☐ Yes (Shipper's Declaration not required)
☐ Dry Ice Dry Ice, 9, UN 1845 ____ x ____ kg. CA ☐ Cargo Aircraft Only
*Dangerous Goods cannot be shipped in FedEx packaging.

**7 Payment**
Bill to: ☐ Sender (Account no. in section 1 will be billed) ☐ Recipient ☐ Third Party ☐ Credit Card ☐ Cash/Check
(Enter FedEx account no. or Credit Card no. below)

FedEx Account No.
Credit Card No. Exp. Date

| Total Packages | Total Weight | Total Declared Value* | Total Charges |
| --- | --- | --- | --- |
| | | $ .00 | $ |

*When declaring a value higher than $100 per shipment, you pay an additional charge. See SERVICE CONDITIONS, DECLARED VALUE, AND LIMIT OF LIABILITY section for further information.

**8 Release Signature** Sign to authorize delivery without obtaining signature

Your signature authorizes Federal Express to deliver this shipment without obtaining a signature and agrees to indemnify and hold harmless Federal Express from any resulting claims.

288

004159020 5

Rev. Date 8/97
Part #151557
©1994-97 FedEx
PRINTED IN U.S.A.

2. Article Number

7106 4575 1292 2680 8067

3. Service Type CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

Mr. Alvin Braggs
Director of Property
Disposition Center
P. O. Box 2905
Fort Worth, TX 76113-2

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) WAYNE ABBOTT

B. Date of Delivery JUN 8 2001

C. Signature Wayne L. Abbott

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Regatta Bay

PS Form 3811, June 2000

Domestic Return Receipt

eipt

2

# EXHIBIT "8"

# United States Bankruptcy Court
District of Nevada

# VOLUNTARY PETITION

| | |
|---|---|
| RE: (Name of debtor - If individual, enter: Last, First, Middle)<br>REGATTA BAY LIMITED | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle) |
| ALL OTHER NAMES used by debtor in the last 6 years (inc. married, maiden, and trade names) | ALL OTHER NAMES used by joint debtor in the last 6 years (inc. married, maiden, and trade names) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br>88-0195570 | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code)<br>2101 Sandy Lane<br>Las Vegas, Nevada 89115<br>COUNTY OF RESIDENCE/BUSINESS: CLARK | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state and zip code)<br>COUNTY OF RESIDENCE/BUSINESS: |
| MAILING ADDRESS OF DEBTOR (If different from street address)<br>3401 West Charleston<br>Las Vegas, Nevada 89102 | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if other than street address)<br>2101 SANDY LANE, LAS VEGAS, NEVADA | VENUE (Check one box)<br>[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |

INFORMATION REGARDING DEBTOR (Check applicable boxes)

TYPE OF DEBTOR (Check one box)
[ ] Individual
[ ] Joint (Husband & Wife)
[ ] Partnership
[X] Other LIMITED PARTNERSHIP
[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held
[ ] Municipality

NATURE OF DEBT (Check one box)
[ ] Non-Business/Consumer
[X] Business - Complete A&B below

A. TYPE OF BUSINESS (Check one box)
[ ] Farming
[ ] Professional
[ ] Retail/Wholesale
[ ] Railroad
[ ] Transportation
[ ] Manufacturing/ Mining
[ ] Stockbroker
[ ] Commodity Broker
[ ] Construction
[X] Real Estate
[ ] Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS
APARTMENT RENTAL

CHAPTER OR SECTION OF BANKRUPTCY CODE FOR PETITION (Check one box)
[ ] Chapter 7
[ ] Chapter 9
[X] Chapter 11
[ ] Chapter 12
[ ] Chapter 13
[ ] Sec. 304

SMALL BUSINESS (Chapter 11 only)
[ ] Debtor is a small business as defined in 11 U.S.C. § 101.
[ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (opt'l)

FILING FEE (Check one box)
[X] Filing fee attached
[ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b): see Official Form No. 3

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
John Peter Lee, Ltd.
830 Las Vegas Boulevard, South
Las Vegas, Nevada 89101

Telephone No: (702)382-4044

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR
JOHN PETER LEE 001768
PAUL C. RAY 004365

[ ] Debtor is not represented by an attorney. Telephone No. of Debtor not represented by an attorney:

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. § 604)
(Estimates only) (Check applicable boxes)

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS

| 1-15 | 16-49 | 50-99 | 100-199 | 200-9 |
|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ |

ESTIMATED ASSETS (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9 |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ |

ESTIMATED LIABILITIES (in thousands of dollars)

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9 |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ |

EST. NO. OF EMPLOYEES - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-999 | 1000- |
|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ |

EST. NO. OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY

| 0 | 1-19 | 20-99 | 100-999 | 100( |
|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ |

THIS SPACE FOR COURT USE ONLY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

Case # 00-16865 lbr
Chapter 11
Filed: 03:54 PM, 09/08/00
Las Vegas

Judge: Linda B. Riegle
Trustee: xxx
Debtor(s):
REGATTA BAY LIMITED

**First Meeting of Creditors**
01:00 PM, October 11, 2000
BIBLE BUILDING
600 LAS VEGAS BLVD., SOUTH
ROOM 435
LAS VEGAS, NV 89101

RECEIPT
# 000073986 - SH
03:58 PM, September 08, 2000

| Code | Qty | Amount |
|---|---|---|
| 11 | 1 | $830.00 |

ATTORNEY

**TOTAL PAID: $830.00**

From: JOHN PETER LEE
830 LAS VEGAS BLVD S
LAS VEGAS, NV 89101-0000