IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REGATTA BAY LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1403C |
| | ) | (Senior Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR CONTINUANCE TO PERMIT DEPOSITIONS TO BE TAKEN AND DISCOVERY TO BE HAD, AND RESPONSE TO THE COURT'S MAY 4, 2005 ORDER

Defendant, the United States, respectfully submits the following response to (1) plaintiff's cross-motion for continuance to permit depositions to be taken and discovery to be had, (2) the Court's May 4, 2005 order, and (3) plaintiff's response to the Court's May 4, 2005 order.[1]

I. Plaintiff's Can Provide No Legitimate Basis For Allowing Discovery Prior To A Decision Upon Our Motion For Summary Judgment

Plaintiff Regatta Bay Limited ("Regatta") seeks to open discovery in this matter pursuant to RCFC 56(f). A party requesting discovery must state, by affidavit, "explicit reasons why discovery is required in opposition to the motion for summary judgment." Aero Union Corp. v. United States, 47 Fed. Cl. 677, 687 (2000) (quoting C.W. Over & Sons v. United States, 44 Fed. Cl. 18, 23 (1999)). The United States Court of Appeals for the Federal Circuit has explained:

> In moving for relief under Rule 56(f), a party must demonstrate specifically "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." . . . The party

[1] "Comp. ¶ ___" refers to plaintiff's complaint. "Pl. Res. ___" refers to Regatta's response to our motion for summary judgment. "Pl. Br. ___" refers to plaintiff's cross-motion for continuance to permit depositions to be taken and discovery to be had. "Def. Br. ___" refers to our motion for summary judgment.. "Def. Reply ___" refers to defendant's reply brief filed simultaneously with this response.

> "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." . . . the movant is "required to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment."

Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996) (citations omitted); see also Keebler Co. v. Murray Bakery Products, 866 F.2d 1386, 1389 (Fed. Cir. 1989).

The party seeking further discovery must explain, through affidavit, how the requested discovery would enable it to create a genuine issue of material fact. Moore, U.S.A., Inc. v. Standard Register Co., 229 F.3d 1091, 1116 (Fed. Cir. 2000), cert. denied 121 S. Ct. 1734 (2001). "Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 627 (Fed. Cir. 1984) (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968)).

Neither Regatta's motion nor the affidavit of attorney Paul Ray, satisfy the requirements for granting discovery pursuant to RCFC 56(f). Indeed, the portion of Mr. Ray's affidavit purportedly stating why deposition discovery is necessary encompasses one conclusory paragraph which is devoid of any specific description of the discovery needed. Ray. Aff. ¶ 7. While Regatta asserts that discovery is necessary, Regatta's motion and affidavit fails to demonstrate that the factual discovery being sought is reasonably expected to engender a genuine issue of material fact or provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue. See Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 197 (2003) (non-movant must explain how results of discovery are reasonably

expected to engender genuine issue of material fact, provide adequate factual predicate for belief that there are discoverable facts sufficient to raise genuine and material issue).

Here, plaintiff cannot demonstrate that is unable to adequately present and support its opposition to our motion for summary judgment without conducting discovery. Indeed, plaintiff already has filed a response to our motion for summary judgment. As we discuss below, Regatta cannot establish that additional document and deposition discovery is necessary for Regatta to file a more complete response to our motion for summary judgment.

Regatta's complaint alleges that the Department of Housing and Urban Development ("HUD") foreclosed upon the property at issue based upon Regatta's default of a regulatory agreement entered into between Regatta and HUD. Comp. ¶ 22. Our motion for summary judgment establishes that Regatta's complaint confuses actions that were taken by the lender and HUD pursuant to the deed of trust and the deed of trust note and the various alleged violations by Regatta and its general partner of the regulatory agreement concerning use of property funds and upkeep of the property. Def. Br. 11-18.

Regatta's request for discovery continues this confusion. Arguing that discovery is needed in this case, Regatta states:

> there are issues of fact related to Plaintiff's allegations that HUD wrongfully declared Regatta Bay in default of the regulatory agreement governing the property, wrongfully ordered that the private holder of the deed of trust accelerate the mortgage payments due under the deed of trust securing the property without time to cure, which led to wrongfully revoking Federal insurance, and wrongfully foreclosing upon the property, resulting in Regatta Bay losing title to the property.

Pl. Br. 7.

Regatta does not identify the specific issues of fact or state how they are material. Regatta's general allegations are insufficient to carry its burden. As to Regatta's argument "that HUD wrongfully declared Regatta Bay in Default of the regulatory agreement," Id., our motion and reply brief establishes that Regatta's alleged violation of the regulatory agreement was not the basis for the lender's acceleration of the mortgage or HUD's subsequent foreclosure on the property. Def. Br. 11-18, Def. Reply 2-5; see also Pl. Res. 16 ("Regatta does not allege HUD to have foreclosed under the Regulatory Agreement"). HUD's request that the lender accelerate the mortgage, and HUD's subsequent foreclosure upon the property, were made pursuant to the deed of trust and deed of trust note, not the regulatory agreement. Regatta's continued attempts to confuse this issue do not provide legitimate justification for allowing discovery now to proceed.

Regatta's argument that HUD "wrongfully ordered that the private holder of the deed of trust accelerate the mortgage payments due under the deed of trust securing the property without time to cure," Pl. Br. 7, likewise does not provide a basis for permitting discovery. As we established in our motion for summary judgment and reply brief, there was no privity of contract between HUD and Regatta pursuant to the deed of trust at the time Reilly accelerated the mortgage pursuant to the deed of trust. Def. Br. 18-20; Def. Reply 2-5; see Cienega Gardens v. United States, 194 F.3d 1231 (Fed. Cir. 1998) (discussing distinction, in the context of HUD-insured mortgages, between claims brought pursuant to a regulatory agreement and claims brought pursuant to a deed of trust). Privity of contract simply did not exist between Regatta, as the owner of the HUD-insured property, and the Government, with respect to acceleration of mortgage. 194 F.3d at 1245 ("HUD and the owners had no contractual relationship with respect

to prepayment rights, and HUD's involvement in the contracts between the private lending institutions and the Owners could not create such a contractual relationship").

That plaintiff's motion is based upon actions taken before there was any privity of contract between Regatta and the Government pursuant to the deed of trust is established in the following argument set forth in Regatta's motion to permit discovery. According to Regatta:

> Plaintiff seeks damages arising from wrongful foreclosure arising out of a breach of contract between the Federal Defendant, and Plaintiff of the terms of the deed of trust. The Federal Defendant failed to permit Plaintiff his [sic] contractual grace period, failed to permit the Plaintiff to cure and wrongfully accelerated the Note.

Pl. Br. 7. At the time of the alleged "contractual grace period" to cure and alleged wrongful acceleration of the note, there simply was no privity of contract between Regatta and the United States pursuant to the deed of trust and deed of trust note.

Regarding Regatta's argument alleging a wrongful "revoking [of] Federal insurance," Pl. Br. 7, our motion for summary judgment and reply brief establishes HUD did not "revoke" the mortgage insurance and that, assuming for sake of argument that HUD had a duty to insure, any such duty extended only to Reilly as the lender and not to Regatta as the borrower. Def. Br. 18-21; Def. Reply 7; see 12 U.S.C. § 1715(b) (authorizing HUD, upon application by the mortgagee, to insure a mortgage); see, e.g., United States v. Neustadt, 366 U.S. 696, 709 (1961) ("the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees and that there is no legal relationship between the FHA and the individual mortgagor"). Regatta simply lacks standing to assert such a duty. Anderson v. United States, 344 F.3d 1343, 1351 (Fed. Cir. 2003) ("To have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States").

Plaintiff seeks discovery to "establish that the U.S. knew or should have known that these terms pursuant to the deed of trust and note were not complied with or by it." Pl. Br. 7-8. However, what the United States "knew or should have known" regarding Reilly's compliance with the deed of trust and deed of trust note is irrelevant because, as established above, at the time of the acceleration of the note, Regatta had no privity of contract with HUD pursuant to the deed of trust or deed of trust note and Regatta lacks standing to assert such a claim in this Court.

II. Plaintiff's Specific Discovery Requests Should Be Denied

A. Regatta requests a copy "of the Inspector General's audit of Regatta Bay and all correspondence relating to HUD's allegations that Regatta Bay defaulted in any way as would justify HUD's declaration of default and foreclosures." Pl. Br. 8.[2] According to Regatta, the Inspector General's audit concerned Regatta's handling of the property prior to the alleged default pursuant to the regulatory agreement. Id. However, the December 1993 audit concerned Regatta's compliance with the regulatory agreement several years earlier and did not concern Reilly's July 2000 acceleration of the mortgage or HUD's foreclosure upon the property.

Regatta offers no explanation as to why any of the documents requested are necessary to defeat our motion for summary judgment as it pertains to Reilly's acceleration of the mortgage or

[2] Regatta notes that the parties discussed whether the Government would be willing to produce documents requested by plaintiff. Pl. Br. 6. As part of the Government's effort to settle plaintiff's discovery request and avoid having to file a response a RCFC 56(f) motion, we agreed to provide specific documentation requested by Regatta. We also informed Regatta that it already had been provided a copy of the requested audit report several years earlier. However, we also made clear our position that Regatta had not established the documents were necessary for it to file a full response to our motion for summary judgment. Ultimately, Regatta refused our offer because it believed it also was entitled to deposition discovery. As we establish in this brief and in our reply brief, none of the documents or deposition discovery would preclude summary judgment here.

HUD's foreclosure and, indeed, Regatta can offer no explanation because, as established in our motion for summary judgment and reply brief, Regatta's default pursuant to the regulatory agreement was not in any way a basis for Reilly's acceleration of the mortgage or ultimately foreclosure of the property by HUD. Def. Br. 11-18; Def. Reply 2-5. Instead, Regatta speculates that the audit report will establish that at one point in time, the inspector general did not consider Regatta to be in material breach of the regulatory agreement. While we do not agree with Regatta's speculation, ultimately it is of no relevance because, again, Regatta's default of the regulatory agreement was not a basis for acceleration of the mortgage or foreclosure upon the property.

B. Regatta also seeks to depose former HUD employee David Ewing "to confirm that he recommended to Bob Rosequist that Janet Browder's March 24, 2000 letter meant that HUD intended to foreclose regardless of what Regatta Bay did. Pl. Br. 8. Deposition discovery of Mr. Ewing is not necessary because, as set forth in our reply brief, we have assumed for the sake of argument that Mr. Ewing made the statement attributed to him by Mr. Rosequist in his affidavit. Def. Reply 9. For the reasons set forth in our reply brief, Mr. Ewing's statement does not, in any way, establish repudiation of any agreement between HUD and Regatta. Def. Reply 9-11.

C. Regatta seeks to depose Janet Browder to establish "that Ms. Browder knew that the assertion of a violation by Regatta Bay in the March 24, 2000 letter was not based on a thorough, competent analysis of the facts." While we disagree Regatta's assertion, ultimately the basis for the March 24, 2000 letter is of no relevance because the March 24, 2000, and Regatta's alleged default of the regulatory agreement, were not the basis for acceleration of the mortgage or foreclosure upon the property. Allowing Regatta to depose Ms. Browder would serve no purpose

to furthering the legal issue presented to this Court – whether defendant is entitled to summary judgment upon plaintiff's claim that HUD breached the regulatory agreement, where the foreclosure at issue here was instituted based upon plaintiff's failure to submit its monthly mortgage payments in breach of the deed of trust.

D. Regatta also requests deposition discovery of Ali Moghadam, whom Regatta believes is the current owner of the property. Pl. Br. 9. Mr. Moghadam is not a Government employee and the Government has no control over Mr. Moghadam or whether he would be willing to submit to a deposition. Regatta has not been precluded from approaching Mr. Moghadam independent of this action and, indeed, suggests in its brief that it already has spoken to him. Pl. Br. 9 ("Mr. Moghadam stated to Mr. Rosequist that Mr. Moghadam was willing to pay up to $4 million for the subject apartments"). Regatta offers no sufficient basis why it could not already have obtained some type of affidavit from Mr. Moghadam in support of its response to our motion. Ultimately, whether Mr. Moghadam was willing to pay more for the property is irrelevant to determining the value of the property at the time of sale. Indeed, the property sold for far more than even Regatta had estimated as the value of the property. DPFUF 32, 42-43.

E. Regatta requests discovery of "HUD's correspondence and files pertaining to Regatta Bay to show HUD's knowledge of the detailed record keeping and reporting which kept HUD fully informed concerning the course of performance and course of conduct pertaining to the alleged, but non existent, "continuing material breach." Pl. Br. 9. However, Regatta fails to indicate what specific documents it needs or why Regatta would not already be able to produce for the Court "the detailed record keeping and reporting which kept HUD fully informed."

Presumably such documentation would be provided to HUD by Regatta or the lender. Regatta already should be in possession of such documentation.

F. Finally, Regatta requests a record custodian deposition to establish "HUD's knowledge and waiver of objection to Regatta's course of performance and course of conduct." Pl. Br. 9. Regatta fails to describe the documents it believes exist or the purpose of locating such documents. However, to the extent Regatta is referring to the argument in Regatta's response to our motion concerning late payment by Regatta to Reilly, Pl. Res. 4, 9, 11-12, 15-16, as established in our reply brief, Regatta's argument ignores the fact that there was no privity between HUD and Regatta based upon the deed of trust and the deed of trust note during the period that Regatta was making mortgage payments. Def. Reply 2-5. Moreover, our brief establishes that none of the correspondence cited by Regatta suggests that Reilly waived the requirement that Regatta make timely payments or waived any rights regarding acceleration of the mortgage. Def. Reply 7-8; PA 29-51.

## III. Plaintiff Is Not Entitled To The Relief Requested In Its Response To The Court's May 4, 2005 Order

In response to the Court's May 4, 2005 order, Regatta seeks document and deposition discovery. As established above and in our reply brief, Regatta's request should be denied.

Regatta also requests that the Court issue an order requiring that (1) defendant file an answer, setting forth any affirmative defenses, (2) the parties conduct an early meeting of counsel, and (3) "follow ordinary discovery rules." Regatta's request should be denied. The Court's rules allow for the filing of a motion for summary judgment in response to the complaint. RCFC 56. Summary judgment is "a salutary method of disposition 'designed "to secure the just,

speedy and inexpensive determination of every action.""" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Summary judgment is appropriate for resolution of this action.

Our motion properly has framed several issues which, if successful, will dispose of this case in its entirety. Requiring that the parties proceed with full litigation of this case at this juncture would be a waste of resources for both the Court and the parties.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court deny plaintiff's cross-motion for continuance to permit depositions to be taken and discovery to be had.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624
Attorneys for Defendant

OF COUNSEL:

GEOFFREY L. PATTON
LUC ODABASHIAN
Department of Housing
& Urban Development

June 6, 2005

CERTIFICATE OF FILING

I hereby certify that on June 6, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR CONTINUANCE TO PERMIT DEPOSITIONS TO BE TAKEN AND DISCOVERY TO BE HAD, AND RESPONSE TO THE COURT'S MAY 4, 2005 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON