# In the United States Court of Federal Claims

* * * * * * *

REGATTA BAY LIMITED, *

Plaintiff, * No. 04-1403C

v. * Filed: June 10, 2005

THE UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

## ORDER

Plaintiff did not make payments on its mortgage July 2000 through May 2001. Regatta agreed in the bankruptcy court that the Government had a valid first lien in its property with a fair market value of $2.3 million and that Regatta had no equity in the property. That is, Regatta did not oppose the Trustee's abandoning the property. Defendant filed a Notice of Default and Foreclosure Sale on October 31, 2001. HUD conducted the foreclosure sale in December and obtained a bid of $3.6 million. HUD paid Regatta the balance of $155,000 after costs and fees.

Plaintiff seeks discovery of HUD's and Riley's "intent" in submitting the correspondence and other documents leading up to foreclosure. Plaintiff explains that such issues of intent go to its allegations concerning tortious beach of contract. We have jurisdiction over certain types of contract-related torts, but if plaintiff means bad faith breach of contract, our jurisdiction may be problematical.

Rule 56(f) states that a party seeking discovery related to a motion for summary judgment must state its reasons by affidavit. Mr. Ray's affidavit makes only general references to plaintiff's need to "depose certain individuals with information regarding the facts and circumstances of this case" and further to question government officials concerning their intent regarding the manner in which this transaction was handled. Plaintiff's cross motion for continuance states that it "seeks damages arising from wrongful foreclosure arising out of a breach of contract between the Federal Defendant, and plaintiff of the terms of the deed of trust." If we have jurisdiction over a claim for "wrongful foreclosure," in these circumstances we would expect that plaintiff already has some basis for alleging such a cause of action.

We advise the parties to agree on a time for a hearing on defendant's motion for summary judgment and contact the court no later than June 30 to inform us of a time that is mutually convenient. If it turns out that factual issues are implicated, or that plaintiff's Complaint otherwise is not appropriate for a ruling on the law, we will deny defendant's motion for summary judgment and direct the parties to discovery in appropriate areas.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge