JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
Attorneys for Plaintiff

E-filed on October 27, 2005

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| REGATTA BAY LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-1403C<br>(Judge Hodges) |

604.022029 dp

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD TO ADDRESS REMAINING ISSUES OF CONCERN TO THE COURT RE: PENDING MOTIONS**

COMES NOW, Plaintiff Regatta Bay, Ltd. ("Regatta Bay" or "Regatta"), by and through its counsel, John Peter Lee, Ltd., and files this Regatta Bay, Ltd.'s Motion for Leave to Supplement the Record to Address Remaining Issues of Concern to the Court Re: Pending Motions. This Motion is made and based upon the following brief, all pleadings and papers on file herein, as well as oral argument to be presented at the time of hearing, if permitted.

Regatta Bay requests the Court to enter an order granting Regatta Bay leave to supplement the record with any further briefing or argument the Court may direct to address any remaining issues of concern to the Court regarding the pending Rule 56 motions.

**POINTS AND AUTHORITIES**

At the oral argument held August 11, 2005 counsel for both parties discussed the requirements for acceleration under a Nevada deed of trust. Counsel also discussed the right to cure late payments.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

At page 59 of the transcript, the Court raises the issues of preemption and Federal procedure. Mr. Stinson responds at page 62 that the Multi-Family Mortgage Foreclosure Act provides a right to bring the note current prior to foreclosure under 12 U.S.C. § 3709, Presale Reinstatement. Mr. Stinson quoted from § 3709(a)(3)(A). Subsection (B) may also be pertinent for the Court's consideration, which Mr. Stinson did not quote. The statute provides as follows:

> § 3709. Presale reinstatement
>
> (a) Grounds. Except as provided in sections 368(b) and 369B(c) [12 USCS §§ 3707(b), 3710(c)], the foreclosure commissioner shall withdraw the security property from foreclosure and cancel the foreclosure sale only if–
>
> > (1) the Secretary so directs the commissioner prior to or at the time of sale;
> >
> > (2) the commissioner finds, upon application of the mortgagor at least three days prior to the date of sale, that the default or defaults upon which the foreclosure is based did not exist at the time of service of the notice of default and foreclosure sale; or
> >
> > (3) (A) in the case of a foreclosure involving a monetary default, there is tendered to the foreclosure commissioner before public auction is completed the entire amount of principal and interest which would be due if payments under the mortgage had not been accelerated; (B) in the case of a foreclosure involving a nonmonetary default, the foreclosure commissioner, upon application of the mortgagor before the date of foreclosure sale, finds that such default is cured; and (C) there is tendered to the foreclosure commissioner before public auction is completed all amounts due under the mortgage agreement (excluding additional amounts which would have been due if mortgage payments had been accelerated), all amounts of expenditures secured by the mortgage and of all costs of foreclosure incurred for which payment from the proceeds of foreclosure is provided in section 369C [12 USCS § 3711], except that the Secretary shall have discretion to refuse to cancel a foreclosure pursuant to this paragraph (3) if the current mortgagor or owner of record has on one or more previous occasions caused a foreclosure of the mortgage, commenced pursuant to this part [12 USCS §§ 3701, et seq.] or otherwise, to be canceled by curing a default.
>
> (b) Views of Secretary. Prior to withdrawing the security property from foreclosure in the circumstances described in subsection (a)(2) or (a)(3), the foreclosure commissioner shall afford the Secretary a

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

> reasonable opportunity to demonstrate why the security property should not be so withdrawn.
>
> (c) Mortgage subsequent to reinstatement. In any case in which a foreclosure commenced under this part [12 USCS §§ 3701 et seq.] is canceled, the mortgage shall continue in effect as though acceleration had not occurred.
>
> (d) Subsequent foreclosures. If the foreclosure commissioner cancels a foreclosure sale under this part [12 USCS §§ 3701 et seq.] a new foreclosure may be subsequently commenced as provided in this part [12 USCS §§ 3701 et seq.].

Mr. Stinson's quotation of 12 U.S.C. § 3709(a)(3)(A) focuses upon the right of reinstatement by bringing the note current.

Such focus ignores the next provision in subsection (B), which requires the foreclosure commissioner to find any nonmonetary default involved in the foreclosure to be cured. HUD does not dispute that the subject deed of trust named any default under the Regulatory Agreement as being a default under the deed of trust. Subsection (A) makes clear that a "monetary default" means a failure to make timely payment of principal and interest. There is no dispute that HUD's August 29, 2000 letter declaring the Regulatory Agreement to be in default does not involve any failure by Regatta to make timely principal and interest payments.

The wrongful demand by HUD in its March 29, 2000 letter does not involve a "monetary default" within the meaning of subsection (A), which refers to payment of principal and interest. Similarly, there is no dispute that HUD unequivocally rejected the possibility of any cure by Regatta of what HUD described as a default under the Regulatory Agreement. Only by sophistry could HUD argue that its declaration of default under the Regulatory Agreement was a monetary default (requiring the payment of the unreasonable demand of $1.4 million) by Regatta, which Regatta could allegedly cure such as to require cancellation of the foreclosure sale.

HUD's unequivocal position, albeit unreasonable, that Regatta defaulted under the Regulatory Agreement shows that it would have been futile for Regatta to attempt to bring the note principal and interest current because HUD already regarded the Regulatory Agreement to be in default, which in turn is an event of default under the deed of trust. Therefore, the only way Regatta could have cured under HUD's interpretation of 12 U.S.C. § 3709 would have been for Regatta to

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

bring the note current and to make the unreasonable $1.4 million payment demanded by HUD.

HUD consistently diverts focus away from the unreasonableness of its $1.4 million demand, but HUD's reliance upon 12 U.S.C. § 3709 requires the Court's consideration of the reasonableness of HUD's demand. HUD's demand formed the basis of HUD's unequivocal declaration of default of the Regulatory Agreement, which was also named as an event of default under the deed of trust.

HUD argues that Regatta allegedly had within its control the cancellation of the foreclosure sale. The only way HUD's argument can be correct, however, is to recognize HUD's own unequivocal position that Regatta was in default of the Regulatory Agreement and to recognize that such a default is defined as a default under the deed of trust. In short, Mr. Ewing was correct that HUD was determined to take this property back, based upon HUD's unreasonable demand in its March 29, 2000 letter. HUD does not want the Court to focus upon this issue because it shows not only HUD's bad faith but also the lack of merit to all of HUD's arguments about acceleration and the supposed unilateral right by Regatta to cure.

First, HUD could not accelerate under the Multi-Family Mortgage Foreclosure Act, which does not provide for any right of acceleration in contradiction to the right of cure provided within the deed of trust or in contradiction to state law. NRS 107.080. There is no dispute that state law and the contract language of the deed of trust governed Regatta's right to cure. Further, there is no dispute that the alleged acceleration in July 2000 occurred while Reilly held the deed of trust. HUD has actually insisted that it was not in privity at that time, which further confirms that federal law could not have controlled the issue of acceleration under this private deed of trust to which the federal government was not a party.

Second, HUD's Notice of Default and Foreclosure Sale (A65) unequivocally states that the date of acceleration was in July, 2000. At oral argument, Mr. Stinson suggested that a second acceleration might have occurred when HUD sent its letter on May 22, 2001. (A58) The only relevance of that argument is to explain HUD's failure to properly accelerate in July 2000. The May 22, 2001 letter did not provide Regatta with an opportunity to cure and did not meet the requirements of the deed of trust or of Nevada Law for acceleration under a deed of trust. It also showed HUD's refusal to consider the effect of repudiation (at HUD's requirement) by Reilly's rejection of

Regatta's July 2000 payment and Reilly's rejection of any right by Regatta to cure.

Third, if HUD had accelerated in compliance with Nevada Law and with the requirements of the deed of trust, only then would Mr. Stinson's argument under 20 U.S.C. § 3709(a)(3)(A) be relevant. Under that section, Regatta could only have required cancellation of the foreclosure involving a monetary default by bringing the payments of principal and interest current. The fact remains, however, that HUD had unequivocally declared the Regulatory Agreement to be in default. It was not within Regatta's power under U.S.C. § 3709(a)(3)(B) to require cancellation of HUD's foreclosure plans because HUD unequivocally, but incorrectly, regarded the Regulatory Agreement to be in default, which alleged default is named as an event of default in the deed of trust.

Regatta had no way to stop HUD's implementation of its plan to take the property back. Regatta still needs to be able to take discovery of HUD's method and reasons: for declaring the Regulatory Agreement to be in default; for paying Reilly to assign the note and deed of trust to HUD; and for foreclosing on the deed of trust without ever acknowledging Reilly's repudiation and return of the allegedly missed July 2000 payment and without following the requirements for acceleration under the deed of trust and NRS 108.080.

HUD's business decision of pressing to foreclose on this 20-year performing loan despite these unresolved deficiencies in HUD's position is unreasonable and further evidences HUD's bad faith, breach of contract and grounds for all the other claims Regatta has pled in the alternative. Regatta requests leave of the Court to further brief these issues and any other issues which may be of concern to the Court concerning HUD's pending motion for summary judgment and Regatta's motion for discovery under Rule 56(f).

**CONCLUSION**

Regatta Bay requests the Court to enter an order granting Regatta Bay leave to supplement the record with any further briefing or argument the Court may direct to address any remaining

////

////

////

////

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

issues of concern to the Court regarding the pending Rule 56 motions.

DATED this 27 day of October, 2005.

JOHN PETER LEE, LTD.

JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, NV 89101
(702) 382-4044 Fax: (702) 383-9950
*Attorneys for Plaintiff*

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950