JOHN PETER LEE, LTD.
JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044
Attorneys for Plaintiff

E-filed on November 2, 2005

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| REGATTA BAY LIMITED,<br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-1403C<br>(Judge Hodges) |

604.022029 dp

**NOTICE OF ERRATA TO**
**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD TO ADDRESS**
**REMAINING ISSUES OF CONCERN TO THE COURT RE: PENDING MOTIONS**

PLEASE TAKE NOTICE that the first sentence of the fourth full paragraph on page 4, lines 22, 23 of the Motion for Leave to Supplement the Record to Address Remaining Issues of Concern to the Court Re: Pending Motions filed October 27, 2005, inadvertently contained an error by describing HUD's Notice of Default and Foreclosure Sale (A65) as unequivocally stating that the date of acceleration was in July, 2000.

HUD's Notice of Default and Foreclosure Sale (A65) unequivocally states that the subject default was "that the payment due on July 1, 2000, was not made and remains wholly unpaid as of the date of this notice. . . ." (Underscoring in original.) Although the Notice of Default and Foreclosure Sale does not unequivocally state that the date of acceleration was in July, 2000, such acceleration is at least implied by the fact that HUD presumably paid Reilly Mortgage Group, Inc. the full amount of the insured loan as if it had been accelerated. The only reference to any acceleration at the time of HUD's apparent payment to Reilly was July, 2000. HUD and Reilly's

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

documentation for HUD's insurance payment to Reilly is part of the discovery Regatta seeks in its pending Rule 56(f) Motion.

If HUD did not intend that a valid acceleration had occurred prior to its May 22, 2001 letter, then HUD's payment of the full amount of Reilly's outstanding loan balance was extraordinarily unreasonable from a business and public administrative perspective. Regatta's discovery of HUD's handling the transaction of the payment of Reilly's mortgage insurance claim should help to further specify the unreasonableness of HUD's payment of the full mortgage amount at a time when HUD was presumably on notice that no valid acceleration had occurred. Such notice may be inferred from HUD's communications with Reilly and HUD's right to demand full documentation from Reilly concerning Reilly's mortgage insurance claim to HUD.

The record already documents the failure by Reilly and HUD to comply with the acceleration requirements of the subject deed of trust and the subject statute, N.R.S. 107.080 as well as Reilly and HUD's (as Reilly's successor-in-interest) repudiation of Regatta's right to pay the mortgage current within the grace period or by cure. Such repudiation included Reilly's rejection of Regatta's July 28, 2000 check.

DATED this 2nd day of November, 2005.

JOHN PETER LEE, LTD.

JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, NV 89101
(702) 382-4044 Fax: (702) 383-9950
*Attorneys for Plaintiff*