IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REGATTA BAY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1403C<br>(Senior Judge Hodges) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD, AND, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SUBSTANTIVE ARGUMENTS

Defendant, the United States, submits the following response in opposition to the motion for leave to supplement the record filed by plaintiff Regatta Bay Limited ("Regatta") on October 27, 2005. We likewise respond in opposition to Regatta's "notice of errata" filed November 2, 2005. In addition, as set forth more fully below, assuming for the sake of argument the Court grant's Regatta's motion for leave to supplement the record, defendant respectfully requests leave to file its response to plaintiff's substantive arguments.

I. The Court Should Deny Regatta's Motion For Leave To Supplement The Record

Plaintiff's motion should be denied. Plaintiff offers no proper explanation as to why supplementation of the record is warranted under the circumstances. The parties have fully briefed the motions currently pending before the Court and have had the opportunity to address the Court regarding these motions during oral argument held on August 11, 2005.

Plaintiff's motion, as stated in the title of plaintiff's motion, requests leave to supplement the record "to address remaining issues of concern to the Court re: pending motions." Pl. Supp. 1 (original all caps).[1] Other than plaintiff's bald assertion, plaintiff offers no support for its proposition that there are some "remaining issue" or that the issues raised by plaintiff it in its motion constitute "issues of concern to the Court." Plaintiff had its opportunity to fully address the Court regarding issues raised during oral argument. Indeed, as discussed below in section II, Regatta's motion for leave to supplement the record contains arguments that were expressly addressed by the parties in their respective briefs and at oral argument or argument that plaintiff apparently chose not to raise during oral argument. Its after-the-fact attempt to submit additional argument should be rejected.

Moreover, notwithstanding the title of Regatta's motion for leave, plaintiff is not actually "supplementing the record." Regatta offers no new evidence that is relevant to this case and has yet been considered. Rather, Regatta seeks to supplement the

[1] "Pl. Supp. ___" refers to plaintiff's motion for leave to supplement the record filed October 27, 2005. "Pl. Supp. Notice ___" refers to plaintiff's notice of errata filed November 2, 2005. "Def. Br. ___" refers to defendant's motion for summary judgment. "Def. Reply ___" refers to defendant's reply brief. "A ___" refers to the appendix filed with our motion for summary judgment. "DPFUF" refers to defendant's proposed findings of uncontroverted fact.

record with legal argument. For example, the pretext of Regatta's motion is its belief that there is a need to further address an issue already discussed by the Court and the parties during oral argument. Pl. Supp. 2 (citing pages 59 and 62 of the hearing transcript). Regatta uses its citation to specific pages of the transcript of proceedings as its springboard for providing the Court with belated additional legal argument. Pl. Supp. 2.

Submission of additional legal argument does not constitute supplementation of the record. Regatta's counsel was provided every opportunity to address the Court and present plaintiff's arguments in response to our motion and in response to points raised during oral argument. The Court rules do not provide for "supplementation of the record" of additional legal argument by a party after oral argument and the Court should not allow supplementation now. Moreover, we note that plaintiff waited over two and one half months after oral argument to seek leave to submit additional legal argument. Regatta offers no justification for its delay. Its motion for leave to supplement the record should be denied.

## II. Assuming For The Sake Of Argument The Court Grants Regatta Leave To Supplement The Record, Regatta's Legal Arguments Should Be Rejected

Assuming for the sake of argument the Court grant's Regatta's motion for leave to supplement the record, as we discuss below, plaintiff's arguments lack merit and should be

rejected. Regatta repeatedly has raised the argument that the foreclosure in this case was non-monetary in nature. The record demonstrates otherwise. The arguments presented by Regatta in its motion for leave to supplement the record continue to be based upon the faulty premise that the foreclosure here was non-monetary. Specifically, Regatta seems to suggest that the Government, during oral argument, improperly cited to section 3709(a)(3)(A) of the Multi-Family Mortgage Foreclosure Act ("MMFA"), which concerns foreclosures involving a monetary default. Pl. Supp. 2. See 12 U.S.C. § 3709(a)(3)(A). According to Regatta, the proper citation is section 3709(a)(3)(B), which concerns foreclosures involving a nonmonetary default. Pl. Supp. 3. See 12 U.S.C. § 3709(a)(3)(B).

Regatta's argument misses the mark. While Regatta is correct that section 3709(a)(3)(B) concerns foreclosures involving a non-monetary default, in this case, the foreclosure by the Department of Housing and Urban Development ("HUD") arises from a monetary default, not a non-monetary default. Indeed, it is undisputed that Regatta failed to make payments on its mortgage from July 2000 through May 2001.

HUD filed a Notice of Default and Foreclosure Sale on October 31, 2001. HUD's basis for the foreclosure, as set forth in the Notice, was stated as follows:

> WHEREAS, a default has been made in the covenants and conditions of the Deed of Trust

> in that the payment due on July 1, 2000 was not made and remains wholly unpaid as of the date of this notice, and no payment has been made to restore the loan to currency.

DPFUF 40.

Regatta's unlawful foreclosure claim does not properly arise out of or depend upon any alleged breach of the Regulatory Agreement. As a result, subsection 3709(a)(3)(B) of the Multi-Family Mortgage Foreclosure Act, upon which Regatta bases its motion for leave to supplement the record, is not relevant to this matter.

Regatta's motion for leave to supplement the record raises other arguments that already have been addressed by the parties in their respective briefs. For example, once again, Regatta cites to HUD's August 29, 2000 letter detailing plaintiff's default pursuant to the Regulatory Agreement, and HUD's March 24, 2000 (incorrectly cited by plaintiff as March 29, 2000) notice of violations and demand for corrective action issued pursuant to the Regulatory Agreement, suggesting that these documents somehow pertain to HUD's foreclosure upon the property. Pl. Supp. 3. As established in our motion for summary judgment and reply brief, HUD did not foreclose upon the property based upon the Regulatory Agreement, or the letters dated March 24, 2000, and August 29, 2000. See DPFUF 12, 21; Def. Br. 12-13, 20-21; Def. Reply 4. Rather, HUD foreclosed because of Regatta's failure to make the

required payments pursuant to the deed of trust and deed of trust note. A 58-59, 62.

Regatta likewise argues "it would have been futile for Regatta to attempt to bring the note and principal and interest current because HUD already regarded the Regulatory Agreement to be in default." Pl. Supp. 3. Stripped to its essence, Regatta seeks to use its violations of the Regulatory Agreement as an excuse for not keeping the mortgage current. This argument misses the mark. Regatta had an obligation to make payments pursuant to the deed of trust and deed of trust note independent of its obligations pursuant to the Regulatory Agreement. To the extent Regatta also violated the Regulatory Agreement, such violations would not in any way excuse its failure to keep up its obligations pursuant to the deed of trust and deed of trust note.

In its "Notice of Errata," filed November 2, 2005, Regatta argues yet again that HUD's acceleration of the mortgage was improper, based upon plaintiff's allegation that HUD's October 31, 2001 Notice of Default and Foreclosure does not specifically identify the date of acceleration (but plaintiff assumes it to be in July 2000). Pl. Supp. Notice 1. Regatta then argues that any acceleration based upon HUD's May 22, 2001 letter would be "unreasonable from a business and public administrative perspective." Pl. Supp. Notice 2.

As established in our motion for summary judgment, our reply brief, and at oral argument, HUD acted properly with regard to foreclosure upon the property. HUD served Regatta with a notice of intent to foreclose on May 22, 2001, stating that "the mortgage on Regatta Apartments is in default because payments due for the months of July 1, 2000, through May 1, 2001, have not been made." DPFUF 35. The notice advised Regatta that it had "an opportunity to show reasons why foreclosure should not take place." Id. On June 12, 2001, Regatta submitted a written response which did not deny that Regatta had failed to submit mortgage payments on the property since July 1, 2000. DPFUF 36. Regatta's latest filing (its November 2, 2005 "notice of errata") offers no legal challenge to the May 22, 2001 letter, other than its unsupported assertion that acceleration at that time would have been "unreasonable from a business and public administrative perspective." Pl. Supp. Notice 2. Plaintiff is incorrect.

Indeed, on or about April 4, 2001, Regatta stipulated in United States bankruptcy court that "[t]he United States has a valid, allowed first priority secured claim against all of Debtor's real and personal property, including, without limitation, all rents, profits and proceeds of the property in the total amount of $3,062,808.63. DPFUF 31; A 51. On April 25, 2001, the bankruptcy court lifted the automatic stay provisions of Bankruptcy Code, Section 362(a) "to permit the United States

to foreclose upon the Debtor’s real property.” DPFUF 33; 11 U.S.C. § 362(a). HUD then served Regatta with its notice of intent to foreclose on May 22, 2001. DPFUF 35

HUD acted properly and in compliance with the law. Regatta’s belated attempt to attack the “reasonableness” of HUD’s actions should be rejected.

Regatta’s motion for leave to supplement the record also contains additional argument already addressed in our earlier briefs and at oral argument. Pl. Supp. 4-5 (i.e., statements allegedly made by “Mr. Ewing,” plaintiff’s unsupported allegations of “bad faith,” and alleged applicability and requirements of Nevada State law). Accordingly, we have not set forth an additional response to those arguments here.

## CONCLUSION

For these reasons, plaintiff’s motion for leave to supplement the record should be denied. In the alternative, for the these reasons, and the reasons set forth in our motion for summary judgment and reply brief, plaintiff’s additional arguments should be rejected and defendant’s motion for summary judgment should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

OF COUNSEL:

GEOFFREY L. PATTON
LUC ODABASHIAN
Department of Housing
& Urban Development

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

November 10, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 10, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD, AND, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SUBSTANTIVE ARGUMENTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON