JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

E-Filed on November 28, 2005

No. 04-1403C
(Senior Judge Hodges)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

REGATTA BAY LIMITED,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

---

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD TO ADDRESS REMAINING ISSUES OF CONCERN TO THE COURT RE: PENDING MOTIONS**

---

JOHN PETER LEE, LTD.
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, Nevada 89101
(702) 382-4044 Fax: (702) 383-9950
*Attorney for Plaintiff*

TABLE OF CONTENTS . . . . . . . . . . i

STATUTES AND OTHER AUTHORITIES . . . . . . . . . . ii

I. THE FEDERAL DEFENDANT SHOWS NO AUTHORITY FOR ITS CONTENTION THAT A VALID ACCELERATION OCCURRED . . . . . . . . . . 1

II. THE MMFA DOES NOT PREEMPT THE ENFORCEABILITY OF THE TERMS OF THE INSTANT DEED OF TRUST PROVISIONS FOR NOTICE AND CURE AS PREREQUISITES TO DEFAULT, ACCELERATION AND EXERCISE OF THE POWER OF SALE . . . . . . . . . . 6

III. THE COURT SHOULD ORDER DISCOVERY TO COMMENCE FORTHWITH, AND THE COURT SHOULD DENY THE FEDERAL DEFENDANT'S MOTION . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . 9

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## STATUTES AND OTHER AUTHORITIES

Bird v. Castle Royal West,
97 Nev. 67, 624 P.2d 17 (1981) . . . . . . . . . . 2

Covington Brothers v. Valley Plastering, Inc.
93 Nev. 355, 360, 566 P.2d 814, 817 (1977) . . . . . . . . . . 3

Franconia Associates v. United States
536 U.S. 129, 141-42, 122 S.Ct. 1993, 2001, 153 L.Ed. 2d 132, 145 (2002) . . . . . . . . 2, 3, 4, 7, 9

Kahle v. Tahoe Village Properties, Inc.
85 Nev. 355, 455 P.2d 42 (1969) . . . . . . . . . . 2

Mobile Oil Exploration and Producing Southeast, Inc. v. United States
530 U.S. 604, 607, 147 L.Ed. 2d 528, 120 S.Ct. 2423 (2000) . . . . . . . . . . 2

12 United States Code § 3709 . . . . . . . . . . 7, 8

24 Code of Federal Regulations . . . . . . . . . . 8

Emergency Low Income Housing Preservation Act of 1987 . . . . . . . . . . 2, 3

Multifamily Mortgage Foreclosure Act § 3709 . . . . . . . . . . 6, 8, 9

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD TO ADDRESS REMAINING ISSUES OF CONCERN TO THE COURT RE: PENDING MOTIONS

COMES NOW, Plaintiff Regatta Bay, Ltd. ("Regatta Bay" or "Regatta"), by and through its counsel, John Peter Lee, Ltd., and files this Reply in Support of Motion for Leave to Supplement the Record to Address Remaining Issues of Concern to the Court Re: Pending Motions. This Reply is made and based upon the following brief, all pleadings and papers on file herein, as well as oral argument to be presented at the time of hearing, if permitted.

Regatta Bay requests the Court to enter an order granting Regatta Bay leave to supplement the record with any further briefing or argument the Court may direct to address any remaining issues of concern to the Court regarding the pending Rule 56 motions.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

### I. THE FEDERAL DEFENDANT SHOWS NO AUTHORITY FOR ITS CONTENTION THAT A VALID ACCELERATION OCCURRED.

The terms of the subject Deed of Trust determine whether or not a default and a valid acceleration occurred. The Federal Defendant presents no legal authority whatsoever to contradict this basic principle.

Further, the Federal Defendant avoids the provisions within the Deed of Trust governing default and acceleration. The controlling provisions in the Deed of Trust do not support the Federal Defendant's argument that a default and acceleration occurred in this case.

Without repeating the arguments of the moving papers regarding summary judgment and the need for discovery, Regatta would simply remind the Court that the Note is without recourse and that the relevant default and acceleration provisions are in the Deed of Trust. The default and acceleration provisions of the Note would only be relevant if the Federal Defendant had not sought to enforce the Deed of Trust, but that clearly is not the instant case. No issue will ever exist in this case about liability of Regatta under the Note because it is a non-recourse note. The Deed of Trust provisions control because the Federal Defendant purported to exercise the power of sale under the Deed of Trust.

The Court will recall lengthy discussion at oral argument of the applicable provisions of the Deed of Trust to the issues of default and acceleration. The Court will recall the 30-day grace period

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

provision as well as Regatta's tender of the July 1, 2000 payment on July 28, 2000 and rejection of such payment made within the grace period by the Deed of Trust holder at that time, Reilly Mortgage Group, Inc. Reilly repudiated Regattas' rights under the Deed of Trust to continue making monthly payments, which monthly payments Regatta had a right to make without any disturbance to Regatta's right to quiet enjoyment of the property.

Section 21 of the Deed of Trust incorporates statutory covenants under the Nevada Revised Statutes, acknowledging that Nevada law governs interpretation of the Deed of Trust. (A4 (also showing cover of the Deed of Trust labeled, "STATE OF NEVADA Deed Of Trust).) As quoted from page 10 of Regatta's Response filed herein on April 28, 2005, "When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." Franconia Associates v. United States, 536 U.S. 129, 141-42, 122 S.Ct. 1993, 2001, 153 L.Ed. 2d 132, 145 (2002), quoting Mobile Oil Exploration and Producing Southeast, Inc. v. United States, 530 U.S. 604, 607, 147 L.Ed. 2d 528, 120 S.Ct. 2423 (2000) (internal quotation marks omitted).

Nevada law is clear that anticipatory repudiation occurs where there is a definite, unequivocal and absolute intent not to honor the contract. E.g., Bird v. Castle Royal West, 97 Nev. 67, 624 P.2d 17 (1981); Kahle v. Tahoe Village Properties, Inc., 85 Nev. 355, 455 P.2d 42 (1969). Nevada's law is consistent with Franconia Associates, supra, which states, "An anticipatory repudiation occurs. . . when an obligor communicates to an obligee that he will commit a breach in the future." Id. at 139, 122 S.Ct. at 2000, 153 L.Ed. at 144. The Supreme Court reversed the Federal Circuit Court of Appeals in Franconia for failing to recognize the repudiation of the makers' rights under a series of notes insured by HUD where such repudiation occurred by Congress' enactment of Emergency Low Income Housing Preservation Act ("ELIHPA") of 1987, which imposed permanent restrictions upon pre-payment of HUD-insured mortgages where such restrictions had not previously existed.

The Court in Franconia also stated:

> Once the Government's pledged performance is properly comprehended as an obligation to accept prepayment, the error in the Federal Circuit's reasoning becomes apparent. Failure by the

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

> promisor to perform at the time indicated for a performance in the contract establishes an immediate breach. See Restatement (Second) of Contracts, §235(2) (1979)... ("When performance of a duty under a contract is due [,] any non-performance is a breach.") . . . [citation omitted.] But the promissor's renunciation of a "contractual duty *before* the time fixed in the contract for. . . performance" is a repudiation. 4 A. Corbin, Contracts, §959, P. 855 (1951) (emphasis added); Restatement §250 (repudiation entails a statement or "voluntary affirmative act" indicating that the promisor "will commit a breach" when performance becomes due). Such a repudiation ripens into a breach prior to the time for performance only if the promisee "elects to treat it as such."
>
> * * * *
>
> Viewed in this light, ELIHPA effects a repudiation of the FmHA loan contracts, not an immediate breach. The Act conveyed an announcement by the Government that it would not perform as represented in the promissory notes if and when, at some point in the future, petitioners attempted to prepay their mortgages. See Restatement, §250, Comment *b* ("[A] statement of intention not to perform except on conditions which go beyond the contract constitutes a repudiation." (internal quotation marks omitted)). . . [citations omitted]. Unless petitioners treated ELIHPA as a present breach by filing suit prior to the date indicated for performance, breach would occur when a borrower attempted to prepay, for only at that time would the Government's responsive performance become due.

Franconia Associates at 142-43, 122 S.Ct. at 2002, 153 L.Ed. 2d at 146-47. The rule of Franconia Associates is consistent with controlling Nevada law. E.g., Bird, supra; Khle, supra. See also, Covington Brothers v. Valley Plastering, Inc., 93 Nev. 355, 360, 566 P.2d 814, 817 (1977) ("Whether specific conduct or language is sufficiently clear to constitute an anticipatory repudiation must be decided in light of the total factual context of the individual case.")

In Franconia Associates, the enactment by Congress of ELIHPA constituted a repudiation, but the commencement of the limitations period first accrued when the Government failed to perform by failing to allow the makers to prepay their notes, because Congress had the ability to "change its mind" and to retract ELIHPA before prepayment was tendered. Id. at 148, 122 S.Ct. at 2005, 153 L.Ed. 2d at 149. In Franconi Associates, the repudiation occurred upon the enactment of ELIHPA, and the accrual of the cause of action occurred upon any rejection of tender of prepayment, up until which time the Congress could have repealed ELIHPA and thereby met its duty under the notes to accept pre-payment.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

Under the rule of Franconia Associates, Reilly's first repudiation occurred in this case when Reilly declared in its July 26, 2000 letter that the "continuing material breach" had occurred from Regatta's allegedly late July 1, 2000 payment, which Regatta tendered July 28, 2000 because that is when Reilly stated that it "will commit a breach" by purporting to accelerate without meeting the notice and cure requirements. (A 22.) Reilly's second repudiation occurred upon Reilly's rejection of Regatta's July 28, 2000 payment made within the 30-day grace period because it then conditioned any further receipt of payments upon payment of the accelerated amount, which conditions went beyond the contract.

At oral argument the Federal Defendant took the position that Regatta's July 28, 2000 payment would not have cured the purported default because of Reilly's July 26, 2000 purported acceleration. (Transcript of August 11, 2005 hearing, p. 11, ll. 13-22.) HUD cannot show compliance with the conditions of default and acceleration to be met during this time, however, when HUD has repeatedly insisted it was not in privity and state law therefore applied to the process of foreclosure. Reilly's July 26, 2000 letter stated that it accelerated the mortgage, presumably meaning the Deed of Trust, but without meeting the notice and cure requirements of the Deed of Trust before HUD ever received an assignment of the Deed of Trust, as to which assignment documentation Regatta seeks permission to conduct discovery. Without acceleration of the Deed of Trust held July 26, 2000 by a party with which HUD claims no privity, HUD takes the unreasonable position that Regatta could not cure.

For the Court's convenience, the conditions of default and acceleration under the Deed of Trust are reprinted here as follows:

> Upon any default being made in the payment of any installment of principal and/or interest under said Note or payment of any monthly sum as hereafter provided . . . not made good prior to the due date of the next such payment . . . or upon failure to keep or perform any covenant agreement or condition hereunder, the entire unpaid balance of the principal sum and all advances with unpaid interest to date shall immediately become due at the option of the Beneficiary and thereupon the Trustee, or his successor in this Trust, shall have power and it shall be his duty, after (1) the lapse of 15 days during which the Grantor shall have failed to make good such default, (2) after due recording in the office of the recorder in the county where the property lies of notice of such default and election by the Beneficiary to cause the trust property to be sold in payment of the debt, after (3)

> the elapse of at least 3 months, and (4) after the Trustee shall have given notice by publication and/or otherwise as at the time and place of such sale, all as required by law, to sell and in case of any default of any purchaser, to resell at public auction for cash in one or more parcels, the mortgaged premises and property herein described and to convey the same in fee simple upon compliance with the terms of the sale to and at the cost of the purchaser or purchasers thereof. . . .

(A13 of Regatta's April 28, 2005 Response, 8th full paragraph, underscoring added.) The Federal Defendant never shows compliance with these conditions, either through Reilly's July 26, 2000 purported default and acceleration or through HUD's alleged default and acceleration in HUD's May 22, 2001 letter. (A58.) HUD fails to show that Nevada law and these terms of the Deed of Trust do not control the conditions limiting HUD's right to declare a default, accelerate and exercise the power of sale under the Deed of Trust.

Despite HUD's repeated denials, which at most create fact issues precluding summary judgment, HUD's unreasonable March 24, 2000 demand that Regatta pay more than $1.4 million under the Regulatory Agreement was also a repudiation. Such repudiation of the Regulatory Agreement was also a repudiation of the Deed of Trust. Paragraph 3 of the Deed of Trust (just a few lines below the above quoted language from the Deed of Trust) states as follows:

> 3. That the Regulatory Agreement, if any executed by the Grantor and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commission, which is being recorded simultaneously herewith, is incorporated in and made a part of this Deed of Trust. Upon default under the Regulatory Agreement and upon the request of the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commission, the Beneficiary, at its option, may declare the whole of the indebtedness secured hereby to be due and payable. . . .

(A2 (underlining added); for a clearer copy, see A13 of Regatta's April 28, 2005 Response.) Because the Regulatory Agreement is incorporated in and made a part of the Deed of Trust, the Federal Defendant's acts of repudiation of the Regulatory Agreement, through the making of its unreasonable demand payment of $1.4 million in the March 24, 2000 letter and through the Federal Defendant's declaration of default of the Regulatory Agreement in its August 29, 2000 letter at Exhibits 4 and 5 of the Rosequist Affidavit filed April 29, 2005, are also acts of repudiation of Regatta's rights under the Deed of Trust.

HUD's repudiation through the March 24, 2000 letter, its demand for acceleration in the July

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

17, 2000 letter, Reilly's declaration of default and acceleration in the July 26, 2000 letter, the failure by Reilly (and by HUD to allow Reilly) at all times to honor the notice and cure provisions prerequisite to exercise of the default, acceleration and power of sale provisions under the Deed of Trust, including HUD's ignoring of such prerequisites in HUD's May 22, 2001 letter, and HUD's August 29, 2000 declaration of default of the Regulatory Agreement constitute multiple, documented evidences of HUD's unequivocal intent not to honor the terms of the Deed of Trust, constituting repudiation even without the requested discovery from David Ewing.

Repudiation excuses non-performance by the other party. E.g., Kahl, supra. Regatta was not required to continue to tender monthly payments where Reilly and HUD unequivocally required payment of an accelerated amount and never withdrew their rejection of monthly payments as being sufficient.

Mr. Ewing's knowledge of HUD's purpose for its multiple acts of repudiation is also relevant and reasonably calculated to lead to the discovery of admissible evidence, such that the Court should allow his deposition and ordinary discovery by Regatta to go forward. The Court should deny the Federal Defendant's motion for summary judgment and grant Regatta's motion to allow discovery to commence forthwith.

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

## II. THE MMFA DOES NOT PREEMPT THE ENFORCEABILITY OF THE TERMS OF THE INSTANT DEED OF TRUST PROVISIONS FOR NOTICE AND CURE AS PREREQUISITES TO DEFAULT, ACCELERATION AND EXERCISE OF THE POWER OF SALE.

Contrary to the Federal Defendant's arguments, the Court did indicate concern at oral argument about "the issue of preemption" and the related Federal procedures in this matter. Transcript, p. 59, ll. 9-19. At page 62 of the Transcript, the Federal Defendant cited the Multifamily Mortgage Foreclosure Act ("MMFA"), Section 3709 on Presale Reinstatement regarding the preemption issue as to acceleration. Neither party had included a discussion in the briefs of this statutory section raised by the Federal Defendant for the first time at oral argument. Although the Court's question about preemption and Federal procedures may not be determinative, it may be appropriate for the Court to receive responsive briefing to address any concerns the Court may have.

The Federal Defendant does not rebut Regatta's argument concerning the meaning of Section

3709. Instead, the Federal Defendant denies relevance of the Regulatory Agreement, completely ignoring the express incorporation of the Regulatory Agreement as part of the express terms of the Deed of Trust. To the extent HUD denies it repudiated the Regulatory Agreement, such is an issue of fact for which discovery is needed given HUD's admission that the basis of its demand for more than $1.4 million was a series of claims barred at least by the statute of limitations. (See Exhibit 6 of the April 29, 2005 Rosequist Affidavit and the moving papers for additional detailed discussion.)

The Federal Defendant does not deny that Reilly failed to comply with the notice and cure provisions of the Deed of Trust. At most, the Federal Defendant implies that such compliance is irrelevant. As shown above, compliance with the terms of the Deed of Trust is prerequisite to exercise of the power of sale. Reilly's and the Federal Defendant's non-compliance is a repudiation, which shows the viability of both a contract claim and a takings claim under Franconi Associates, supra.

Rather than defend the purported July 2000 acceleration by Reilly and the purported August 2000 declaration of default of the Regulatory Agreement by HUD, the Federal Defendant suggests incorrectly that its May 22, 2001 letter has legal relevance as a "notice of intent to foreclose" at page 7 of its Response. HUD cites no regulation alleged to be triggered by such a notice because there is none. HUD's May 22, 2001 is no more legally significant as a "notice of intent to foreclose" than is Regatta's June 12, 2001 letter in response as a "notice of dispute of validity". (A58, 60.) The Federal Defendant cannot show waiver, laches or any comparable type of binding, justifiable reliance based on these letters.

HUD's mailing of the May 22, 2001 letter in no way retracts Reilly's and HUD's invalid position reiterated at oral argument that Reilly's purported acceleration prevented Regatta from having a right to cure. Further, HUD's May 22, 2001 letter in no way retracts the repudiation by Reilly under the Deed of Trust or by HUD under the Regulatory Agreement. Similarly, the bankruptcy court's lifting of the automatic stay in no way substitutes for compliance with the prerequisites for exercise of the power of sale under the Deed of Trust.

As stated, the only authority the Federal Defendant cites regarding preemption or Federal procedures is 12 U.S.C. § 3709 on Presale Reinstatement, the applicability and effect of which

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

section the parties did not brief. The Federal Defendant cites no authority under the MMFA which would preempt or even address the express default and acceleration conditions of the Deed of Trust.

Section 3705 of the MMFA states, "Foreclosure by the Secretary . . . of a multifamily mortgage may be commenced . . . upon the breach of a covenant or condition in the mortgage agreement for which foreclosure is authorized under the mortgage. . . . " Section 3705 makes plain that compliance with the covenants and conditions of a mortgage (or here the Deed of Trust) is prerequisite to foreclosure by the Secretary. Section 3705 makes plain that the MMFA does not preempt the Deed of Trust express covenants and conditions of the right to notice and 15 days to cure prior to default, acceleration and invocation or exercise of the power of sale. Also, the MMFA does not purport to reverse the effects of Reilly's and HUD's multiple acts of repudiation.

The MMFA provides a uniform procedure for foreclosure after the prerequisites of Section 3705 are met, including breach of the covenants or conditions authorizing foreclosure under the Deed of Trust. HUD provides no analytical framework to find express or implied preemption by Congress of Regatta's rights under the Deed of Trust, the Supremacy Clause, Title 12 of the United States Code, Title 24 of the Code of Federal Regulations or any other Federal procedures which may apply to the transactions at issue. HUD fails to show any retraction of Reilly's or HUD's repudiation or any valid default, acceleration or exercise of the power of sale authorizing foreclosure under the Deed of Trust.

Without a valid acceleration, HUD's claim to the proceeds is not the accelerated amount but is only the unpaid amount of monthly payments which HUD can show was not excused by Reilly's and HUD's repudiation. Because HUD at all times since July 2000 refused to honor Regatta's right to make monthly payments rather than the full accelerated amount, including oral argument on August 11, 2005, HUD never retracted its repudiation, showing any cure attempt Regatta made or could have made to have been futile at all times. Regatta is entitled to such damages from the Federal Defendant's breach of the Deed of Trust, including loss of the property and an accounting for the retention and distribution of the sale proceeds, which also requires the type of discovery Regatta has identified.

////

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

JOHN PETER LEE, LTD.
ATTORNEYS AT LAW
830 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NEVADA 89101
Telephone (702) 382-4044
Telecopier (702) 383-9950

### III. THE COURT SHOULD ORDER DISCOVERY TO COMMENCE FORTHWITH, AND THE COURT SHOULD DENY THE FEDERAL DEFENDANT'S MOTION.

The numerous, unequivocal examples of repudiation already in the record show a prima facie case for Regatta's claims of breach of contact, tortious breach, breach of the MMFA, declaratory judgment and a taking. Regatta has shown unreasonable conduct by HUD in directing Reilly and implementing so thoroughly the repudiation of the Deed of Trust in violation of the express terms of the Deed of Trust, state law, the MMFA as well as the Fifth Amendment's requirement of payment of just compensation for property taken.

HUD never retracted its repudiation of the Regulatory Agreement, which remained a repudiation after HUD received assignment of the Deed of Trust from Reilly and HUD sent the May 22, 2001 letter, which HUD now argues to have been the real acceleration, admitting at least a fact issue for which discovery is appropriate that Reilly's July 26, 2000 letter was not a valid acceleration. HUD never retracted any of the multiple acts of repudiation. Under Franconia Associates, such a showing of repudiation establishes the basis of a contract claim.

The Court should allow Regatta to conduct its discovery identified and all ordinary, related discovery. The Court should deny the Federal Defendant's Motion for Summary Judgment.

## CONCLUSION

Regatta Bay requests the Court to enter an order granting Regatta Bay leave to supplement the record with any further briefing or argument the Court may direct to address any remaining issues of concern to the Court regarding the pending Rule 56 motions.

DATED this 28th day of November, 2005.

JOHN PETER LEE, LTD.

JOHN PETER LEE, ESQ.
Nevada Bar No. 001768
PAUL C. RAY, ESQ.
Nevada Bar No. 004365
830 Las Vegas Boulevard South
Las Vegas, NV 89101
(702) 382-4044 Fax: (702) 383-9950
*Attorneys for Plaintiff*