# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * | * | |
| REGATTA BAY LIMITED, | * | |
| Plaintiff, | * | No. 04-1403C |
| v. | * | Filed: January 5, 2006 |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| * * * * * * | * | |

Paul C. Ray, John Peter Lee, LTD., Las Vegas, Nevada, for plaintiff.

David B. Stinson, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington D.C., for defendant.

## OPINION

**HODGES**, Judge.

HUD encourages private industry to provide low-income housing by insuring mortgages for the construction and renovation of existing housing projects that satisfy the requirements of the National Housing Act, 12 U.S.C. §§ 1701-1715. Regatta Bay owned a 120-unit housing project in Nevada, constructed with the proceeds of a loan insured by Department of Housing and Urban Development pursuant to the Act. 12 U.S.C. § 1709. The United States eventually foreclosed on the housing project for default of its note and mortgage. Plaintiff filed suit in a Nevada district court as a result of the foreclosure, and the case was transferred here.

Regatta Bay seeks $2,000,000 in damages for breach of contract and a declaratory judgment that plaintiff did not breach a Regulatory Agreement connected with the transaction. Plaintiff evidently believes that if HUD foreclosed on Regatta Bay's property pursuant to the Regulatory Agreement, such foreclosure was improper. The Regulatory Agreement governed the conditions upon which plaintiff operated the housing project, however. HUD foreclosed on the project pursuant to the terms of its note and mortgage. See 12 U.S.C. §§ 3705-3708.

Plaintiff's Complaint includes allegations of wrongful foreclosure, tortious interference with contractual relations, tortious breach of fiduciary duty, and breach of covenants of good faith and fair dealing. The Government moved to dismiss Regatta Bay's causes of action for lack of jurisdiction and for summary judgment. Defendant acted properly within the rights assigned to the Government in the deed of trust and note.

**BACKGROUND**

HUD insures mortgages for the construction or rehabilitation of existing multifamily housing projects that meet the eligibility requirements of the National Housing Act. 12 U.S.C. §§ 1701-1715. Owners agree to operate the housing projects in compliance with terms and conditions of Regulatory Agreements, and HUD protects lenders from default.

Plaintiff's September 1979 Regulatory Agreement with HUD was typical in that it contained conditions governing operation of the housing project. See 12 U.S.C. § 1709; 24 C.F.R. § 200.105. For example, it placed restrictions on plaintiff's management of funds and required Regatta Bay to maintain the property in accordance with government standards for public housing. Regatta Bay acquired the property involved in this lawsuit in November 1983. The property was subject not only to the Regulatory Agreement but also to a $3,685,100 note and mortgage.

Regatta Bay often was late on its payments to the holder of the HUD-insured note and mortgage, Reilly Mortgage Group, Inc. When Regatta Bay did not make its June 2000 payment on time, HUD instructed Reilly Mortgage to accelerate plaintiff's debt. Reilly accelerated plaintiff's note on July 19, 2000. Plaintiff alleged in its Complaint that neither Reilly Mortgage nor HUD had objected to Regatta Bay's many late payments before this.

Regatta Bay sent the June payment to Reilly on July 28, along with another check in the same amount. Plaintiff has stipulated that it submitted the July 28 payment for the installment due on June 1, 2000. Reilly returned the extra payment, and plaintiff did not make payments to Reilly Mortgage Group thereafter.

HUD had sent Regatta Bay notices of violations of its Regulatory Agreement in March and April of 2000 because it asserted that plaintiff was mismanaging funds and not maintaining the property as required. HUD informed Regatta Bay in August 2000 that it remained in default of the Regulatory Agreement for failure to take corrective action regarding the mismanagement of funds and the physical upkeep of the property that HUD had warned Regatta Bay about in March and April of 2000.

Regatta Bay filed for Chapter 11 bankruptcy protection in September 2000. Reilly assigned its note and mortgage to HUD once the Government paid its loan guaranty, and HUD recorded the assignment on October 6, 2000. HUD acquired Reilly's position as first lienholder of the property, along with the rights to any rents generated. HUD filed a proof of claim for

$3,062,808 in the bankruptcy court on February 21, 2001. Regatta Bay stipulated on April 4, 2001 that the United States had a valid, secured claim against all of the plaintiff's property, that the property had a market value of $2,360,000, and that Regatta Bay had no equity in its property.

The bankruptcy court issued an order on April 25, 2001 granting the Government's motion for relief from the automatic stay. HUD sent Regatta Bay a notice of intent to foreclose in May 2001 and served plaintiff with a notice of default and foreclosure sale in October 2001.

HUD and Regatta Bay agreed in November 2001 that HUD would cancel its foreclosure sale if plaintiff made its $3,062,808 payment no later than December 3, 2001. Plaintiff did not take this opportunity to cure, and the foreclosure sale proceeded the next day. HUD received $3,600,000 for the property and paid the surplus to Regatta Bay.

**DISCUSSION**

This court has jurisdiction to hear "any claim against the United States founded either upon the Constitution . . . or any regulation . . . or upon any express or implied contract with the United States . . . not sounding in tort." 28 U.S.C. § 1491(a)(1). Plaintiff's claims in this case include wrongful foreclosure, tortious interference with contractual relations, tortious breach of fiduciary duty, and breach of covenants of good faith and fair dealing. The parties agree that no genuine, material facts are disputed. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987); RCFC 56(c).

Plaintiff seeks damages arising from an alleged unlawful acceleration of the loan and the subsequent foreclosure on Regatta Bay Apartments by HUD. Regatta Bay argues that HUD foreclosed because of plaintiff's default of the Regulatory Agreement. Comp. ¶ 22. Defendant asserts that the foreclosure was based upon Regatta Bay's default on the note.

A. Acceleration and Foreclosure

The terms of plaintiff's note and mortgage controlled its debt. HUD's authority to instruct Reilly to accelerate plaintiff's debt due to default, and to foreclose on the property, arose from the note and mortgage, not the Regulatory Agreement. The note states:

> If default be made in the payment of any installment under this Note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice; at the option of the holder of this Note.

HUD directed Reilly to accelerate the note because plaintiff did not make its June 2000 payment on time. Regatta Bay argues that its June 2000 payment should not have been treated differently

from the other late payments. Its Complaint states,

> whenever Regatta was late with any payment Regatta paid a contractually pre-determined late fee which the loan servicing agent, Reilly Mortgage Group, Inc. and HUD accepted as not being a material breach [and] HUD never objected to the lateness of any of Regatta's payments despite being made after the deadline of the first of the month on numerous occasions throughout the time of [plaintiff's] ownership.

Compl. ¶ 5. The note provides that the Government cannot waive its right to accelerate, however: "Failure to exercise this option [acceleration] shall not constitute a waiver of the right to exercise the same in the event of any subsequent default." Moreover, the June 2000 payment was different from Regatta's previous late payments.

Regatta Bay admitted that "[a]ll the payments that were made that were late that were accepted by Reilly were within the grace period." The note could be accelerated at any time that an installment was not made prior to the due date of the next installment. Regatta Bay's June 2000 payment was due on June 1; the July payment was due on July 1. Plaintiff made its June payment on July 28. This was outside the grace period.

B. Regulatory Agreement

Plaintiff seems to assert that HUD and Reilly derived their rights to accelerate and foreclose the loan from the Regulatory Agreement. The Regulatory Agreement governed the management operations of the housing project. See 12 U.S.C. § 1709; 24 C.F.R. § 200.105. Plaintiff's improper use of funds and failure to maintain the property were violations of the Regulatory Agreement. HUD's letter to Regatta on August 29, 2000 included the following:

> [T]he Secretary has . . . declared [Regatta Bay] to be in default of [the] Regulatory Agreement. Such default is based on violations of paragraphs 8(b) and (e) of the Regulatory Agreement. As an immediate effect of the default, the Department intends to take other enforcement actions which may include, but not limited to, the imposition of other administrative and/or civil sanctions as determined appropriate by the Department.

HUD made no mention of acceleration or foreclosure in this letter. The Government warned only that Regatta Bay could be fined, or that other sanctions could apply. HUD addressed acceleration and foreclosure in its May 29, 2001 letter:

> HUD has determined that the mortgage on Regatta Bay Apartments is in default because payments for the months of July 1, 2000 through May 1, 2001 have not been made. Sufficient payments are not being made to cure the financial default. HUD's policy is that it will initiate foreclosure proceedings on mortgages in default . . . .

The note and mortgage had no application to the civil penalties invoked by violation of the Regulatory Agreement. Default of the Regulatory Agreement led to potential fines, whereas default under the note led to acceleration and foreclosure. No connection of record exists between default of the Regulatory Agreement and foreclosure on the property, other than their proximity in time.

C. Opportunity to Cure

Reilly assigned its rights to the Government once it had accelerated the note and been paid on its guaranty. Regatta Bay could have cured its default prior to foreclosure pursuant to the Multi-Family Mortgage Foreclosure Act. 12 U.S.C. §§ 3705-3709. Foreclosure may be cancelled if the debtor tenders "the entire amount of principal and interest which would be due if payments under the mortgage had not been accelerated," before the public auction is completed. 12 U.S.C. § 3709(a)(3). HUD offered to cancel the foreclosure provided the $3,062,808 were paid by December 3, 2001. HUD proceeded with foreclosure when plaintiff rejected this offer. HUD's notice of intent to foreclose dated May 22, 2001 asked plaintiff to show "reasons why foreclosure should not take place." Regatta Bay did not provide such reasons, but stated in a June 12, 2001 letter that:

> HUD should not foreclose on the subject property because of a number of miscommunications which have occurred in the instant case involving the inherently difficult task of communication and coordination of multiple offices located in San Francisco, Los Angeles, and Washington, D.C.

These were not sufficient legal reasons why HUD should not have proceeded with foreclosure; plaintiff did not dispute its financial default.

D. Declaratory Relief

Regatta seeks a declaratory judgment that the Government was incorrect in its finding that plaintiff was in default of the Regulatory Agreement. Compl. ¶¶ 54-58. Regatta Bay argues that "HUD's denial of Regatta's rights to insurance under the Regulatory Agreement and . . . HUD's pursuit of the wrongful declaration of default and foreclosure of the property constitutes a taking in violation of the Fifth Amendment of the United States Constitution." Compl. ¶ 65. Plaintiff's rights arose from its contracts with the Government; however, so only contractual remedies apply. Sunrise Village Mobile Home Park, L.C. v. United States, 42 Fed. Cl. 392, 404 (1988). Reilly Mortgage accelerated the loan and assigned it to HUD. HUD did not take plaintiff's property for public use, but to satisfy Regatta Bay's note and mortgage.

## CONCLUSION

The Government's foreclosure on the subject property was appropriate given the terms of

HUD's note and mortgage. Defendant's motion to dismiss counts 2, 3, 4, and 5 is GRANTED; its motion for summary judgment on all other counts is GRANTED. The Clerk of the Court will enter judgment for the Government and dismiss plaintiff's Complaint. No costs.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge